**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAJAT SHARMA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> RENT THE RUNWAY, INC., JENNIFER Y. HYMAN, SCARLETT O'SULLIVAN, TIM BIXBY, JENNIFER FLEISS, SCOTT FRIEND, MELANIE HARRIS, BETH KAPLAN, DAN NOVA, GWYNETH PALTROW, CARLEY RONEY, DAN ROSENSWEIG, MIKE ROTH, GOLDMAN SACHS & CO. LLC, MORGAN STANLEY & CO. LLC, BARCLAYS CAPITAL INC., CREDIT SUISSE SECURITIES (USA) LLC, PIPER SANDLER & CO., WELLS FARGO SECURITIES, LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., and TELSEY ADVISORY GROUP LLC, <br><br> Defendants. | Case No.: 1:22-cv-06935-MKB-VMS <br><br> Hon. Margo K. Brodie |

**MEMORANDUM OF LAW IN SUPPORT OF EMIL W. HEIKKILA'S**
**MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ................................................................................... 2

II.   PROCEDURAL HISTORY ................................................................................... 5

III.  ARGUMENT ......................................................................................................... 5

  A.   Appointing Movant as Lead Plaintiff Is Appropriate ....................................... 5

    1.  Movant Filed a Timely Motion. ................................................................... 6

    2.  Movant Has the Largest Financial Interest in the Relief Sought. ............... 7

    3.  Movant Satisfies the Relevant Requirements of Rule 23. ........................... 7

      a.   Movant's Claims Are Typical.......................................................... 8

      b.   Movant Is An Adequate Representative. ......................................... 9

  B.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ...................... 9

IV.   CONCLUSION .................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................................ 6, 7

*In re Cendant Corp.*,
  264 F.3d 201 (3d Cir. 2001)................................................................................................ 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
  269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................ 9

*In re Coinbase Global Securities Litigation,*
  No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ......................................... 10

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
  Case No. 2:20-cv-01958-GMN-EJY, 2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021).... 10

*Deinnocentis v. Dropbox, Inc.,*
  Case No. 19-cv-06348-BLF, 2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020).......... 10

*Ford v. VOXX Int'l Corp.,*
  No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015).............. 8

*In re Gentiva Sec. Litig.,*
  281 F.R.D. 108 (E.D.N.Y. 2012) ........................................................................................ 8

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008).................. 8

*Malriat v. Quantumscape Corp.*,
  Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO, 2021 U.S. Dist.
  LEXIS 76914 (N.D. Cal. April 20, 2021)............................................................................. 10

*Snyder v. Baozun Inc.,*
  Nos. 1:19-cv-11290 (ALC); 1:19-cv-11812 (ALC), 2020 U.S. Dist. LEXIS 163967
  (S.D.N.Y. Sept. 8, 2020)..................................................................................................... 11

*Sofran v. Labranche & Co.*,
  220 F.R.D. 398 (S.D.N.Y. 2004) ........................................................................................ 6

*Subramanian v. Watford, et. al.*,
  Civil Action No. 20-cv-02652-CMA-STV, 2021 U.S. Dist. LEXIS 81823 (D. Colo. April
  29, 2021) ............................................................................................................................ 10

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011).................. 8

*White Pine Invs. v. CVR Ref.,*
    Case No. 20 Civ. 2863 (AT), 2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) ............ 10

*White v. Nano-X Imaging LTD, et al.*,
    Nos. 20-CV-4355 (WFK)(MMH), 20-CV-4528 (RRM)(MMH), 2022 U.S. Dist. LEXIS
    143105 (E.D.N.Y. Aug. 10, 2022).................................................................................. 10

**Statutes**

15 U.S.C. § 77z-1.............................................................................................................. *passim*

**Rules**

FED. R. CIV. P. 23 ......................................................................................................... 1, 6, 7, 8

