UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

RAJAT SHARMA, Individually and on Behalf : Civil Action No. 1:22-cv-06935-MKB-VMS
of All Others Similarly Situated,            :
                                             :    CLASS ACTION
                                 Plaintiff,  :
                                             :    MEMORANDUM OF LAW IN SUPPORT
                                             :    OF MOTION FOR APPOINTMENT AS
            vs.                              :    LEAD PLAINTIFF AND APPROVAL OF
                                             :    LEAD PLAINTIFF'S SELECTION OF
RENT THE RUNWAY, INC., JENNIFER Y.           :    LEAD COUNSEL
HYMAN, SCARLETT O'SULLIVAN, TIM              :
BIXBY, JENNIFER FLEISS, SCOTT                :
FRIEND, MELANIE HARRIS, BETH                 :
KAPLAN, DAN NOVA, GWYNETH                    :
PALTROW, CARLEY RONEY, DAN                   :
ROSENSWEIG, MIKE ROTH, GOLDMAN               :
SACHS & CO. LLC, MORGAN STANLEY &            :
CO. LLC, BARCLAYS CAPITAL INC.,              :
CREDIT SUISSE SECURITIES (USA) LLC,          :
PIPER SANDLER & CO., WELLS FARGO             :
SECURITIES, LLC, JMP SECURITIES LLC,         :
KEYBANC CAPITAL MARKETS INC., and            :
TELSEY ADVISORY GROUP LLC,                   :
                                             :
                                 Defendants. :
                                             :
---------------------------------------------------------------- x

4857-7437-2169

## I.    INTRODUCTION

The above-captioned action asserts claims pursuant to the Securities Act of 1933 ("1933 Act") on behalf of all persons or entities who purchased Rent the Runway, Inc. Class A common stock in or traceable to the Company's October 2021 initial public offering (the "IPO").  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must "appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §77z-1(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §77z-1(a)(3)(B)(i).

Edward P. Price respectfully submits that he is the presumptively most adequate plaintiff in this case because he has filed a timely motion in response to a notice, has the largest financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §77z-1(a)(3)(B)(iii).  In addition, Mr. Price's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §77z-1(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Rent the Runway is an e-commerce platform that allows users to rent, subscribe, or buy designer apparel and accessories.  In the months leading up to the IPO, Rent the Runway claimed that it was experiencing a business resurgence as concerns about the COVID-19 pandemic lessened, lockdown orders ceased, and its customers engaged in more social outings.  However, as the Complaint alleges, the IPO's offering documents failed to disclose the following material facts: (i) Rent the Runway was continuing to face extraordinary business headwinds, such as transportation headwinds and labor wage rate increases, from the COVID-19 pandemic; (ii) Rent the Runway's active subscriber enrollments had sharply decelerated from the growth trajectory represented in the

- 1 -

offering documents and, as a result, Rent the Runway was several months away from approaching its pre-pandemic levels of active subscriptions; (iii) Rent the Runway needed to substantially increase marketing and advertising costs from historical figures in order to attempt to grow its active subscriber network; (iv) Rent the Runway was suffering from ballooning fulfillment and transportation costs; and (v) as a result, Rent the Runway was suffering accelerating operational losses at the time of the IPO and was far less likely to achieve profitability in the near term, if ever. By October 2022, the price of Rent the Runway Class A common stock had fallen below $2 per share, 90% below the price at which Rent the Runway common stock had been sold to the investing public less than one year prior.

## III.   ARGUMENT

### A.   Mr. Price Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §77z-1(a)(1); *see also* 15 U.S.C. §77z-1(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  *See* 15 U.S.C. §77z-1(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii).  Mr. Price meets each of these requirements and should therefore be appointed Lead Plaintiff.

- 2 -

4857-7437-2169

### 1.    Mr. Price's Motion Is Timely

On November 14, 2022, the statutory notice was published on *PR Newswire*, a widely circulated national business-oriented wire service, advising putative class members of the pendency of the action, the alleged claims, the proposed class definition, and the option of moving the Court to be appointed as lead plaintiff no later than January 13, 2023.  *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.  Because Mr. Price's motion is being filed on the statutory deadline, he is eligible for appointment as lead plaintiff.

