**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAJAT SHARMA, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>RENT THE RUNWAY, INC., JENNIFER Y. HYMAN, SCARLETT O'SULLIVAN, TIM BIXBY, JENNIFER FLEISS, SCOTT FRIEND, MELANIE HARRIS, BETH KAPLAN, DAN NOVA, GWYNETH PALTROW, CARLEY RONEY, DAN ROSENSWEIG, MIKE ROTH, GOLDMAN SACHS & CO. LLC, MORGAN STANLEY & CO. LLC, BARCLAYS CAPITAL INC., CREDIT SUISSE SECURITIES (USA) LLC, PIPER SANDLER & CO., WELLS FARGO SECURITIES, LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., and TELSEY ADVISORY GROUP LLC,<br><br>  Defendants. | No. 22-cv-06935-MKB-VMS<br><br>Judge Margo K. Brodie<br><br><u>CLASS ACTION</u><br><br><br><u>ORAL ARGUMENT REQUESTED</u> |

**DELAWARE PUBLIC EMPLOYEES' RETIREMENT SYSTEM AND DENVER EMPLOYEES RETIREMENT PLAN'S MEMORANDUM OF LAW IN OPPOSITION <u>TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF</u>**

**PRELIMINARY STATEMENT**

Congress enacted the PSLRA to vest control of securities class actions with sophisticated institutional investors. To that end, Congress directed courts to appoint as Lead Plaintiff the movant with the largest financial interest in the litigation, with the expectation that investor would be a sophisticated institutional investor with the financial incentive and resources to maximize the recovery for the class. The appointment of DPERS and DERP, the presumptive Lead Plaintiff, will fulfill Congress' goal of encouraging sophisticated institutions to serve as Lead Plaintiff.[1] Indeed, DPERS and DERP are the paradigmatic Lead Plaintiff envisioned by Congress: experienced institutions with dedicated staffs, competent and qualified to select and supervise Lead Counsel, control the litigation, and reduce agency costs. *See* H.R. Conf. Rep. No. 104-369, at 34, (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that increasing the role of institutional investors in securities class actions will benefit shareholders and assist courts by improving the quality of representation). In this case, DPERS and DERP incurred ***$1,789,231.15*** in losses on their investments in RTR common stock, a loss that is more than ***$530,000*** larger than the loss of the next largest competing movant. DPERS individually has a loss larger than any of the other movants. Further, in recognition that DPERS and DERP have the largest financial interest of any movant and are otherwise adequate to represent the Class, all competing movants filed notices of non-opposition and/or withdrew their Lead Plaintiff motion. *See* ECF Nos. 33, 34, and 35.

---

[1] All definitions and abbreviations used herein remain unchanged from DPERS and DERP's initial moving brief, unless otherwise indicated. *See* ECF No. 29. All citations and internal quotations are omitted, and all emphasis is added, unless noted.

1

DPERS and DERP also satisfy the typicality and adequacy requirements of Rule 23. DPERS and DERP are typical of the Class because they transacted in RTR common stock and were harmed thereby once the artificial inflation was removed from the price of the securities. DPERS and DERP are likewise adequate as they lack any antagonism towards absent Class members, and have selected Labaton Sucharow, a nationally recognized securities class action firm, as proposed Lead Counsel for the Class.  *Moshell v. Sasol Limited*, No. 20-cv-1008 (JSR), 2020 WL 2115410, at *2 (S.D.N.Y. May 4, 2020) (finding adequacy requirement satisfied where movant selected "firm experienced in securities class action litigation").  In addition, DPERS and DERP submitted sworn Certifications affirming their willingness to be Lead Plaintiff and their desire and commitment to oversee the prosecution and zealously represent the interests of the Class.  *See* ECF No. 29-3.

Therefore, in accordance with the PSLRA, DPERS and DERP are entitled to a strong presumption that they are the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Further, no movant has, or will be able to, submit the requisite "proof" to rebut this presumption.  *Id.* § 78u-4(a)(3)(B)(iii)(II); *see also Cohen v. Luckin Coffee Inc.*, No. 1:20-cv-01293-LJL, 2020 WL 3127808, at *7 (S.D.N.Y. June 12, 2020) (requiring "proof that the presumptive lead plaintiff is subject to unique defenses"); *In re Cavanaugh*, 306 F.3d 726, 729 n.2 (9th Cir. 2002) (noting that the fact that the presumption is "rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient.  Rather, the statute provides that the presumption may be rebutted only upon proof.").  As a result, the PSLRA's "sequential" review process dictates that the Court's inquiry begins and ends with DPERS and DERP.  *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("Once . . . the court identifies the plaintiff with the

largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.").

