**FRESHFIELDS**

**New York**

3 World Trade Center
175 Greenwich Street
New York, NY  10007

**Mary Eaton**
**T**  +1 (212) 277-4007
**E**  mary.eaton@freshfields.com

**freshfields.us**

**VIA ECF**

The Honorable Taryn A. Merkl
U.S. Magistrate Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Courtroom 13D South
Brooklyn, New York 11201

November 19, 2024

> **Re:**   ***Sharma v. Rent the Runway, Inc. et al.*, 1:22-cv-06935-OEM-VMS**

Dear Judge Merkl:

On behalf of all Defendants, we write to respectfully request that the Court (i) vacate Magistrate Judge Scanlon's October 9, 2024 Order requiring Defendants to answer the Corrected Amended Class Action Complaint ("CAC") by November 25, 2024 (ECF 79), and (ii) issue an order staying all discovery and other proceedings in this action until resolution of Defendants' pending Motion for Reconsideration of Judge Merchant's Order Denying in Part Defendants' Motion to Dismiss or, Alternatively, Certification Under 28 U.S.C. § 1292(b) (ECF 83).  As shown below, the requested relief is proper under the mandatory stay provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §§ 77z-1(b)(1), and/or pursuant to the Court's discretionary authority.

***Background***

By way of background, Defendants moved to dismiss the CAC on October 20, 2023 (the "MTD"), which motion was fully briefed by February 23, 2024 (ECF 69-74).  On September 25, 2024, Judge Merchant issued an opinion and order (the "Opinion), granting the MTD in part and denying it in part (ECF 77).  Shortly after the Opinion was issued, on October 1, 2024, the parties stipulated to extend the deadline for Defendants to respond to the CAC until November 25, 2024, which Judge Scanlon so ordered on October 9, 2024 (ECF 79).  After analyzing the Opinion, Defendants concluded that reconsideration and/or certification for interlocutory appeal was proper since the Opinion neglected to rule on the dispositive issue of negative causation, overlooked certain allegations of the CAC which, if credited, would have commanded a different result, and otherwise erred as a matter of law, and filed the Reconsideration Motion.[1]  Shortly after filing, Defendants sought Plaintiffs' agreement to continue the stay since the legal sufficiency of the CAC

---

[1] Should they be required to answer the CAC, Defendants currently intend to file a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).

**FRESHFIELDS**

has yet to be authoritatively sustained.  Plaintiffs, however, declined to agree, citing only the elapse of time since the action was filed and between the date the MTD was fully briefed and the date the Court ruled on that motion.[2]

### *The Mandatory Stay under the PSLRA Remains in Effect*

The PSLRA mandates that "all discovery and other proceedings *shall be stayed* during the pendency of *any* motion to dismiss." 15 U.S.C. §§ 77z-1(b)(1) (emphasis added); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 81 (2006) (stay applies "pending resolution of any motion to dismiss").  Congress imposed the automatic stay to "restrict abuses in securities class action litigation," including the filing of lawsuits in response to significant stock price changes "regardless of defendants' culpability" and "the abuse of the discovery process to coerce settlement."  *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 165 (S.D.N.Y. 2001) (citing *inter alia*, H.R. Conf. Rep. No. 104–369, 104th Cong. 1st Sess. at 31 (1995)).  The PSLRA's mandatory stay provision thus is designed to "prevent the unnecessary imposition of discovery costs on defendants."  *Id.*; *Gardner v. Major Auto. Companies*, 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012) ("[T]he entire purpose of the stay provision is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad civil discovery proceedings will produce facts that could be used to state a valid claim.") (quoting *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004)).

The stay is mandatory and automatic and applies even before a motion to dismiss has been filed.  *See, e.g.*, *Sedona Corp. v. Ladenburg Thalmann*, 2005 WL 2647945, at *4 & n.2 (S.D.N.Y. Oct. 14, 2005) (staying action in anticipation of motions to dismiss); *In re Trump Hotel S'holder Derivative Litig.*, 1997 WL 442135, at *1 (S.D.N.Y. Aug. 5, 1997) (same).  It also applies to all claims in the action even where dismissal of only some claims is sought, *see, e.g.*, *In re Lantronix, Inc. Sec. Litig.*, 2003 WL 22462393, at *2 (C.D. Cal. Sept. 26, 2003) (stay applied even though defendant did not move to dismiss all claims), or where only some defendants seek dismissal while others do not, *see, e.g., Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 2022 WL 1663560, at *2 (S.D.N.Y. May 25, 2022) (staying entire case even as to non-moving defendants).

