

**Alfred L. Fatale III**
**Partner**
**Labaton Keller Sucharow LLP**
140 Broadway
New York, New York 10005
212-907-0884
afatale@labaton.com

December 2, 2024

**VIA ECF**

The Honorable Taryn A. Merkl
U.S. Magistrate Judge
U.S. District Court for the E.D.N.Y.
225 Cadman Plaza East
Courtroom 13D South
Brooklyn, New York 11201

RE:     *Sharma v. Rent the Runway, Inc. et. al.*, Case No. 22-cv-6935-OEM-TAM

Dear Judge Merkl:

We write on behalf of Lead Plaintiffs in opposition to Defendants' discovery motion (the "Discovery Motion" or "Mot.") (ECF No. 87), which they improperly and unilaterally filed in violation of this Court's individual rules (Rule III.A) and E.D.N.Y Local Rules (Rule 37.2). Unfortunately, Defendants' ill-supported Discovery Motion is only their most recent, and apparently not their last,[1] attempt to delay this Action from proceeding since Judge Merchant denied their motion to dismiss on September 25, 2024 (ECF No. 77).

Shortly after Judge Merchant found that Lead Plaintiffs' complaint sufficiently stated a claim, Defendants requested a 60-day extension to answer the complaint, a request Lead Plaintiffs promptly agreed to. Three days after stipulating to that extension, Defendants informed the Court and Lead Plaintiffs—for the first time—that they intended to file a motion for reconsideration and/or interlocutory appeal within five days (the "Reconsideration Motion") (ECF No. 83). Two days after the Reconsideration Motion was fully briefed, Defendants—for the first time—asked Lead Plaintiffs to stay the previously agreed to deadline to answer the complaint as well as all discovery until the Reconsideration Motion was resolved. Less than two business days after providing Lead Plaintiffs with purported support for the requested stay (the unpersuasive and inapposite transcript order and memo endorsement discussed below in footnote 2), Defendants unilaterally brought, in violation of the Court's rules, this Discovery Motion seeking to stay discovery and their time to answer the complaint until after the Court has ruled on the

---

[1] Defendants indicate in the Discovery Motion—for the first time—that if they are unsuccessful in delaying this Action through the present motion or their attempts to have the Court reconsider its ruling on their failed motion to dismiss, they will next attempt to do so through a motion for judgment on the pleadings (Mot. 1 n.1), presumably seeking yet another bite at the proverbial apple, i.e., their mistaken and judicially rejected belief that the complaint fails to state a claim.

 New York | Delaware | London | Washington, D.C.



Page 2

Reconsideration Motion. This course of conduct alone justifies the denial of the Discovery Motion.

Procedural impropriety aside, the Discovery Motion should also be denied on its merits. Defendants spill much ink on the legislative history and policy underpinnings of the PSLRA's discovery stay and the various instances when that stay is triggered by the filing of *motions to dismiss*, anticipated *motions to dismiss*, partial *motions to dismiss*, or *motions to dismiss* brought by only some defendants. Mot. at 2. But the Discovery Motion ignores the import of these decisions and glosses over the statute itself which on its face only stays "discovery and other proceedings … during the pendency of any *motion to dismiss*." 15 U.S.C. § 77z-1(b)(1) (emphasis added). The reason for the misdirection is clear—there is no pending or anticipated *motion to dismiss,* and the Court has already found that the complaint sufficiently states a claim against all Defendants. Thus, this case must now proceed after two years of pendency.

