# FRESHFIELDS

**New York**

3 World Trade Center
175 Greenwich Street
New York, NY  10007

**Mary Eaton**
**T**  +1 (212) 277-4007
**E**  mary.eaton@freshfields.com

**freshfields.us**

**VIA ECF**

The Honorable Taryn A. Merkl
U.S. Magistrate Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East, Courtroom 13D South
Brooklyn, New York 11201

December 3, 2024

> Re:   *Sharma v. Rent the Runway, Inc. et al.*, **1:22-cv-06935-OEM-TAM**

Dear Judge Merkl:

Defendants respectfully submit this brief reply to correct certain misstatements of fact and law in Plaintiffs' Opposition, ECF 88, to Defendants' Motion to Vacate Answer Deadline and to Stay Discovery and other Proceedings, ECF 87 (the "Stay Motion").

In their Opposition, Plaintiffs argue that the Stay Motion was procedurally improper and motivated solely by a desire to delay.  Opp. at 1-2.  That is fictional.  Defendants have proceeded in good faith and the timing of these steps was dictated by the deadlines set forth in the Federal Rules of Civil Procedure and the Local Rules.  Given the 14-day deadline to answer under Fed. R. Civ. P. 12, on September 26, 2024, *one day after the Court issued its Order*,[1] Defendants sought an extension of time commensurate with other securities cases of this type,[2] to which Plaintiffs promptly agreed.  One day was obviously not enough time to assess whether reconsideration was warranted.  Given the simultaneous 14-day deadline to move for reconsideration under L. Civ. R. 6.3, Defendants analyzed the Order carefully over the ensuing days, ultimately serving the Reconsideration Motion[3] on October 9, 2024, at the end of the reconsideration period.  As to Plaintiffs' gripes about the form of the Stay Motion, (i) Defendants sought to meet and confer with Plaintiffs but Plaintiffs opted not to respond to Defendants' authorities despite the impending Answer deadline, Stay Mot. at 2 n.2, and (ii) there was no need for a joint "discovery" motion under Your Honor's Individual Rule 3.A regardless since the Motion was one to vacate the answer deadline and stay all proceedings in the case under the PSLRA, not a discovery motion under Fed. R. Civ. P. 37.

Plaintiffs' arguments against the PSLRA stay misconstrue the relevant law.  As noted,

---

[1] "Order" refers to the Court's Memorandum & Order, dated September 25, 2024, on Defendants' Motion to Dismiss the Corrected Amended Class Action Complaint.  ECF 77.

[2] *See, e.g.*, *City of Hollywood Police Officers Ret. Sys. v. Henry Schein, et. al.*, 2:19-cv-05530 (E.D.N.Y. Aug. 11, 2021), ECF 66; *In re Blue Apron Holdings, Inc. Sec. Litig.*, 1:17-cv-04846 (E.D.N.Y. Apr. 30, 2020), ECF 67.

[3] "Reconsideration Motion" refers to Defendants' Motion for Reconsideration of Order Denying in Part Defendants' Motion to Dismiss or, Alternatively, Certification under 28 U.S.C. § 1292(b).  ECF 83.

**FRESHFIELDS**

multiple courts have recognized that the PSLRA's mandatory stay applies during the pendency of a reconsideration motion and/or a motion on the pleadings, not just in the Rule 12(b)(6) context. Mot. at 2-3. Plaintiffs respond that the underlying rationale of these cases was "expressly rejected" in *In re Salomon Analyst Litig.,* 373 F. Supp. 2d 252 (S.D.N.Y. 2005). Opp. at 2. But *Salomon* did no such thing. While Judge Lynch questioned whether the PSLRA stay was automatically triggered by defendants' renewed motions to dismiss, he concluded there was "no need to decide" that question. *Salomon*, 373 F. Supp. 2d at 256. Given "the policy of the PSLRA to deny discovery until a complaint has been authoritatively sustained by the court," he reasoned, a discretionary stay pending resolution of renewed motions to dismiss was "appropriate" and thus extended the stay. *Id.* As such, nothing in *Salomon* requires this Court to reject other authorities which *did* hold that the PSLRA's automatic stay applies outside the Rule 12(b)(6) context and/or that the policy of the PSLRA commands that same result. *See* Stay Mot. at 2-3 (citing *Moshell v. Sasol Ltd., et al.*, 1:20-cv-01008-JPC (S.D.N.Y. Nov. 16, 2020), ECF 109 at 28:16-25, among others).[4]

Plaintiffs' arguments against a discretionary stay are equally misplaced. ***First***, Plaintiffs insist that Defendants failed to show a "change in law or facts," as required and "improperly sought reconsideration based on mere disagreements." Opp. at 4. But that is not the test under L. Civ. R. 6.3. Recon. Mot. at 3-4 (citing L. Civ. R. 6.3 and cases interpreting same). And even a cursory glance at the Reconsideration Motion shows it was based on important issues, not sour grapes.

***Second***, Plaintiffs claim that Defendants cannot show burden because discovery has not yet commenced. Opp. at 4. That has it backwards. Where discovery has not commenced, that is a factor *favoring* a stay. *See* Mot. at 4 (citing *Giminez v. L. Offs. of Hoffman & Hoffman*, 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012) and *Contracto Ltd. v. Fast Search & Transfer Int'l, AS*, 2012 WL 12252587, at *2 (E.D.N.Y. July 12, 2012)). Plaintiffs do not distinguish those cases, or explain why Defendants should be required to participate in discovery when the Reconsideration Motion could potentially end the case or significantly narrow the remaining claims. *See Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (stay appropriate where "areas of discovery may well be substantially reduced, if not eliminated"); *Bruin v. Bank Of America*, 1:21-cv-02272 (S.D.N.Y. Mar. 16, 2021), ECF 34 (extending time to answer until after decision on reconsideration motion) and ECF 41 (staying discovery pending decision on reconsideration motion).

