UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
RAJAT SHARMA, individually and on
behalf of all others similarly situated,

                Plaintiff,

    -against-

RENT THE RUNWAY, INC., JENNIFER
Y. HYMAN, SCARLETT O'SULLIVAN,
TIM BIXBY, JENNIFER FLEISS, SCOTT
FRIEND, MELANIE HARRIS, BETH
KAPLAN, DAN NOVA, GWYNETH
PALTROW, CARLEY RONEY, DAN
ROSENSWEIG, MIKE ROTH,
GOLDMAN SACHS & CO. LLC,
MORGAN STANLEY & CO. LLC,
BARCLAYS CAPITAL INC., CREDIT
SUISSE SECURITIES (USA) LLC, PIPER
SANDLER & CO., WELLS FARGO
SECURITIES, LLC, JMP SECURITIES
LLC, KEYBANC CAPITAL MARKETS
INC., and TELSEY ADVISORY GROUP
LLC,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
22-CV-6935 (OEM) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

    On November 14, 2022, Rajat Sharma, who purchased Rent the Runway, Inc., common stock, filed this lawsuit against Defendant Rent the Runway, Inc., a range of the company's officers, directors, and non-employees, and underwriters for allegedly issuing a false and misleading registration statement and final IPO prospectus in

violation of Sections 11 and 15 of the Securities Act of 1933.[1] (Compl., ECF No. 1.) On August 21, 2023, Plaintiffs filed an amended complaint, adding Delaware Public Employees Retirement System and Denver Employees Retirement Plan as lead Plaintiffs and adding a claim alleging that Defendants violated Section 12(a)(2) of the Securities Act of 1933 (Am. Compl., ECF No. 59.) On September 25, 2024, the Honorable Orelia E. Merchant granted in part and denied in part Defendants' motion to dismiss the second amended complaint. (Mem. & Order, ECF No. 77; Second Am. Compl., ECF No. 61.) On October 30, 2024, Defendants filed a motion for reconsideration. (Mot. for Recons., ECF No. 83.)

Currently pending before the Court is Defendants' motion to extend the answer deadline and to stay discovery, which argues that this Court should stay discovery while the motion for reconsideration remains pending. (*See* Mot. to Vacate Answer Deadline and Stay Discovery ("Stay Mot."), ECF No. 87; Resp. in Opp'n, ECF No. 88; Reply, ECF No. 89.) For the reasons discussed herein, the motion to stay discovery is granted in part and denied in part and Defendants' motion to extend the answer deadline is granted.

---

[1] The individual Defendants are Jennifer Y. Hyman, Scarlett O'Sullivan, Tim Bixby, Jennifer Fleiss, Scott Friend, Melanie Harris, Beth Kaplan, Dan Nova, Gwyneth Paltrow, Carley Roney, Dan Rosensweig, and Mike Roth. The underwriter Defendants are Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Piper Sandler & Co., Wells Fargo Securities, LLC, JMP Securities LLC, KeyBanc Capital Markets Inc., and Telsey Advisory Group LLC.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

As discussed above, on November 12, 2022, Plaintiffs, who purchased Rent the Runway, Inc. ("RTR") common stock, filed this lawsuit against Defendant RTR, a range of officers, directors, and non-employees, and underwriters for allegedly issuing a false and misleading registration statement and final IPO prospectus in violation of Sections 11 and 15 of the Securities Act of 1933, and for allegedly violating several SEC disclosure requirements. (Compl., ECF No. 1.) On August 21, 2023, Plaintiffs filed an amended complaint with lead plaintiffs Delaware Public Employees Retirement System and Denver Employees Retirement Plan, adding a claim that Defendants violated Section 12(a)(2) of the Securities Act of 1933. (Am. Compl., ECF No. 59.) Plaintiffs filed a second amended complaint on September 5, 2023. (Second Am. Compl., ECF No. 61.)

