**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAJAT SHARMA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>-v.-<br><br>RENT THE RUNWAY, INC., JENNIFER Y. HYMAN, SCARLETT O'SULLIVAN, TIM BIXBY, JENNIFER FLEISS, SCOTT FRIEND, MELANIE HARRIS, BETH KAPLAN, DAN NOVA, GWYNETH PALTROW, CARLEY RONEY, DAN ROSENSWEIG, MIKE ROTH, GOLDMAN SACHS & CO. LLC, MORGAN STANLEY & CO. LLC, BARCLAYS CAPITAL INC., CREDIT SUISSE SECURITIES (USA) LLC, PIPER SANDLER & CO., WELLS FARGO SECURITIES, LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., and TELSEY ADVISORY GROUP LLC,<br><br>Defendants. | Case No. 1:22-cv-6935-OEM-TAM |

**STIPULATED [PROPOSED] PROTECTIVE ORDER**

I.    GENERAL

A.    Purposes and Limitations. Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated [Proposed] Protective Order ("Protective Order"). The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The Parties further acknowledge, as set forth in Section XI.C, below, that Rule II.B of Judge Merchant's Individual Rules and Practices sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

B.      Good Cause Statement. This Action is likely to involve trade secrets, customer and pricing data, insurance information, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution or defense of this Action is warranted, including pursuant to Fed. R. Civ. P. 26(c)(1)(G). Such confidential and proprietary materials and information implicating the business or privacy interests of the Parties may consist of, among other things, confidential business or financial information, information regarding confidential business practices, confidential research, development, or commercial information (including information implicating privacy rights of third parties), personal financial information, private personnel information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so

designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

II.     DEFINITIONS

A.      Action: *Sharma v. Rent the Runway, Inc., et al.*, Case No. 1:22-cv-6935-OEM-TAM.

B.      Challenging Party: a Party that challenges the designation of information or items under this Protective Order.

C.      "CONFIDENTIAL" Discovery Material: Discovery Material that the Designating Party in good faith believes contains or reflects (1) information qualifying for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, and (2) information that would otherwise be considered confidential in the jurisdiction in which the information or item originated or is required by law or agreement to be kept confidential.

D.      Counsel: Outside Counsel and In-House Counsel (as well as their respective support staff).

E.      Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

F.      Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

G.      Expert: a person with specialized knowledge or experience in a matter pertinent to the Action, along with his or her employees and support personnel, who has been retained by a

3

Party or a Party's Counsel to serve as an expert witness or as a consultant in connection with this Action.

H.     <u>In-House Counsel</u>: attorneys who are employees of a Party and are providing advice in connection with this Action.

I.     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party.

J.     <u>Outside Counsel</u>: attorneys and law firms, including support staff, who are not employees of a Party but are retained to represent or advise a Party in connection with the Action.

K.     <u>Party</u>: any party to this Action.

L.     <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this Action.

M.     <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N.     <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL" consistent with Sections V and VI below.

O.     <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

III.     <u>SCOPE</u>

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all

4

copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

IV.    NOT APPLICABLE TO TRIAL

This Protective Order does not govern the use of Protected Material at trial. Any use of Protected Material at trial shall be governed by the orders of the trial judge.

V.    DESIGNATING PROTECTED MATERIAL

A.    Manner and Timing of Designations. Except as otherwise provided in this Protective Order in Section V.B, below, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Protective Order shall be so designated before the material is disclosed or produced in a manner consistent with the below:

1.    for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party shall place the legend 'CONFIDENTIAL' on each page of the document, which shall suffice to constitute notice and shall designate the document or pages thereof as Protected Material, or, in the case of an electronic document that is produced in native form or is impracticable to produce in a form with the affixed legend, by placing the legend on a placeholder document bearing the document's production number;

2.    for testimony given in depositions the Designating Party asserting that the testimony (or any portion thereof) contains Confidential information shall give oral notice to the Parties and other affected persons on the record during the deposition, or by written notice served on Counsel within 30 calendar days after the receipt of the final transcript of such proceeding, provided that all testimony, exhibits, and transcripts of depositions or other testimony must be treated as Confidential until such 30-day period has expired; and

3.       for other Discovery Material, the Designating Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," or by other practicable manner that clearly identifies the information being designated as Protected Material.

B.       <u>Inadvertent Failures to Designate</u>. If at any time prior to the trial of this Action, a Party or Non-Party realizes that any portion(s) of Discovery Material previously produced without limitation should be designated Confidential, that Designating Party may do so by apprising all Parties and affected Non-Parties in writing, and such portion(s) of the Discovery Material will thereafter be treated as Protected Material subject to the terms of this Order. An inadvertent failure to designate qualified information does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order.

## VI.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.       <u>Meet and Confer</u>. If a Challenging Party believes that material designated as Confidential should not be so designated, it shall first attempt to resolve the dispute with the Designating Party in good faith under Rule 3 of Magistrate Judge Merkl's Individual Rules and Practices. A Challenging Party must identify in writing with particularity the grounds for its challenge. If good faith efforts are unsuccessful, any subsequent request for judicial intervention must similarly comply with Rule 3 of Magistrate Judge Merkl's Individual Rules and Practices.