Emil W. Heikkila ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 27 of the Securities Act of 1933 ("Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all persons or entities who purchased Rent the Runway, Inc. ("RTR" or the "Company") Class A common stock in or traceable to the Company's October 2021 initial public offering (the "IPO"), concerning claims under Sections 11 and 15 of the Securities Act, 15 U.S.C. §§77k and 77o, against Defendants RTR, Jennifer Y. Hyman ("Hyman"), Scarlett O'Sullivan ("O'Sullivan"), Tim Bixby ("Bixby"), Jennifer Fleiss ("Fleiss"), Scott Friend ("Friend"), Melanie Harris ("Harris"), Beth Kaplan ("Kaplan"), Dan Nova ("Nova"), Gwyneth Paltrow ("Paltrow"), Carley Roney ("Roney"), Dan Rosensweig ("Rosensweig"), Mike Roth ("Roth"), Goldman Sachs & Co. LLC ("Goldman Sachs"), Morgan Stanley & Co. LLC ("Morgan Stanley"), Barclays Capital Inc. ("Barclays"), Credit Suisse Securities (USA) LLC ("Credit Suisse"), Piper Sandler & Co. ("Piper Sandler"), Wells Fargo Securities, LLC ("Wells Fargo"), JMP Securities LLC ("JMP"), KeyBanc Capital Markets Inc. ("KeyBanc"), and Telsey Advisory Group LLC ("Telsey"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged

in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

RTR is an e-commerce platform that allows users to rent, subscribe, or buy designer apparel and accessories. ¶ 20. The Company offers high-end apparel such as evening wear and accessories, as well as more causal and mixed-use items such as ready-to-wear, workwear, denim, maternity, outerwear, blouses, knitwear, loungewear, jewelry, handbags, activewear, ski wear, home goods, and kidswear. *Id.* RTR sources its products from over 750 luxury brand partners. *Id.*

In the months leading up to the IPO, RTR claimed that it was experiencing a business resurgence as concerns about the COVID-19 pandemic lessened, lockdown orders ceased, and its customers engaged in more social outings. ¶ 23. For example, the Company stated that it had grown to 111,732 active subscribers as of September 30, 2021, representing 104% growth since the beginning of fiscal year 2021. *Id.* Similarly, the Registration Statement stated that during RTR's second quarter of 2021 (the quarter immediately prior to the IPO) quarterly revenues had grown to $46.7 million, representing 62% growth year-over-year. *Id.*

On October 4, 2021, the Company filed with the SEC a registration statement on Form S-

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Sharma* Complaint") filed in the action styled *Sharma v. Rent the Runway, Inc., et. al.,* Case No. 1:22-cv-06935-MKB-VMS (the "*Sharma* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Sharma* Complaint. The facts set forth in the *Sharma* Complaint are incorporated herein by reference.

1 for the IPO, which, after several amendments, was declared effective on October 26, 2021 (the "Registration Statement"). ¶ 24. On October 27, 2021, the Company filed with the SEC a prospectus for the IPO on Form 424B4, which incorporated and formed part of the Registration Statement (the "Prospectus"). *Id.* The Registration Statement and Prospectus were used to sell to the investing public 17 million shares of RTR Class A common stock at $21 per share for $357 million in gross offering proceeds, which was used in substantial part to pay back debt from certain of the Company's private equity backers. *Id.*

The statements in ¶¶26-29 of the *Sharma* Complaint, above, were materially false and misleading when made because they failed to disclose the following adverse facts that existed at the time of the IPO: (a) that RTR was continuing to face extraordinary business headwinds, such as transportation headwinds and labor wage rate increases, from the COVID-19 pandemic; (b) that RTR's active subscriber enrollments had sharply decelerated from the growth trajectory represented in the Registration Statement and, as a result, the Company was several months away from approaching its pre-pandemic levels of active subscriptions; (c) that RTR needed to substantially increase marketing and advertising costs from historical figures in order to attempt to grow its active subscriber network; (d) that RTR was suffering from ballooning fulfillment and transportation costs; and (e) that, as a result of (a)-(d) above, RTR was suffering accelerating operational losses at the time of the IPO and was far less likely to achieve profitability in the near term, if ever, than represented. ¶ 30.

On December 8, 2021, RTR issued a press release announcing the Company's financial results for its third fiscal quarter ended October 31, 2021 – i.e., the quarter during which the IPO was conducted. ¶ 34. The release stated that RTR had suffered a quarterly net loss of $87.8 million, nearly double its loss of $44.3 million the prior year quarter. *Id.* The release also stated that RTR's

3

fulfillment expenses rose significantly to $19.2 million from $11 million the prior year quarter, a 75% increase, and that its marketing expenses increased more than tenfold from $1.4 million in the prior year quarter to $10.8 million. *Id.* Additionally, the Company reported only 116,833 active subscribers at quarter's end and that it expected just 121,000 to 122,000 active subscribers for the following quarter, representing a sharp deceleration in active subscriber growth and indicating that the Company was several months away from achieving pre-pandemic active subscribers. *Id.*