### 2.    Mr. Price Possesses a Significant Financial Interest

As indicated in his Certification and loss chart, Mr. Price purchased 74,386 shares of Rent the Runway stock and suffered over $1.2 million in losses as a result of defendants' alleged wrongdoing.  *See* Rosenfeld Decl., Exs. B, C.  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3.    Mr. Price Otherwise Satisfies Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc).  Typicality and adequacy of representation are the only provisions of Rule 23 relevant to the determination of lead plaintiff under the PSLRA.  *See, e.g.*, *Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc.*, 2019 WL 7287202, at *4 (E.D.N.Y. May 24, 2019).  "The typicality requirement is satisfied 'where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability.'"  *Id.* (citation omitted).  "The adequacy requirement is satisfied where 'class counsel is qualified, experienced, and generally able to conduct the litigation; . . . the proposed lead plaintiff has interests that are not antagonistic to other class

- 3 -

members; and . . . the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims.'" *Id*. (citation omitted).

Here, as Mr. Price's Certification and loss chart evidence, Mr. Price purchased Rent the Runway stock and suffered harm when defendants' alleged misconduct was revealed. *See* Rosenfeld Decl., Exs. B, C. In addition, Mr. Price's interests are aligned with the interests of the putative class and there is no evidence of any antagonism between Mr. Price's interests and the class's interests. Further, Mr. Price's sizable loss provides the requisite interest to ensure vigorous advocacy. Finally, Mr. Price has submitted a declaration confirming his willingness and ability to serve as lead plaintiff. *See* Rosenfeld Decl., Ex. D. Mr. Price is a South Carolina-based former business owner with over 40 years of investing experience. *See id.* at ¶1. And, as further detailed below and in his Declaration, Mr. Price retained qualified and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class. *See id.* at ¶6.

Because Mr. Price filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

### B.      Mr. Price's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). Mr. Price has selected Robbins Geller to serve as lead counsel in this case.[1]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial

---

[1]      For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

4857-7437-2169

attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Peralta v. Graña y Montero S.A.A.*, No. 2:17-cv-01105-JMA-ARL, ECF 16 (E.D.N.Y. Mar. 5, 2018) (appointing Robbins Geller as co-lead counsel in securities case); *Vanda*, 2019 WL 7287202, at \*4 (appointing Robbins Geller as lead counsel in securities case); *see also In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."). Notably, in the last three years alone, Robbins Geller recovered more than $4 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty Cap. Props.*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $809.5 million in *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as an in-District 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

---

[2]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest

- 5 -

4857-7437-2169

Based upon his counsel's extensive experience and track record in securities class actions,

Mr. Price's selection of counsel is reasonable and should be approved.

## IV.    CONCLUSION

Mr. Price has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.

As such, Mr. Price respectfully requests that the Court grant his motion.

DATED:  January 13, 2023                    Respectfully submitted,

                                             ROBBINS GELLER RUDMAN
                                               & DOWD LLP
                                             SAMUEL H. RUDMAN
                                             DAVID A. ROSENFELD


                                                  s/ David A. Rosenfeld
                                             DAVID A. ROSENFELD

                                             58 South Service Road, Suite 200
                                             Melville, NY  11747
                                             Telephone:  631/367-7100
                                             631/367-1173 (fax)
                                             srudman@rgrdlaw.com
                                             drosenfeld@rgrdlaw.com

---

securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4857-7437-2169

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

4857-7437-2169

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 13, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  drosenfeld@rgrdlaw.com

4857-7437-2169

# Mailing Information for a Case 1:22-cv-06935-MKB-VMS Sharma v. Rent the Runway, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Apton**
  aapton@zlk.com

- **Mary Jane Eaton**
  mary.eaton@freshfields.com,richard.rodriguez@freshfields.com,suzanne.alenick@freshfields.com,6188914420@filings.docketbird.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Meredith Eve Kotler**
  meredith.kotler@freshfields.com,richard.rodriguez@freshfields.com,suzanne.alenick@freshfields.com

- **Francis P. McConville**
  fmcconville@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)