## ARGUMENT

**I.     DPERS AND DERP SHOULD BE APPOINTED AS LEAD PLAINTIFF**

DPERS and DERP respectfully submit that they are the presumptively "most adequate plaintiff" because they have complied with the PSLRA procedural requirements, hold the largest financial interest of any qualified movant, and otherwise satisfies Rule 23's typicality and adequacy requirements. *See Rosi v. Alcaris Therapeutics, Inc.*, No. 19-CV-7118 (LTS)(JLC), 2019 WL 5778445, at *2-4 (S.D.N.Y. Nov. 6, 2019) (appointing movant with largest financial interest who also made *prima facie* showing of typicality and adequacy).

**A.     DPERS and DERP Have the Largest Financial Interest in the Relief Sought by the Class**

DPERS and DERP have, without a doubt, the largest financial interest in the relief sought by the Class. Courts in this Circuit have held that a movant's loss is the most important factor in determining whether the movant has the largest financial interest in the litigation. *See Woburn Ret. Sys. v. Salix Pharms. Ltd.*, No. 14-CV-8925 (KMW), 2015 WL 1311073, at *4 (S.D.N.Y. Mar. 23, 2015) ("The most important factor is financial loss."). As demonstrated by the following chart, none of the other movants incurred a loss as significant as that of DPERS and DERP:

3

| MOVANT | LOSS[2] |
|---|---|
| Delaware Public Employees' Retirement System | ($1,463,978.51) |
| Denver Employees Retirement Plan | ($325,252.64) |
| Combined loss | ($1,789,231.15) |
| Emil W. Heikkila | ($20,422.72) |
| Sanu Babu | ($52,985.43) |
| Edward P. Price | ($1,253,402.93) |

As such, there can be no credible dispute that DPERS and DERP have "the largest financial interest in the relief sought by the class" and are entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### B.   DPERS and DERP Satisfy the Requirements of Rule 23

In addition to suffering the largest loss, DPERS and DERP also satisfy the PSLRA's preliminary showing of typicality and adequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, No. 18-CV-3608 (VSB), 2019 WL 364570, at *4 (S.D.N.Y. Jan. 30, 2019) ("A potential lead plaintiff must also make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23."). Indeed, a wide-ranging analysis under Rule 23 is not appropriate at this initial stage of litigation. *See Jolly Roger Offshore Fund LTD v. BKF Cap. Grp., Inc.*, No. 07 Civ. 3923 (RWS), 2007 WL 2363610, at *4 (S.D.N.Y. Aug. 16, 2007). Here, DPERS and DERP unquestionably satisfy both requirements.

---

[2]   Loss figures taken from each respective movant's initial motion.

4

### 1. DPERS and DERP Are Typical

DPERS and DERP are typical to the Class as a whole and not subject to any potentially disqualifying unique defenses. *See* ECF No. 29, at 5-6. "With respect to typicality, courts consider whether the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Plaut* v. *The Goldman Sachs Grp., Inc.*, No. 18-CV-12084 (VSB), 2019 WL 4512774, at *3 (S.D.N.Y. Sept. 19, 2019) (quoting *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002)); *see also In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). Additionally, Rule 23 does not require the lead plaintiff to be identically situated with all class members to satisfy the typicality requirement. *See The Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *3 (noting that "claims need not be identical").

As applied, DPERS and DERP's claims are typical to the Class as a whole. DPERS and DERP: (i) suffered losses on their investments in RTR common stock; (ii) as a result of their reliance on Defendants' alleged misstatements and/or omissions; (iii) therefore, the claims of DPERS and DERP are based on the same course of events as the claims of the Class; and (iv) as a result thereof, DPERS and DERP's claims will rely upon the same legal theories as the Class as a whole. Therefore, DPERS and DERP satisfy the typicality requirement. *The Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *5.