In keeping with its broad sweep, multiple courts have held that the PSLRA stay continues to apply while a motion for reconsideration is pending, *see, e.g.*, *Moshell v. Sasol Ltd., et al.*, 1:20-cv-01008-JPC, ECF 109 at 28:16-25 (S.D.N.Y. Nov. 16, 2020) (stay of discovery and other deadlines pending resolution of motion for reconsideration "appropriate under the PSLRA"); *In re Deutsche Bank AG Sec. Litig.*, 09-cv-1714-DAB, ECF 69 (S.D.N.Y. Nov. 30, 2011) (endorsing letter request to enforce PSLRA mandatory stay pending resolution of motion for reconsideration);

---

[2] On November 1, 2024, counsel for Rent the Runway, Inc. and the Individual Defendants (together, the "RTR Defendants"), Meredith Kotler, called counsel for Plaintiffs, Alfred L. Fatale III, seeking Plaintiffs' agreement that the case be stayed pending resolution of the Reconsideration Motion, and offering that the case be stayed for three months as a compromise.  On November 5, Mr. Fatale followed up via e-mail stating that Plaintiffs would not agree to a stay, given the time elapsed.  On November 11, counsel for RTR Defendants, Mary Eaton, responded to Mr. Fatale requesting that Plaintiffs reconsider, noting that several courts have recognized that the PSLRA's automatic stay applies to reconsideration motions and motions on the pleadings alike and that it would be in the shareholders' best interests for discovery to await a ruling.  Ms. Eaton noted that Defendants would seek relief from the Court if the parties were unable to reach a resolution.  On November 13, Mr. Fatale requested that Defendants share case law supporting their position.  On November 15, Ms. Eaton shared such case law and asked that Mr. Fatale provide authorities supporting Plaintiffs' position.  Mr. Fatale did not respond.

**FRESHFIELDS**

*In re Intuitive Surgical Sec. Litig.*, 5:13-cv-01920-EJD, ECF 95 (N.D. Cal. Nov. 17, 2014) ("[T]he pending Motion for Reconsideration is akin to a Motion to Dismiss that warrants a stay on discovery per the [PSLRA]."); *Powers v. Eichen*, 961 F. Supp. 233, 236 (S.D. Cal. 1997) (PSLRA stay applied "until a formal ruling is issued on defendants' Motion for Reconsideration"), or where a motion on the pleadings under Rule 12(c) has been filed, *see, e.g.*, *Baum v. Harman Int'l Indus., Inc.*, 575 F. Supp. 3d 289, 292 (D. Conn. 2021) (Rule 12(c) motion "served to extend the stay"), because both comprise a "motion to dismiss" within the meaning of the statute, *Gardner*, 2012 WL 1230135, at *3-4 (staying case while Rule 12(c) motion was pending because any motion asking the court "to determine the facial sufficiency of the pleadings" was a "motion to dismiss" for purposes of the PSLRA's mandatory stay). As courts have recognized, a stay under such circumstances furthers Congressional policy to deny discovery-related activity until a complaint has been "authoritatively sustained" by the court. *Id.* at 3; *see also Tex. Pac. Land Tr. v. Oliver*, 3:19-cv-01224-B, ECF 42, at *2 (N.D. Tex. June 25, 2019) (PSLRA stay appropriate until "a court can determine whether a filed suit has merit").[3]

The automatic stay under the PSLRA therefore applies while the Reconsideration Motion is pending unless Plaintiffs show that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." S. Rep. No. 104-98, at 14 (1995); 15 U.S.C. §§ 77z-1(b)(1). No such "exceptional circumstances" have been shown here. *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (denying motion to lift PSLRA stay). Plaintiffs merely claim that the case has been pending for some time but that reason alone is not sufficient. *Mori v. Saito*, 802 F. Supp. 2d 520, 524 (S.D.N.Y. 2011) ("Undue prejudice does not arise, however, from a delay in the gathering of evidence because this delay is an inherent part of every stay of discovery required by the PSLRA.") (internal quotation marks and citations omitted); *In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, at *2 (S.D.N.Y. June 26, 2006) ("Undue prejudice does not arise from a delay in the gathering of evidence…").

### Alternatively, the Court should Grant a Discretionary Stay

Should the Court disagree that the PSLRA's mandatory stay applies until the Reconsideration Motion is resolved, Defendants respectfully request that the Court stay this action as a matter of discretion.