Defendants' case law agrees with this reading of the PSLRA or is easily distinguishable. Indeed, the only reported case from this Circuit cited in the Discovery Motion that deals with an analogous situation is *In re Salomon Analyst Litigation*, 373 F. Supp. 2d 252 (S.D.N.Y. 2005) (Lynch, J.). In that case, the court was asked whether a renewed motion to dismiss filed after an initial motion to dismiss was denied retriggered the PSLRA's discovery stay. The court confirmed that it did not. *Id.* at 256. Moreover, the court rejected the notion that "motion to dismiss," as used in the PSLRA, should be read broadly to include motions for reconsideration. *Id.* at 255 n.1; *see also id.* at 254-55 (noting that, "[i]n a case where the court already *has* sustained the legal sufficiency of the complaint," the purpose behind the PSLRA discovery stay "has been served" and "[t]o permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse") (emphasis in original). In doing so, the court also expressly rejected the contrary holding in *Powers v. Eichen*, 961 F. Supp. 233 (S.D. Cal. 1997), and the identical rationale that Defendants rely upon from *In re Intuitive Surgical Securities Litigation*, No. 13-cv-1920, ECF No. 95 (N.D. Cal. Nov. 17, 2014), *Moshell v. Sasol Ltd., et al.*, No. 20-cv-1008, ECF No. 109 at 28:18-25 (S.D.N.Y. Nov. 16, 2020), and *In re Deutsche Bank AG Securities Litigation*, No. 09-cv-1714, ECF No. 69 (S.D.N.Y. Nov. 30, 2011).[2] *See Salomon*, 373 F. Supp. 2d at 255 n.1 ("This Court is not persuaded, however, by the *Powers* court's argument that if the PSLRA were 'read more narrowly, defendants would be afforded very little of the protection that Congress intended.'").

---

[2] The two rulings that Defendants cite from the S.D.N.Y.—one a transcript ruling and the other a memo endorsement—are easily distinguishable. There is no indication that the court's memo endorsement staying discovery in *Deutsche Bank* was based on Defendants' strained reading of the PSRLA, especially since the endorsed letter primarily relied upon *Salomon* which rejected that interpretation. Likewise, the transcript ruling in *Moshell* does not state that a motion for reconsideration triggers the PSLRA's stay but rather the court stayed discovery in "the spirit of the statute [the PSLRA]." *Moshell,* ECF No. 109 at 28:18-25. Even considered in light of Defendants' request for a discretionary stay, both cases are inapposite. Here the Reconsideration Motion severally lacks merit because it does not present new evidence like in *Moshell* or an intervening change in controlling law as in *Deutsche Bank*.



Page 3

The court in *Salomon*, as Defendants concede (Mot. at 3 n.3), is not alone in giving the PSLRA's discovery stay provision its natural reading and limiting its application to motions to dismiss as stated. Indeed, in *In re LeapFrog Enterprise, Inc. Securities Litigation*, the court expressly addressed the impermissible outcome of delay and abuse that adopting Defendants' strained reading of the PSLRA would allow: "A defendant could file repeated … motions for reconsideration and prolong the PSLRA discovery stay." 2017 WL 3263114, at *1 (N.D. Cal. July 28, 2017) (holding that "the PSLRA refers to a stay pending a motion to dismiss, not a motion for leave to file a motion for reconsideration ***or a motion to reconsider***") (emphasis added); *see also Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 201-02 (N.D. Ill. 2018) (holding the PSLRA discovery stay was not triggered by a motion for reconsideration because such a motion "doesn't exactly fit into the category of 'any motion to dismiss'"); *Lane v. Page*, 2009 WL 1312896, at *1 (D.N.M. Feb. 9, 2009) (noting that a motion for reconsideration is not a motion to dismiss in the context of the PSLRA). Aside from the plain textual reading of the PSLRA, these rulings make sense because a motion for reconsideration is not like a motion to dismiss. Here, the sufficiency of the complaint has already been ruled upon and parties seeking reconsideration carry a far heavier and more restrictive burden than movants seeking dismissal under Rule 12(b)(6).[3]

Recognizing that the PSLRA does not say what they wish it does, Defendants alternatively request that the Action be stayed in the Court's discretion. The Discovery Motion recognizes that a pending motion, even a purportedly dispositive one,[4] does not stay an action and that Defendants must demonstrate good cause. Even assuming a motion for reconsideration is a dispositive motion, Defendants have not met the good cause burden.