***Third***, the Opposition fails to identify any unfair prejudice to Plaintiffs resulting from an extension of the stay beyond the mere passage of time. That is insufficient. *See, e.g.*, *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018) ("[P]assage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery."). The recent departure of certain RTR personnel does not change this and is easily distinguishable from the two cases Plaintiffs cite. Opp.

---

[4] Plaintiffs' efforts to distinguish Defendants' authorities on other grounds also fall flat. Plaintiffs selectively quote from *Moshell*, Opp. at 2 n.2, but omit that court's holding that a stay pending reconsideration was "appropriate" under the PSLRA "**both** in terms of the spirit of the statute … **and also given the statute's automatic stay**...." *Moshell*, ECF 109 at 28:16-25 (emphasis added). Plaintiffs do the same with *Deutsche Bank*, Opp. at 2 n.2, omitting that the letter—which the court endorsed—argued that the "automatic stay" extends to reconsideration. *In re Deutsche Bank AG Sec. Litig.*, 09-cv-1714-DAB (S.D.N.Y. Nov. 30, 2011), ECF 69. As to Plaintiffs' cases, (i) the cited discussion in *Lane* (Opp. at 3) is entirely *obiter*, *Lane v. Page*, 2009 WL 1312896, at *1 (D.N.M. Feb. 9, 2009), and (ii) *Leapfrog* and *Beezley* represent the minority view and are distinguishable, Mot. at 3 n. 3.

**FRESHFIELDS**

at 4.  In *Hoeffner*, the case had been pending for nearly 12 years and plaintiffs identified concrete risks of prejudice, including, for example, that plaintiffs' current expert was hired 10 years ago to replace a prior expert who had retired during the case's long pendency.  *Hoeffner v. D'Amato*, 09-cv-3160 (E.D.N.Y. July 29, 2022), ECF 345 at 9 n.3.  And in *Hicksville*, the court noted that the case was in the discovery phase after "two years of motion practice" as one among several factors disfavoring a stay, including that only a small subset of the defendants sought a stay and that much of the discovery would likely overlap with discovery already conducted for prior litigation.  *Hicksville Water Dist. V. Jerry Spiegel Assocs., Inc.*, 2022 WL 4072683, at *4 (E.D.N.Y. Sept. 2, 2022).  Here, by contrast, all of the Defendants have sought a stay, eliminating the risk of fractured discovery, nor has there been two years of "motion practice."  Plaintiffs were not even appointed as Lead Plaintiffs until June 8, 2023 and did not file their amended complaint until August 21, 2023.  Briefing on the motion to dismiss took a grand total of six months, concluding on February 23, 2024.  That the Order was rendered seven months after the close of briefing is not unusual for securities class actions and provides no grounds for Plaintiffs to cry delay.  *See, e.g.*, *Blue Apron*, ECF 65 (motion to dismiss decided over two years after filing of operative complaint).

For the foregoing reasons, Defendants respectfully request that the Court grant the Stay Motion and stay all proceedings until the Reconsideration Motion is resolved so that RTR (and ultimately its public stockholders) are not forced to bear the expense and effort of preparing an answer and engaging in discovery in respect of claims that may not survive. Should the Court find it helpful, we stand ready to discuss these issues at Your Honor's convenience.[5]

Respectfully Submitted,

WILLKIE FARR & GALLAGHER LLP

By: */s/ Todd G. Cosenza*
    Todd G. Cosenza
    Charles D. Cording
    787 Seventh Avenue
    New York, NY 10019-6099
    Telephone: (212) 728-8000
    tcosenza@willkie.com
    ccording@willkie.com

*Counsel for Defendants Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, Barclays Capital Inc., Credit Suisse Securities (USA)*

FRESHFIELDS US LLP

By: */s/ Mary Eaton*
    Mary Eaton
    Meredith Kotler
    3 World Trade Center
    175 Greenwich Street, 51st Floor
    New York, New York 10007
    Telephone: (212) 277-4000
    mary.eaton@freshfields.com
    Meredith.kotler@freshfields.com

*Counsel for Defendants Rent the Runway, Inc., Jennifer Y. Hyman, Scarlett O'Sullivan, Tim Bixby, Jennifer Fleiss, Scott Friend,*

---

[5] In the event the Court denies the Stay Motion, Defendants respectfully request that the deadline to answer be extended to January 17, 2025, to enable counsel to confer with all 22 named Defendants, verify certain facts, and obtain their approval prior to filing.

**FRESHFIELDS**

4|4

*LLC, Piper Sandler & Co., Wells Fargo Securities, LLC, JMP Securities LLC, KeyBanc Capital Markets Inc., and Telsey Advisory Group LLC*

*Melanie Harris, Beth Kaplan, Dan Nova, Gwyneth Paltrow, Carley Roney, Dan Rosensweig, and Mike Roth*

Cc:      All Counsel of Record (via ECF)

US-LEGAL-13169515/6   177998-0001