On February 23, 2024, Defendants filed a fully briefed motion to dismiss. (Mot. to Dismiss, ECF No. 69; Mem. in Supp., ECF No. 70; Tracy Decl. in Supp., ECF No. 71; Mem. in Opp'n, ECF No. 72; Reply in Supp., ECF No. 73.) On September 25, 2024, Judge Merchant granted in part and denied in part Defendants' motion to dismiss. (Mem. & Order, ECF No. 77.) Specifically, Judge Merchant granted the motion to dismiss Plaintiffs' Securities Act claims concerning consumer demand and the SEC Item 105 claims, but denied the motion to dismiss claims under Sections 11 and 12(a)(2) of the Securities Act regarding shipping costs, theft, and insurance coverage; the Item 303 of the SEC Regulation S-K claim regarding theft; and the Securities Act Section 15 claim against the individual Defendants. (Mem. & Order, ECF No. 77, at 53–54.) Notably, Judge Merchant expressly observed that "these claims . . . may proceed to discovery."

---

[2] The Court assumes general familiarity with the substance and history of the case and includes only the background relevant to the instant motion.

(*Id*. at 53.) On October 30, 2024, all Defendants filed a fully briefed motion for reconsideration, arguing that Judge Merchant overlooked facts and precedent in denying their motion to dismiss and asking for reconsideration of the partial denial, or for the court to certify the decision for interlocutory appeal. (Mot. for Recons., ECF No. 83; Defs.' Mem., ECF No. 83-1; Mem. in Opp'n, ECF No. 84; Reply, ECF No. 85.)

In connection with that motion, on November 19, 2024, Defendants filed a motion to vacate the answer deadline and stay discovery. (Stay Mot., ECF No. 87.) Plaintiffs filed a response in opposition and Defendants filed a reply. (Resp. in Opp'n, ECF No. 88; Reply, ECF No. 89.) On April 7, 2025, the Court held argument on the motion. (Apr. 7, 2025 Min. Entry & Order.)

## DISCUSSION

Defendants contend that a stay would be proper either "under the mandatory stay provision" of the PSLRA or "pursuant to the Court's discretionary authority." (Stay Mot., ECF No. 87, at 1.) *See* 15 U.S.C. § 77z-1(b)(1). Plaintiffs disagree and posit that the stay motion is without merit and constitutes a further effort to delay this litigation. (Resp. in Opp'n, ECF No. 88.) For the reasons discussed, Defendants' motion is granted in part and denied in part.

**I. Automatic Stay Extension**

The PSLRA mandates an automatic stay in any securities class action when a motion to dismiss is pending. *See* 15 U.S.C. § 77z-1(b)(1) ("[A]ll discovery and other proceedings shall be stayed during the pendency of any motion to dismiss."). Defendants claim that such a stay should automatically be extended in this case given the pending motion for reconsideration. (Stay Mot., ECF No. 87, at 2–3.) At oral argument, Defendants elaborated, arguing that the motion for reconsideration should be considered as an extension of the motion to dismiss, on the theory that Judge

4

Merchant did not address part of their argument in her opinion on the motion to dismiss. (*See* Defs.' Mem., ECF No. 83-1, at 16–18 (discussing negative causation); Status Conference Transcript (hereinafter "Tr."), ECF No. 91, at 8:10–10:1 (arguing that Defendants' "motion to dismiss is still pending" because they are requesting that Judge Merchant reach their previously-made argument regarding negative causation).)