B.       <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality

designation by notifying the other Parties in writing, all Parties shall continue to treat the material in question as Protected Material until the Court rules on the challenge.

## VII.  ACCESS TO AND USE OF DISCOVERY MATERIAL AND PROTECTEED MATERIAL

A.  <u>Limitations on Use</u>. A Receiving Party may use Discovery Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XII below. Protected Material must be stored and maintained by a Receiving Party at a location and in a commercially reasonable manner that ensures that access is limited to the persons authorized under this Protective Order.

B.  <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material only to:

1.  the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom disclosure is reasonably necessary for this Action;

2.  the officers, directors, employees, and In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action;

3.  Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the agreement to be bound by this Protective Order, attached hereto as Exhibit A;

4.  the Court and its personnel;

7

5.      court reporters and their staff;

6.      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the agreement to be bound by this Protective Order, attached hereto as Exhibit A;

7.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

8.      noticed or subpoenaed deponents and witnesses (and their counsel) to the extent reasonably necessary in connection with their testimony in the Action or the preparation thereof,  provided the deponent or witness signs the agreement to be bound by this Protective Order, attached hereto as Exhibit A;

9.      designees pursuant to Federal Rule of Civil Procedure 30(b)(6) and client representatives who are assisting Counsel in the Action;

10.      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

11.      any insurer and such insurer's outside counsel participating in matters related to this Action; and

12.      any person expressly named and agreed to in writing by the Producing Party or by order of the Court.

VIII.   PROTECTED MATERIALS SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.      If a Receiving Party is served with a subpoena or a court order of any kind issued in other litigation or regulatory or other proceedings that compels disclosure of any Protected Material that Receiving Party must, unless prohibited by law, a regulator, or court order:

1.      promptly notify in writing the Designating Party. Such notification shall happen as soon as practicable, and in no event later than seven calendar days of the Receiving Party's receipt of the subpoena or order, and shall include a complete copy of the subpoena or court order;

2.      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation or proceeding that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

3.      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.      If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

IX.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

Each Receiving Party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Protected Material. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use reasonable efforts to retrieve all

9

unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (4) request such person or persons to execute the agreement to be bound by this Protective Order, attached hereto as Exhibit A.

X.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Inadvertent disclosure or production of Discovery Material subject to protection by the attorney-client privilege, the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery shall not constitute a waiver of any privilege or other protection over such Discovery Material or its subject matter. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502, including its subdivisions (d) and (e).

XI.    MISCELLANEOUS

A.    Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

B.    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.      Filing Protected Material. A Party seeking to file with the Court Protected Material or any pleadings, motions or other papers disclosing Protected Material shall seek to file such Protected Material or portion(s) of pleadings, motions or other papers under seal under Rule II.B of Judge Merchant's Individual Rules and Practices. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

XII.    FINAL DISPOSITION

This Protective Order shall survive the termination of this Action. After the final disposition of this Action by entry of a final judgment no longer subject to appeal on the merits, within 60 calendar days of a written request by the Designating Party, each Receiving Party shall use commercially reasonable efforts to return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material and certify that fact. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.  Nothing in this Protective Order shall require any Party to violate any duty or obligation that it has under law to preserve documents or other materials.

Dated:   New York, New York
         June 30, 2025

Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

*/s/ Alfred L. Fatale III*

Alfred L. Fatale III
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
afatale@labaton.com

*Lead Counsel for Lead Plaintiffs and the Class*

**FRESHFIELDS US LLP**

*/s/ Mary Eaton*

Mary Eaton
Meredith Kotler
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Telephone: (212) 277-4000
mary.eaton@freshfields.com
meredith.kotler@freshfields.com

*Counsel for Defendants Rent the Runway, Inc., Jennifer Y. Hyman, Scarlett O'Sullivan, Tim Bixby, Jennifer Fleiss, Scott Friend, Melanie Harris, Beth Kaplan, Dan Nova, Gwyneth Paltrow, Carley Roney, Dan Rosensweig, and Mike Roth*

**WILLKIE FARR & GALLAGHER LLP**

*/s/ Charles D. Cording*

Todd G. Cosenza
Charles D. Cording
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
tcosenza@willkie.com
ccording@willkie.com

*Counsel for Defendants Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, Barclays Capital Inc.,*

*Credit Suisse Securities (USA) LLC, Piper Sandler & Co., Wells Fargo Securities, LLC, JMP Securities LLC (n/k/a Citizens JMP Securities), LLC, KeyBanc Capital Markets Inc., and Telsey Advisory Group LLC*

**SO ORDERED**.

Dated: Brooklyn, New York
    July 1    , 20 25

*Taryn A. Merkl*
TARYN A. MERKL
United States Magistrate Judge
Eastern District of New York

13

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: _____ have been designated as confidential. I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____

[Print Name]

_____

[Signature]

Dated: _____