RTR issued a press release on April 13, 2022 for its fourth fiscal quarter and year ended January 31, 2022. ¶ 36. The release stated that the Company's active subscribers had actually declined sequentially during the quarter to just 115,240 active subscribers at quarter's end. *Id.* The release also stated that RTR's fulfillment and marketing expenses remained elevated compared to historical trends at 32% and 13% of quarterly revenue, respectively. *Id.*

On June 9, 2022, RTR issued a press release for its fiscal quarter ended April 30, 2022. ¶ 37. The release again stated that the Company's fulfillment and marketing expenses remained elevated compared to historical trends at 34% and 13% of quarterly revenue, respectively. *Id.*

RTR issued a press release on September 12, 2022 for its fiscal quarter ended July 31, 2022. ¶ 38. The release stated that the Company had achieved only 124,131 active subscribers at quarter end. *Id.* The release further stated that RTR had launched a restructuring plan to reduce costs that included a 24% workforce reduction – a remarkable development coming less than one year after the Company had raised $357 million from investors in the IPO. *Id.*

By October 2022, the price of RTR Class A common stock had fallen below $2 per share, 90% below the price at which RTR common stock had been sold to the investing public less than one year prior. ¶ 39.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Sharma* Action against the Defendants. Plaintiff Rajat Sharma ("Sharma") commenced the first-filed action on November 14, 2022. On that same day, counsel acting on Sharma's behalf published a notice on *PRNewswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

## III.    ARGUMENT

### A.    Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $20,422.72 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movant Filed a Timely Motion.

On November 14, 2022, pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), counsel for Sharma published the Press Release on *PRNewswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of RTR Class A common stock that they had 60 days from the publication of the November 14, 2022 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004) (finding that a notice published on *PRNewswire* satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the November 14, 2022 Press Release and submitted herewith a sworn certification attaching his transactions in RTR Class A common stock and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely

motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired RTR Class A common stock at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $20,422.72. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,

and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at \*6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at \*6.

### a.    Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at \*11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning RTR's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired RTR Class A common stock in or traceable to the IPO. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at \*12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

**b.      Movant Is An Adequate Representative.**

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for over 30 years. He resides in Morganton, Georgia, and possesses a master's degree from Clemson University in software engineering. Movant is currently retired, but prior to that, he was employed in Defense and Aerospace Sales for Synopsys Corp. Further, Movant has experience overseeing attorneys, as he has hired attorneys for real estate related matters. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, Movant meets the adequacy requirement of Rule 23.

**B.      Approving Lead Plaintiff's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

9

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., White v. Nano-X Imaging LTD, et al.*, Nos. 20-CV-4355 (WFK)(MMH), 20-CV-4528 (RRM)(MMH), 2022 U.S. Dist. LEXIS 143105, at \*15 (E.D.N.Y. Aug. 10, 2022) (appointing Levi & Korsinsky noting the firm "has demonstrated that it is qualified and has substantial experience litigating securities fraud cases and serving as lead counsel); *In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, Civil Action No. 20-cv-02652-CMA-STV, 2021 U.S. Dist. LEXIS 81823, at \*10-11 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO, 2021 U.S. Dist. LEXIS 76914, at \*21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* Case No. 2:20-cv-01958-GMN-EJY, 2021 U.S. Dist. LEXIS 974, at \*7 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* Case No. 20 Civ. 2863 (AT), 2021 U.S. Dist. LEXIS 1199, at \*9 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* Case No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at \*13 (N.D. Cal. Jan. 16, 2020); *Snyder*

10

*v. Baozun Inc.,* Nos. 1:19-cv-11290 (ALC); 1:19-cv-11812 (ALC), 2020 U.S. Dist. LEXIS 163967, at *10-11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations". Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.


Dated: January 13, 2023                                      Respectfully Submitted,


                                                             **LEVI & KORSINSKY, LLP**

                                                             By: */s/ Adam M. Apton*
                                                             Adam M. Apton
                                                             55 Broadway, 10th Floor
                                                             New York, NY 10006
                                                             Tel: (212) 363-7500
                                                             Fax: (212) 363-7171
                                                             Email: aapton@zlk.com

                                                             *Lead Counsel for Emil W. Heikkila and*
                                                             *[Proposed] Lead Counsel for the Class*


11