### 2. DPERS and DERP Are Adequate

DPERS and DERP also satisfy Rule 23's adequacy requirement. *See* ECF No. 29, at 6–7. In analyzing a movant's adequacy, "a court must consider whether the proposed lead plaintiff: (1) maintains claims that conflict with those of the class; (2) has sufficient interest in the outcome of the case; and (3) has selected counsel that is qualified, experienced, and generally able to conduct

5

the litigation in question." *Salinger v. Sarepta Therapeutics, Inc.*, No. 19-CV-8122 (VSB), 2019 WL 6873807, at *3 (S.D.N.Y. Dec. 17, 2019).

      Here, given their significant losses, DPERS and DERP are strongly motivated to vigorously act as an advocate and fiduciary on behalf of the Class and are well equipped to oversee counsel in this regard. *Shapiro v. TG Therapeutics, Inc.*, No. 22-cv-6106 (JSR), 2022 WL 16555585, at *4 (S.D.N.Y. Oct. 31, 2022) (finding that losses of over a million dollars ensured movants' "interest in the outcome of the case and the vigor of their advocacy."). Indeed, DPERS and DERP have entered into competitive retainer agreements with their choice of counsel in order to best protect the interests of the Class. *See In re Cendant*, 264 F.3d 201, 265 (3d Cir. 2001) ("one of the best ways for a court to ensure that [the proposed lead plaintiff] will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to . . . negotiate a reasonable retainer agreement with . . . counsel"); *see also City of Warren Police & Fire Ret. Sys. v. World Wrestling Entm't Inc.*, No. 20-cv-2031 (JSR), 2020 WL 2614703, at *3 (S.D.N.Y. May 22, 2020) (rejecting lead plaintiff applicant upon evidence he failed to negotiate a retainer agreement). Finally, DPERS and DERP have further demonstrated their adequacy through the selection of Labaton Sucharow, a firm with decades of experience successfully litigating securities class actions, as their proposed Lead Counsel for the Class. *See* ECF No. 29-7; *see also Sasol Limited*, 2020 WL 2115410, at *2 (finding adequacy requirement satisfied where movant selected "firm experienced in securities class action litigation").

      Further, DPERS and DERP are sophisticated institutional investors committed to achieving the best possible result for the Class and possesses the experience, resources, and capability necessary to oversee this complex litigation and their counsel. *See* ECF No. 29, at 9-10. DPERS

6

and DERP, which oversee more than $14 billion in assets, are the paradigmatic Lead Plaintiff envisioned by Congress. *See* H.R. Conf. Rep. No. 103-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. at 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving quality of representation in securities class actions"); *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs").

Based on the foregoing, DPERS and DERP, as the movant with the largest financial interest who also satisfy the typicality and adequacy requirements of Rule 23, are entitled to appointment as Lead Plaintiff.

### C. The Presumption That DPERS and DERP Should Be Appointed Lead Plaintiff Cannot Be Rebutted

To overcome the presumption entitling DPERS and DERP to appointment as Lead Plaintiff, the PSLRA requires the remaining Lead Plaintiff movants to present "proof" that they are inadequate to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 39-40 (S.D.N.Y. 2012) (requiring "exacting proof . . . to rebut the PSLRA's presumption"). As no other movant has, or will be able to, submit the required "proof" that DPERS and DERP fail on typicality or adequacy grounds, DPERS and DERP are entitled to appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (evidentiary burden required to rebut presumption of most adequate plaintiff is "proof"); *see also Macquarie Infrastructure Corp.*, 2019 WL 364570, at *7 (rejecting speculative arguments against presumptive lead plaintiff).

7

## II.     ALL COMPETING MOTIONS SHOULD BE DENIED

As the unrebutted presumptive PSLRA Lead Plaintiff in this case, the plain language of the statute mandates DPERS and DERP's appointment and the denial of all competing motions. *See* 15 U.S.C. § 78u-4(a)(3)(B); *see also In re Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status."). For this reason alone, all competing Lead Plaintiff motions should be denied.

## CONCLUSION

For the foregoing reasons, DPERS and DERP respectfully request the Court grant their motion and enter an Order: (1) appointing DPERS and DERP as Lead Plaintiff; (2) approving DPERS and DERP's selection of Labaton Sucharow as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

DATED:  January 27, 2023

Respectfully submitted,

*/s/ Francis P. McConville*
**LABATON SUCHAROW LLP**
Eric J. Belfi
Francis P. McConville
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com
ebelfi@labaton.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

8