The decision in *In re Salomon Analyst Litig.*, 373 F. Supp. 2d 252 (S.D.N.Y. 2005) is instructive. There, the court questioned whether the mandatory stay could be triggered merely by the filing of a renewed motion to dismiss after an initial failed motion, but ultimately decided that it need not resolve that question because a discretionary stay was "appropriate" until the complaint had been "authoritatively sustained." *Salomon*, 373 F. Supp. 2d at 254, 256. That court noted in particular that defendants' renewed motion was "neither frivolous nor advanced solely to delay the proceedings." *Id.* at 256. While Plaintiffs have opposed the Reconsideration Motion, they have

---

[3] To the extent some cases have held otherwise, they are the minority view and distinguishable on their facts. *In re LeapFrog Enter., Inc. Sec. Litig.*, 2017 WL 3263114, (N.D. Cal. July 28, 2017) (denying stay where defendants had not yet filed a reconsideration motion); *Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 202 (N.D. Ill. 2018) (acknowledging that if the pending reconsideration motion were "well-taken [by the district judge], a stay would be appropriate and save a good deal of effort," but denying a stay in part because the district judge had already indicated that a stay was not warranted pending the motion for reconsideration). Any concerns about intentional, excessive delay are misplaced here because Defendants filed the Reconsideration Motion within two weeks of the Opinion.

**FRESHFIELDS**

not suggested (nor could they) that the motion was brought for any improper purpose.

Moreover, independent of the unique concerns animating the PSLRA's mandatory stay provision, this Court has "considerable discretion" to stay proceedings for "good cause." *Vida Press v. Dotcom Liquidators, Ltd.*, 2022 WL 17128638, at *2 (E.D.N.Y. Nov. 22, 2022). To evaluate whether good cause exists to stay pending a dispositive motion, courts typically consider: (1) whether defendants have made a strong showing on the merits; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).

Each of those factors is present here. *First*, the Reconsideration Motion raises several bases for reconsideration and/or certification that could serve to dismiss this action in whole or in substantial part. (ECF 83-1, 85.) *Second*, Defendants would be subject to significant burden if discovery were to proceed, given the generally expensive and burdensome nature of discovery in securities class actions. *See In re Gilat Satellite Networks, Ltd.*, 2007 WL 1191048, at *10 (E.D.N.Y. Apr. 19, 2007) ("Securities class actions are generally complex and expensive…"). *Third*, there is no risk of unfair prejudice to Plaintiffs. This action is still in its early stages— discovery has not commenced, no conference before the Court has been scheduled and no deadlines will be impacted. *Giminez v. L. Offs. of Hoffman & Hoffman*, 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012) ("No discovery has taken place … As such, there is little prejudice to plaintiffs in staying discovery"); *Contracto Ltd. v. Fast Search & Transfer Int'l, AS*, 2012 WL 12252587, at *2 (E.D.N.Y. July 12, 2012) (holding that "the procedural posture of [the] action supports a stay" where "a stay would not disrupt the progress of [any] ongoing discovery").

\*\*\*

For the foregoing reasons, Defendants respectfully request that the Court vacate its order requiring Defendants to answer the CAC by November 25 and extend the stay of discovery and other proceedings until such time as the Reconsideration Motion has been resolved.

Respectfully Submitted,

WILLKIE FARR & GALLAGHER LLP

By: */s/ Todd. G. Cosenza*
    Todd G. Cosenza
    Charles D. Cording
    787 Seventh Avenue
    New York, NY 10019-6099
    Telephone: (212) 728-8000
    tcosenza@willkie.com
    ccording@willkie.com

FRESHFIELDS US LLP

By: */s/ Mary Eaton*
    Mary Eaton
    Meredith Kotler
    3 World Trade Center
    175 Greenwich Street, 51st Floor
    New York, New York 10007
    Telephone: (212) 277-4000
    mary.eaton@freshfields.com
    Meredith.kotler@freshfields.com

**FRESHFIELDS**

5 | 5

*Counsel for Defendants Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Piper Sandler & Co., Wells Fargo Securities, LLC, JMP Securities LLC, KeyBanc Capital Markets Inc., and Telsey Advisory Group LLC*

*Counsel for Defendants Rent the Runway, Inc., Jennifer Y. Hyman, Scarlett O'Sullivan, Tim Bixby, Jennifer Fleiss, Scott Friend, Melanie Harris, Beth Kaplan, Dan Nova, Gwyneth Paltrow, Carley Roney, Dan Rosensweig, and Mike Roth*

Cc:   All Counsel of Record (via ECF)

US-LEGAL-13134569/1   161495-0040