***First***, Defendants have not made a strong showing on the merits of the Reconsideration Motion. *See Hoeffner v. D'Amato*, No. 09-cv-3160, ECF No. 345 at 9 (E.D.N.Y. July 29, 2022) (finding a stay of discovery "utterly unwarranted" because of the high burden defendants face on a motion for reconsideration). Not only is reconsideration granted only in rare circumstances, *Bonilla v. Nelson & Kennard*, 2021 WL 2400914, at *1 (E.D.N.Y. June 11, 2021), it is "granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel*

---

[3] Likewise, an interlocutory appeal of a motion to dismiss denial does not trigger the PSLRA discovery stay. *See Camelot Event Driven Fund v. Morgan Stanley & Co. LLC*, 221 A.D. 3d 403, 404 (N.Y. App. Div. 1st Dep't 2003); *see also* 28 U.S.C. § 1292(b) ("application for an appeal hereunder shall not stay proceedings in the district court").

[4] "A Motion for Reconsideration is non-dispositive." *Conmed Corp. v. Fed. Ins. Co.*, 2022 WL 3027093, at *2 n.1 (N.D.N.Y. Aug. 1, 2022) ("the relief requested is simply reconsideration of a decision, not the litigation of a new dispositive motion"). Nevertheless, the Discovery Motion does not address any of the additional factors that courts consider when deciding to stay a case absent a dispositive motion. *See, e.g.*, *U.S. v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 289 (E.D.N.Y. 2014) (additional factors include "the private interests of the plaintiffs in proceeding expeditiously with the civil litigation," "the interests of the courts," "the interest of persons not parties to the civil litigation," and "the public interest"). Thus, the Discovery Motion should be denied.



Page 4

*Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). Here, Defendants have done none of those things. Nor could they because there has been no change in law or facts since the motion to dismiss was decided. Thus, as demonstrated in Lead Plaintiffs' opposition to the Reconsideration Motion, Defendants have improperly sought reconsideration based on mere disagreements with allegations that must be assumed true, inferences that must be drawn in Lead Plaintiffs' favor, and the Court's application of those allegations and inferences to well-established legal standards on materiality and negative causation which are both widely recognized as inherently fact specific. *See generally* ECF No. 84 (opposition to Reconsideration Motion).

**Second**, given that no discovery has been served to date, Defendants have articulated no burden as to the breadth of discovery. Indeed, during the meet and confer process preceding Defendants' premature filing of the Discovery Motion, counsel for Lead Plaintiffs told Defendants that their concerns as to discovery burdens and case scheduling while the Reconsideration Motion was pending were best addressed during a Rule 26(f) conference between the parties and a Rule 16 hearing with the Court. This reasonable course of action has apparently been rejected by Defendants, who prefer to speculate as to burdens.

**Third**, Defendants gloss over the very real risk of unfair prejudice already expressed to them during the parties' meet and confer on this issue (Mot. at 2)—further delay after a two-year stay will "impede the just and speedy administration" of this litigation. *Hicksville Water Dist. v. Jerry Spiegel Assocs., Inc.*, 2022 WL 4072683, at *4 (E.D.N.Y. Sept. 2, 2022) ("[G]iven that this case is finally in the discovery phase after two years of motion practice … the Court finds that granting the discovery stay would 'impede the just and speedy administration' of this lawsuit."). Moreover, earlier this year Rent the Runway began a massive restructuring plan that involves reducing 10% of its corporate workforce and saw the departure of Anushka Salinas who was President and Chief Operating Officer of Rent the Runway at the time of the IPO. This restructuring and the departures significantly amplify the unfair prejudice Lead Plaintiffs face if discovery is further delayed. *Hoeffner*, No. 09-cv-3160, ECF No. 345 at 9-10 (denying stay pending motion for reconsideration because "discovery delays will make it more likely that facts [and] recollections … become unavailable, which will only make it harder for Plaintiffs to present their case at trial" and calling such a risk a "substantial injury to Plaintiff").[5]

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court deny the Discovery Motion and order that the Defendants answer the complaint within five days of that denial.

Respectfully submitted,

Alfred L. Fatale III

---

[5] Given that the PSLRA discovery stay has dissolved, Lead Plaintiffs do not have the burden of showing that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." Mot. at 3.