The law, which is less clear than Defendants posit, does not support extending an automatic stay here. *See In re Salomon Analyst Litig.*, 373 F. Supp. 2d 252, 255 (S.D.N.Y. 2005) ("[D]efendants' assertion that the law is well established that successive motions *do* stay discovery under the PSLRA . . . is, to say the least, overstated." (quotation marks and modification omitted) (emphasis in original)). To be sure, courts often read the text of the PSLRA broadly and have applied the automatic stay to as-yet-unfiled and partial motions to dismiss. (*See* Stay Mot., ECF No. 87, at 2 (first citing *Sedona Corp. v. Ladenburg Thalmann*, No. 03-CV-3120 (LTS) (THK), 2005 WL 2647945, at *4 & n.2 (S.D.N.Y. Oct. 14, 2005) (extending a stay in advance of a planned motion to dismiss); then citing *In re Trump Hotel S'holder Derivative Litig.*, No. 96-CV-7820 (DAB) (HPB), 1997 WL 442135, at *1 (S.D.N.Y. Aug. 5, 1997) (same)); then citing *In re Lantronix, Inc. Sec. Litig.*, No. 02-CV-3899 (PA), 2003 WL 22462393, at *2 (C.D. Cal. Sept. 26, 2003) (extending a stay to a partial motion to dismiss); and then citing *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, No. 19-CV-10067 (PAE), 2022 WL 1663560, at *2 (S.D.N.Y. May 25, 2022) (staying claims against non-moving defendants)).) Here, notwithstanding Defendants' assertion to the contrary, there is no motion to dismiss pending. Given that neither the text of the statute nor any binding caselaw requires extending the stay in this context, the Court does not find that the PSLRA mandatory stay is applicable here.

5

## II. Discretionary Stay

Defendants next argue that the Court should exercise its discretion to extend the stay due to the motion for reconsideration because caselaw supports extending a stay under these circumstances and because there is good cause to stay discovery. (Stay Mot., ECF No. 87; Reply, ECF No. 89.) Both arguments are unpersuasive insofar as Defendants are seeking a total stay of discovery.

### A. Pending Motion for Reconsideration

In support of their argument, Defendants first point to *In re Salomon*, which involved a renewed motion to dismiss, not a motion for reconsideration, that relied on new controlling caselaw. (Stay Mot., ECF No. 87, at 3–4.) *See In re Salomon*, 373 F. Supp. 2d at 256 (extending a stay partially based on intervening caselaw that "represent[ed] a major effort to clarify the doctrine," which had been "in some disarray," "in a context relevant to th[at] case"). Defendants also highlight stay extensions in cases where motions for reconsideration rested on new facts or new law. (*See generally* Stay Mot., ECF No. 87; Reply, ECF No. 89.) *See* Transcript at 28:16–25, *Moshell v. Sasol Ltd., et al.*, No. 20-CV-1008 (JPC), 2021 WL 3174414 (S.D.N.Y. July 24, 2021), ECF No. 109; Mem. of Law, *Moshell*, 2021 WL 3174414, ECF No. 104; Mem. of Law at 4–5, *In re Deutsche Bank AG Sec. Litig.*, No. 09-CV-1714 (DAB), 2012 WL 3297730, ECF No. 61 (S.D.N.Y. Aug. 10, 2012), ECF No. 61 (requesting reconsideration "in light of [a] subsequent decision of the [Second Circuit] Court of Appeals"). However, here, while the Court expresses no view on the merits of the motion for reconsideration, the Court notes that the gravamen of Defendants' argument on reconsideration is that Judge Merchant overlooked one of their original contentions, *not* that she overlooked new controlling precedent or new facts. (*See generally* Mot. for Recons., ECF No. 83.)

6

B. **Good Cause**

In evaluating whether to grant a discretionary stay, the Court finds that Defendants have not shown good cause to stay discovery in its entirety. However, for the reasons described below, the Court finds that Defendants have illustrated that full discovery would pose an unusually significant burden, such that the Court finds it appropriate to adopt a phased approach to discovery in light of the pending motion and for the reasons outlined below.

To determine whether a party has established good cause sufficient to stay discovery, courts often consider "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).

First, to demonstrate the alleged unmeritorious nature of Plaintiffs' claims, Defendants argue that the strength of their motion for reconsideration supports good cause. (*See* Stay Mot., ECF No. 87, at 4.) However, Judge Merchant's prior order denying in part Defendants' motion to dismiss undermines the argument that *all* of the claims here are "unmeritorious" on their face. *See Chesney*, 236 F.R.D. at 115. (*See* Mem. & Order, ECF No. 77 (denying in part Defendants' motion to dismiss).) Accordingly, the Court finds that this factor weighs somewhat in Plaintiffs' favor.

Second, to demonstrate burden, Defendants' briefing cites "the generally expensive and burdensome nature of discovery in securities class actions." (Stay Mot., ECF No. 87, at 4.) This justification would indefinitely delay all securities litigation regardless of age or merit, and, without more, would be plainly insufficient. However, at the April 7, 2025 hearing, counsel for Defendants represented that Defendant RTR is a "small development stage company that's already experiencing financial strain," with

7

indemnification obligations towards 21 other Defendants. (Tr., ECF No. 91, at 11:3–4; Apr. 7, 2025 Min. Entry & Order.) Defendants further contend that discovery of the type typically required in securities cases like this one would likely have a devastating effect on the company. (*See* Tr., ECF No. 91, at 11:3–10.) Based on these representations, the Court finds that Defendants have articulated a significant burden beyond the financial pressures that defending a securities case would typically involve. Accordingly, this factor weighs in favor of Defendants and counsels in favor of a phased discovery approach that would permit the parties to begin exchanging key documents and structuring a discovery plan.

Third, regarding prejudice, Defendants argue that the early stage of this litigation reduces the likelihood of prejudice to Plaintiffs. (Stay Mot., ECF No. 87, at 4.) In response, Plaintiffs argue that given Defendant RTR's recent restructuring, further delay might risk destruction of evidence. (*See* Response, ECF No. 88, at 4; *see also* Tr., ECF No. 91, at 16:14–20.) The Court notes that this case is already over two years old, and that discovery has not begun. Plaintiffs have also posited credible, documented concerns about Defendant RTR's viability and identified particularized reasons that discovery could be impacted by further delay, including the possible risk of loss of discoverable materials as employees leave the company. (*See* Tr., ECF No. 91, at 18:1–19:4 (discussing possible prejudice to Plaintiffs, including but not limited to fading memories and the difficulties presented if potential witnesses leave the company, including "the possibility for loss of materials that those people might have outside the direct control of the company").) Given the age of this case and the relatively precarious position of the company, the Court finds that extending the stay poses a risk of unfair prejudice to Plaintiffs. The Court further notes that, even under the PSLRA's automatic

8

stay provision, discovery may proceed where "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to [a] party." 15 U.S.C. § 77z-1(b)(1).

In light of the specific factual circumstances of this case, the Court finds that Defendants have not met their burden to show good cause sufficient to impose a discretionary stay. However, given the unusually significant burden full discovery would place on Defendants, the Court finds that a phased approach is appropriate so as permit the exchange of key documents and the development of a discovery plan, and to promote the preservation of documents and evidence.

## CONCLUSION

For the foregoing reasons, the Court declines to enter a mandatory stay or a complete discretionary stay of discovery. In recognition of the pending motion for reconsideration, and the significant burden discovery would pose for Defendants, the parties are directed to meet and confer to exchange initial disclosures and to discuss approaches to the first phase of discovery that would limit the burden on Defendants and to identify what "particularized discovery is necessary to preserve evidence." 15 U.S.C. § 77z-1(b)(1). The parties are directed to file their proposed initial discovery plan, with anticipated steps and proposed deadlines, on ECF by May 30, 2025.

Defendants' motion to stay discovery is granted in part and denied in part, and Defendants' motion to extend the time to answer is granted. Defendants' time to answer is held in abeyance pending resolution of the pending motion for reconsideration.

**SO ORDERED.**

Dated: Brooklyn, New York
      May 16, 2025

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE