**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAJAT SHARMA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> RENT THE RUNWAY, INC., JENNIFER Y. HYMAN, SCARLETT O' SULLIVAN, TIM BIXBY, JENNIFER FLEISS, SCOTT FRIEND, MELANIE HARRIS, BETH KAPLAN, DAN NOVA, GWYNETH PALTROW, CARLEY RONEY, DAN ROSENSWEIG, MIKE ROTH, GOLDMAN SACHS & CO. LLC, MORGAN STANLEY & CO. LLC, BARCLAYS CAPITAL INC., CREDIT SUISSE SECURITIES (USA) LLC, PIPER SANDLER & CO., WELLS FARGO SECURITIES, LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., and TELSEY ADVISORY GROUP LLC, <br><br> Defendants, | Case No. 22-cv-06935-OEM-SDE |

**RTR DEFENDANTS' ANSWER TO THE**
**CORRECTED AMENDED CLASS ACTION COMPLAINT**

Defendants Rent the Runway ("RTR," or the "Company") and Jennifer Y. Hyman, Scarlett O'Sullivan, Tim Bixby, Jennifer Fleiss, Scott Friend, Melanie Harris, Beth Kaplan, Dan Nova, Gwyneth Paltrow, Carley Roney, Dan Rosensweig, and Mike Roth (collectively, the "Individual Defendants," and together with RTR, the "Defendants"), by and through their undersigned counsel, hereby answer the Corrected Amended Class Action Complaint ("CAC"), filed by Lead Plaintiffs Delaware Public Employees Retirement System and Denver Employees Retirement Plan ("Plaintiffs") in the above-captioned action (the "Action").[1]

Any allegation not explicitly admitted is denied. In particular, Defendants deny any suggestion or allegation that RTR's Registration Statement, filed with the Securities and Exchange Commission ("SEC") on Form S-1 on October 4, 2021, and amended on Forms S-1/A on October 18, 2021 and October 22, 2021, and Prospectus, filed with the SEC on Form 424B4 on October 27, 2021 (collectively, the "Offering Documents"),  for the October 27, 2021 initial public offering of RTR common stock (the "IPO") were false and misleading or omitted material facts and respectfully refer the Court to the Offering Documents for their true and complete contents. Defendants further deny that they made any untrue statement of material fact, omitted to state a material fact necessary to make statements made not misleading, or failed to conduct adequate due diligence. Defendants do not, by noting or admitting that the CAC purports to characterize or quote particular documents, admit the truth of any assertion in the referenced documents. Moreover, headings and footnotes in the CAC are not substantive allegations to which an answer is required. To the extent headings in the CAC require an answer, Defendants deny such allegations. To the extent footnotes in the CAC are substantive allegations, then the response to the Paragraph in which the footnote is found is Defendants' response to the footnote as well. In

---

[1] Capitalized terms not defined herein shall have the same meaning as in the CAC.

2

collectively responding to the allegations of the CAC, Defendants intend to respond only as to the allegations directed at each of them individually; and none of them should be deemed to be responding to the allegations that are directed solely at any other Defendant. To the extent an allegation in the CAC is admitted herein, that should not be construed as an admission that Defendants knew a particular fact at the time of the IPO. To the extent the allegations in the CAC pertain to claims dismissed by those two Orders (the "Dismissed Claims"), Defendants deny all such allegations and no response is required to them.

On September 25, 2024 (ECF No. 77) and September 12, 2025 (ECF No. 100) respectively, the Court issued its Orders granting in part Defendants' Motion to Dismiss the CAC (ECF No. 69) and Motion for Reconsideration of Order Denying in Part Defendants' Motion to Dismiss or, Alternatively, Certification Under 28 U.S.C. §1292(b) (ECF No. 83). To the extent the allegations in the CAC pertain to claims dismissed by those two Orders (the "Dismissed Claims"), Defendants deny all such allegations and no response is required to them. No response to any allegation waives any portion of the dismissal of certain of Plaintiffs' claims in this Court's September 25, 2024 and September 12, 2025 Orders.

Defendants reserve all rights to amend or otherwise supplement this Answer. For their specific responses to the CAC, Defendants respond or state as follows:

Defendants deny the allegations contained in the unnumbered paragraph on Page 1 of the CAC to the extent they suggest that the Offering Documents contained material misstatements or omissions, and otherwise lack knowledge or information sufficient to form a belief regarding the truth of the allegations appearing in that paragraph.

## I. NATURE OF THE ACTION

1. To the extent Paragraph 1 contains Plaintiffs' description of the claims in the Action, no response is required. To the extent a response is required, Defendants deny the

3

allegations in Paragraph 1, except admit that on or about October 27, 2021, RTR conducted an IPO of 17,000,000 shares of Class A common stock at the offering price of $21.00 per share and that the Underwriter Defendants had an overallotment of 2,550,000 shares and respectfully refer the Court to the Offering Documents for their true and complete contents.

2.      Paragraph 2 contains Plaintiffs' characterization of the Action as to which no response is required.  To the extent a response is required, Defendants deny the allegations to the extent they purport to assert that there is a basis in fact or law for Plaintiffs' claims against Defendants and respectfully refer the Court to the cited statute for its true and complete contents.

3.      Defendants admit the allegations in Paragraph 3 and respectfully refer the Court to the Offering Documents for their true and complete contents.

4.      Defendants deny the allegations in Paragraph 4.

5.      Defendants deny the allegations in Paragraph 5, except admit that a substantial amount of the IPO proceeds was used to pay secured loans and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 5.

6.      Defendants deny the allegations in Paragraph 6, except admit that the IPO occurred in October 2021 and that RTR's fiscal year begins on February 1 and ends on January 31 of the following year, and otherwise respectfully refer the Court to the Offering Documents and Defendant Hyman's cover letter included therein for their true and complete contents.

7.      Defendants deny the allegations in Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8.

9.      Defendants deny the allegations in Paragraph 9, except admit that, as disclosed prior to the IPO, RTR's fulfillment expenses consist of all variable costs to receive, process and fulfill customer orders, which primarily include shipping costs to/from customers and personnel and related costs, and also include costs of packing materials, cleaning supplies, and other fulfillment-related expenses, and that, at the time of the IPO, RTR was investing in automation and other process improvements to become more efficient in fulfilling orders to offset increasing shipping and other costs and diversifying its shipping carrier network beyond FedEx and UPS.

10.     Defendants deny the allegations in Paragraph 10, except admit that RTR executed the following agreements, which are referenced in and integral to the allegations in Paragraph 10: (i) a contract with UPS in July 2019, a true and complete copy of which is attached as Exhibit A, (ii) a contract with FedEx in August 2020 (and an amendment to certain terms of the same in April 2021), as to which FedEx sent a termination notice on July 19, 2021, true and complete copies of which are attached as Exhibits B, C, and F, (iii) a contract with UPS in May 2021, a true and complete copy of which is attached as Exhibit D, and amendments to the same in June 2021, July 2021, and August 2021, true and complete copies of which are attached as Exhibits E, G, and J, and (iv) contracts with FedEx in August 2021, true and complete copies of which are attached as Exhibits H and I.

11.     Paragraph 11 relates solely to the Dismissed Claims and no response is required.

12.     Paragraph 12 relates solely to the Dismissed Claims and no response is required.

13.     Defendants deny the allegations in Paragraph 13 and respectfully refer the Court to the Company's September 12, 2022 press release for its true and complete contents.

14.     Defendants deny the allegations in Paragraph 14.

15.     Paragraph 15 contains Plaintiffs' characterization of their cause of action and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 15, including to the extent they purport to assert that there is a basis in fact or law for Plaintiffs' claims against Defendants, except admit that this action was filed on November 14, 2022 and respectfully refer the Court to public market sources for a true and accurate record of the stock price on the relevant days.

## II.    JURISDICTION AND VENUE

16.     Paragraph 16 purports to state legal conclusions and no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to bring their claims pursuant to the statutes cited.

17.     Paragraph 17 purports to state legal conclusions and no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to base jurisdiction on the statutes cited.

18.     Paragraph 18 purports to state legal conclusions and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 18, except admit that Plaintiffs purport to base venue on the statutes cited.

19.     Paragraph 19 purports to state legal conclusions and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 19, except that RTR admits that it used certain means and instrumentalities of interstate commerce in connection with the IPO.

## III.    PARTIES

### A.    Lead Plaintiffs

20.     To the extent Paragraph 20 contains Plaintiffs' characterization of the Action, no response is required.  To the extent a response is required, Defendants deny the allegations, except

state that they lack knowledge or information as to the allegations concerning Plaintiffs' purported acquisition of Company securities and respectfully refer the Court to the referenced certification for its true and complete contents, and admit the allegation in the final sentence of Paragraph 20.

21.    To the extent Paragraph 21 contains Plaintiffs' characterization of the Action, no response is required.  To the extent a response is required, Defendants deny the allegations, except state that they lack knowledge or information as to the allegations concerning Plaintiffs' purported acquisition of Company securities and respectfully refer the Court to the referenced certification for its true and complete contents, and admit the allegation in the final sentence of Paragraph 21.

**B.    Defendant Rent the Runway**

22.    Defendants admit the allegations in Paragraph 22.

**C.    The Individual Defendants**

23.    Defendants admit the allegations in the first two sentences of Paragraph 23.  The third sentence of Paragraph 23 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 23.  Defendant Hyman admits the allegations in the fourth sentence of Paragraph 23, which the other Defendants admit upon information and belief, and Defendants respectfully refer the Court to the Offering Documents for a true and complete account of Defendant Hyman's beneficial ownership of Company stock at the time of the IPO.  Defendants admit the fifth sentence of Paragraph 23.

24.    Defendants admit the allegations in the first sentence of Paragraph 24.  Defendant O'Sullivan admits the allegations in the second sentence of Paragraph 24, which the other Defendants admit upon information and belief, and Defendants respectfully refer the Court to the

7

Offering Documents for a true and complete account of Defendant O'Sullivan's beneficial ownership of Company stock at the time of the IPO.

25. Defendants admit the allegations in the first sentence of Paragraph 25 and that the Offering Documents contained the information in the second sentence of Paragraph 25.

26. Defendants admit the allegations in the first two sentences of Paragraph 26. The third sentence of Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 26 and respectfully refer the Court to the Offering Documents for a true and complete account of Individual Defendants' beneficial ownership of Company stock at the time of the IPO.

27. Defendants admit the allegations in the first and fifth sentences of Paragraph 27. Defendant Friend admits the allegations in the second sentence of Paragraph 27, which the other Defendants admit upon information and belief. With respect to the third and fourth sentences of Paragraph 27, Defendants respectfully refer the Court to the Offering Documents for a true and complete account of Bain Capital Ventures' beneficial ownership of Company stock at the time of the IPO.

28. Defendants admit the allegations in Paragraph 28.

29. Defendants admit the allegations in the first and second sentences of Paragraph 29. Defendant Kaplan admits the allegations in the third sentence of Paragraph 29, which the other Defendants admit upon information and belief, and Defendants respectfully refer the Court to the Offering Documents for a true and complete account of Defendant Kaplan's beneficial ownership of Company stock at the time of the IPO.

30. Defendants admit the allegations in the first and second sentences of Paragraph 30. With respect to the third and fourth sentences of Paragraph 30, Defendant Nova admits the

allegation regarding his beneficial ownership of Company stock at the time of the IPO, which the other Defendants admit upon information and belief, and Defendants respectfully refer the Court to the Offering Documents for a true and complete account of Defendant Nova's and Highland Capital Partners' beneficial ownership of Company stock at the time of the IPO.

31. Defendants admit the allegations in Paragraph 31.

32. Defendants admit the allegations in the first sentence of Paragraph 32. Defendant Roney admits the allegation in the second sentence of Paragraph 32, which the other Defendants admit upon information and belief, and Defendants respectfully refer the Court to the Offering Documents for a true and complete account of Defendant Roney's beneficial ownership of Company stock at the time of the IPO.

33. Defendants admit the allegations in the first sentence of Paragraph 33. Defendant Rosensweig admits the allegations in the second sentence of Paragraph 33, which the other Defendants admit upon information and belief, and Defendants respectfully refer the Court to the Offering Documents for a true and complete account of Defendant Rosensweig's beneficial ownership of Company stock at the time of the IPO.

34. Defendants deny the allegations in the first sentence of Paragraph 34, except admit that Defendant Roth was a director on the Company's Board and a member of the Board's compensation committee at the time of the IPO. Defendant Roth admits the allegation in the second sentence of Paragraph 34, which the other Defendants admit upon information and belief, and Defendants respectfully refer the Court to the Offering Documents for a true and complete account of Defendant Roth's beneficial ownership of Company stock at the time of the IPO.

35. Defendants admit that Paragraph 35 purports to define the term "Individual Defendants" for purposes of the CAC.

36.     Defendants admit that Defendant O'Sullivan signed the Registration Statement, and that Defendant Hyman signed the Registration Statement on behalf of the remaining Individual Defendants.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants deny the allegations in Paragraph 38, except Defendants Hyman and O'Sullivan admit that they participated in roadshow meetings with potential investors prior to the IPO.

39.     Defendants admit the allegations in Paragraph 39 and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40 and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 40.

41.     Defendants admit the allegations in Paragraph 41 and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 41.

42.     The second sentence of Paragraph 42 contains a legal conclusion to which no response is required.  Defendants otherwise deny the allegations in Paragraph 42 and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43, except admit that the Company had directors' and officers' liability insurance at the time of the IPO.

**D.      The Underwriter Defendants**

44.      To the extent the allegations in Paragraph 44 are not directed to the Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 44, except admit that GS&Co. was an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 44.

45.      To the extent the allegations in Paragraph 45 are not directed to the Defendants, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 45, except admit that Morgan Stanley was an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 45.

46.      To the extent the allegations in Paragraph 46 are not directed to the Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 46, except admit that Barclays was an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 46.

47.      To the extent the allegations in Paragraph 47 are not directed to the Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 47, except admit that Credit Suisse was an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 47.

48.      To the extent the allegations in Paragraph 48 are not directed to the Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in

11

Paragraph 48, except admit that Piper Sandler was an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 48.

49.     To the extent the allegations in Paragraph 49 are not directed to the Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 49, except admit that Wells Fargo was an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 49.

50.     To the extent the allegations in Paragraph 50 are not directed to the Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 50, except admit that JMP was an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 50.

51.     To the extent the allegations in Paragraph 51 are not directed to the Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 51, except admit that KeyBanc was an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 51.

52.     To the extent the allegations in Paragraph 52 are not directed to the Defendants, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 52, except admit that Telsey was an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 52.

53. Defendants admit that Paragraph 53 purports to define "Underwriter Defendants" for purposes of the CAC.

54. Defendants admit that Paragraph 54 purports to define "Defendants" for purposes of the CAC.

55. The allegations in Paragraph 55 are not directed to the Defendants and no response from Defendants is required. To the extent a response is required, Defendants respectfully refer the Court to the Underwriter Defendants' public filings for a true and complete description of their businesses and to the Offering Documents for a true and complete description of the Underwriter Defendants' roles in the IPO and underwriting arrangements and discounts and commissions related thereto. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55.

56. The allegations in Paragraph 56 are not directed to the Defendants and no response from Defendants is required. To the extent a response is required, Defendants respectfully refer the Court to the Offering Documents for a true and complete description of the Underwriter Defendants' roles in the IPO. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 56, except admit that certain Underwriter Defendants arranged for a roadshow prior to RTR's IPO during which certain Underwriter Defendants and Defendants Hyman and O'Sullivan participated in roadshow meetings with potential investors.

57. The allegations in Paragraph 57 are not directed to the Defendants and no response from Defendants is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57, except admit that RTR and the Underwriter Defendants entered into an underwriting agreement in connection with the IPO, that the underwriting agreement, which

speaks for itself, includes provisions regarding indemnification of the Underwriter Defendants by RTR under certain circumstances, and that RTR holds directors' and officers' liability insurance.

58. The allegations in Paragraph 58 are not directed to the Defendants and no response from Defendants is required. To the extent the allegations in Paragraph 58 purport to state legal conclusions, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 58, except Defendants admit that the Underwriter Defendants performed underwriting services and conducted due diligence in connection with the IPO, and that the Underwriter Defendants, in the course of their due diligence investigation, had access to certain confidential corporate information concerning RTR.

59. The allegations in Paragraph 59 are not directed to the Defendants and no response from Defendants is required. To the extent the allegations in Paragraph 59 purport to state legal conclusions, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 59, except Defendants admit that the Underwriter Defendants performed underwriting services and conducted due diligence in connection with the IPO, and that the Underwriter Defendants, in the course of their due diligence investigation, had access to certain of RTR's internal corporate documents as well as to certain of RTR's lawyers, management, directors, and executives in connection with the IPO.

60. The allegations in Paragraph 60 are not directed to the Defendants and no response from Defendants is required. To the extent the allegations in Paragraph 60 purport to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60.

## IV.    SUBSTANTIVE ALLEGATIONS

### A.    Background

61.    Defendants admit the allegations asserted in the first sentence of Paragraph 61 and that as disclosed during RTR's earnings call on December 8, 2021, RTR describes its "Closet in the Cloud" as the world's first and largest shared designer closet that has transformed the way that women get dressed by letting them wear whatever they want without having to own it and RTR's mission is to empower women to feel their best every day and to encourage millions of customers to buy fewer clothes and use RTR's shared closet instead.

62.    Defendants deny the allegations in Paragraph 62, except admit that the specific language quoted in the first sentence is included in the Offering Documents and admit the allegations in the second sentence of Paragraph 62, and otherwise respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 62.

63.    Defendants admit the allegations in Paragraph 63 and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 63.

64.    Defendants admit the allegations in Paragraph 64 and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 64.

65.    Defendants deny the allegations in Paragraph 65, except admit that subscribers and customers can buy the Company's products through its "Resale" offerings and respectfully refer the Court to the Offering Documents for a true and complete account of the matters purported to be described in Paragraph 65.

15

66.    Defendants deny the allegations in Paragraph 66, except admit that subscribers generated (including through Reserve and Rental offerings) 83% of total revenue for the six months ended July 31, 2021 and that the specific language quoted in the third sentence of Paragraph 66 is included in the Offering Documents and respectfully refer the Court to the Offering Documents for their true and complete contents.

67.    Defendants deny the allegations in Paragraph 67, except admit that the Offering Documents contained the information described in the third sentence of Paragraph 67 and respectfully refer the Court to the Offering Documents for their true and complete contents.

68.    Defendants deny the allegations in Paragraph 68, except admit that the specific language quoted in Paragraph 68 is included in the Offering Documents and respectfully refer the Court to the Offering Documents for their true and complete contents.

69.    Defendants deny the allegations in Paragraph 69, except admit that the specific language quoted in Paragraph 69 is included in Hyman's cover letter to the Offering Documents and respectfully refer the Court to the Offering Documents for their true and complete contents.

**B.    As a Result of the COVID-19 Pandemic, Rent the Runway Lost a Substantial Number of Subscribers in 2020**

70.    Paragraph 70 relates solely to the Dismissed Claims and no response is required.

71.    Paragraph 71 relates solely to the Dismissed Claims and no response is required.

72.    Paragraph 72 relates solely to the Dismissed Claims and no response is required.

73.    Paragraph 73 relates solely to the Dismissed Claims and no response is required.

74.    Paragraph 74 relates solely to the Dismissed Claims and no response is required.

75.    Paragraph 75 relates solely to the Dismissed Claims and no response is required.

**C.    The Company was Unable to Regain Subscriber Momentum in 2021**

76.    Paragraph 76 relates solely to the Dismissed Claims and no response is required.

16

77.     Defendants lack knowledge or information sufficient to form a belief regarding FE-1's alleged role and tenure at RTR, as her identity, credibility, reliability, and accuracy have not been established (beyond statements made by Plaintiffs' counsel to Defendants' counsel), and on that basis deny the allegations in Paragraph 77.

78.     Paragraph 78 relates solely to the Dismissed Claims and no response is required.

79.     Paragraph 79 relates solely to the Dismissed Claims and no response is required.

80.     Paragraph 80 relates solely to the Dismissed Claims and no response is required.

81.     Paragraph 81 relates solely to the Dismissed Claims and no response is required.

82.     Paragraph 82 relates solely to the Dismissed Claims and no response is required.

83.     Paragraph 83 relates solely to the Dismissed Claims and no response is required.

84.     Defendants lack knowledge or information sufficient to form a belief regarding FE-4's alleged role and tenure at RTR, as her identity, credibility, reliability, and accuracy have not been established (beyond statements made by Plaintiffs' counsel to Defendants' counsel), and on that basis deny the allegations in Paragraph 84.

85.     Paragraph 85 relates solely to the Dismissed Claims and no response is required.

86.     Paragraph 86 relates solely to the Dismissed Claims and no response is required.

**D.      Rising Costs and Unsustainable Business Strategies Impair the Company's Ability to Reach Profitability**

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants deny the allegations in Paragraph 88 and respectfully refer the Court to the Offering Documents and the Company's public filings for a true and complete description of the nature and impact of its fulfillment expenses, including shipping costs.

### 1.      *Increasing Transportation Costs*

89.     Defendants lack knowledge or information sufficient to form a belief regarding

FE-1's alleged role and tenure at RTR, as her identity, credibility, reliability, and accuracy have not been established (beyond statements made by Plaintiffs' counsel to Defendants' counsel), and whether she made the statements attributed to her in the CAC. Defendants otherwise deny the allegations in Paragraph 89, except admit that RTR customers complained about FedEx prior to the IPO.

90. Defendants lack knowledge or information sufficient to form a belief regarding whether FE-1 made the statements attributed to her in the CAC. Defendants otherwise deny the allegations in Paragraph 90, except admit that RTR customers complained about FedEx prior to the IPO.

91. Defendants lack knowledge or information sufficient to form a belief regarding whether FE-1 made the statements attributed to her in the CAC. Defendants deny the allegations in the first sentence of Paragraph 91, except admit that RTR consistently pursued opportunities to lower costs where available. Defendants deny the allegations in the second and third sentences of Paragraph 91, except admit that (i) RTR executed a contract with UPS in July 2019, a true and complete copy of which is attached as Exhibit A and a contract with FedEx in August 2020, a true and complete copy of which is attached as Exhibit B, and (ii) RTR diversified its carrier network beyond FedEx and UPS.

92. Defendants deny the allegations in Paragraph 92, except admit that (i) RTR executed a contract with FedEx in August 2020 (and an amendment to certain terms of the same in April 2021), as to which FedEx sent a termination notice on July 19, 2021, true and complete copies of which are attached as Exhibits B, C, and F, (ii) RTR executed a contract with UPS in May 2021, a true and complete copy of which is attached as Exhibit D, and amendments to the same in June 2021, July 2021, and August 2021, true and complete copies of which are attached

18

as Exhibits E, G, and J, and (iii) RTR executed contracts with FedEx in August 2021, true and complete copies of which are attached as Exhibits H and I.

93.    Defendants lack knowledge or information sufficient to form a belief regarding whether FE-4 made the statements attributed to her in the CAC.  Defendants deny the allegations in Paragraph 93, including because FedEx did not "double" the various shipping rates for RTR, and respectfully refer the Court to the agreements with FedEx and UPS and the termination notice from FedEx (at Exhibits A - J) for their true and complete contents.

94.    Defendants deny the allegations in Paragraph 94, except admit that, as disclosed in the Offering Documents, RTR was in the process of transitioning from a single vendor to multiple other vendors for shipping at the time of the IPO, and otherwise respectfully refer the Court to the Offering Documents and the agreements with FedEx and UPS (at Exhibits A - J) for their true and complete contents.

95.    Defendants deny the allegations in Paragraph 95 except admit that, as disclosed in the Offering Documents, prior to the IPO, RTR expanded its network of physical drop-off points, mobile trucks, and drop-off boxes, where customers could return rented clothing.

2.    *Increasing Material Theft of Merchandise*

96.    Paragraph 96 relates solely to the Dismissed Claims and no response is required.

97.    Paragraph 97 relates solely to the Dismissed Claims and no response is required.

98.    Paragraph 98 relates solely to the Dismissed Claims and no response is required.

99.    Paragraph 99 relates solely to the Dismissed Claims and no response is required.

100.    Paragraph 100 relates solely to the Dismissed Claims and no response is required.

101.    Paragraph 101 relates solely to the Dismissed Claims and no response is required.

102.    Paragraph 102 relates solely to the Dismissed Claims and no response is required.

19

103.    Paragraph 103 relates solely to the Dismissed Claims and no response is required.

104.    Paragraph 104 relates solely to the Dismissed Claims and no response is required.

105.    Paragraph 105 relates solely to the Dismissed Claims and no response is required.

**E.    Rent the Runway's IPO**

106.    Defendants deny the allegations in Paragraph 106, except admit that on or about October 27, 2021, RTR conducted an IPO of 17,000,000 shares of Class A common stock and that the Underwriter Defendants had an overallotment of 2,550,000 shares and respectfully refer the Court to the Offering Documents for their true and complete account of the matters purported to be described in Paragraph 106.

107.    To the extent the allegations in Paragraph 107 state a legal conclusion, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 107, except admit that the Offering Documents consisted of RTR's Registration Statement, filed with the SEC on Form S-1 on October 4, 2021, and amended on Forms S-1/A on October 18, 2021 and October 22, 2021, and Prospectus, filed with the SEC on Form 424B4 on October 27, 2021, and respectfully refer the Court to the Offering Documents for their true and complete contents.

108.    Defendants admit that the specific language quoted in Paragraph 108 is included in the Prospectus and respectfully refer the Court to the Offering Documents for their true and complete contents.

109.    Defendants admit that the specific language quoted in Paragraph 109 is included in the Prospectus and respectfully refer the Court to the Offering Documents for their true and complete contents.

110.    To the extent the allegations in Paragraph 110 state a legal conclusion, no response is required.  Defendants further state that an analysis of whether the Class A common stock to

20

which Lead Plaintiffs refer is traceable, as "traceable" is used by Lead Plaintiffs, is a matter for expert opinion as to which no response is required. To the extent a response is required, Defendants lack knowledge or information as to the actions of Lead Plaintiffs or members of the putative class, and otherwise deny the allegations in Paragraph 110.

**F.     The Offering Documents Contained Materially False and Misleading Statements of Fact and Omitted Material Information**

111.    To the extent the allegations in Paragraph 111 state a legal conclusion, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 111.

112.    To the extent the allegations in Paragraph 112 state a legal conclusion, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 112.

113.    To the extent the allegations in Paragraph 113 state a legal conclusion, no response is required. Defendants respectfully refer the Court to the Offering Documents and cited regulations for their true and complete contents.

114.    Paragraph 114 relates solely to the Dismissed Claims and no response is required. Further, to the extent the allegations in Paragraph 114 state a legal conclusion, no response is required. Defendants respectfully refer the Court to the cited regulations for their true and complete contents.

115.    Paragraph 115 relates solely to the Dismissed Claims and no response is required. Further, to the extent the allegations in Paragraph 115 state a legal conclusion, no response is required. Defendants respectfully refer the Court to the cited regulations for their true and complete contents.

1.      *The Offering Documents Contained Misstatements and Omissions About Customer Demand for Subscriptions, Failed to Disclose a Material*

21

*Adverse Trend in that Demand's Purported Momentum, and Falsely Describes Certain Risks as Potential when Such Risks had Already Manifested or Would Foreseeably Occur Shortly After the IPO*

116.    Paragraph 116 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 116.

117.    Paragraph 117 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 117, except admit that specific subscriber numbers mentioned in the second sentence of Paragraph 117 are included in the Offering Documents and otherwise respectfully refer the Court to the Offering Documents for their true and complete contents.

118.    Paragraph 118 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 118, except admit that the specific information regarding number and growth of subscribers mentioned in Paragraph 118 is included in the Offering Documents and otherwise respectfully refer the Court to the Offering Documents for their true and complete contents.

119.    Paragraph 119 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 119, except admit that the specific language quoted in Paragraph 119 is included in the Offering Documents and otherwise respectfully refer the Court to the Offering Documents for their true and complete contents.

120.    Paragraph 120 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 120, except admit that the specific language quoted in Paragraph 120 is included in the Offering Documents and otherwise respectfully refer the Court to the Offering Documents for their true and complete contents.

121.    Paragraph 121 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121.

122.    Paragraph 122 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 122.

123.    Paragraph 123 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 123, except admit that the specific language quoted in Paragraph 123 is included in the Offering Documents and otherwise respectfully refer the Court to the Offering Documents for their true and complete contents.

124.    Paragraph 124 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 124, except admit that the specific language quoted in Paragraph 124 is included in the Offering Documents and otherwise respectfully refer the Court to the Offering Documents for their true and complete contents.

125.    Paragraph 125 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 125, except admit that the specific language quoted in Paragraph 125 is included in the Offering Documents and otherwise respectfully refer the Court to the Offering Documents for their true and complete contents.

126.    Paragraph 126 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 126.

127.    Paragraph 127 relates solely to the Dismissed Claims and no response is required. Further, to the extent the allegations in Paragraph 127 state a legal conclusion, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 127.

### 2.    *The Offering Documents Contained Misstatements and Omissions About The Company's Shipping Costs and Falsely Described Certain Risks as Potential when Such Risks had Already Manifested or Would Foreseeably Occur Shortly After the IPO*

128.    Defendants deny the allegations in Paragraph 128, except admit that the specific language quoted in Paragraph 128 is included in the Offering Documents and otherwise respectfully refer the Court to the Offering Documents for their true and complete contents.

129.    Defendants deny the allegations in Paragraph 129 and respectfully refer the Court to the agreements with FedEx and UPS (at Exhibits A - J) for their true and complete terms.

130.    Defendants deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131 and respectfully refer the Court to the agreements with FedEx and UPS (at Exhibits A - J) for their true and complete terms.

### 3.    *The Offering Documents Contained Misstatements and Omissions About Thefts and Falsely Described Certain Risks as Potential when Such Risks had Already Manifested or Would Foreseeably Occur Shortly After the IPO*

132.    Paragraph 132 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 132, except admit that the specific language quoted in Paragraph 132 is included in the Offering Documents and otherwise respectfully refer the Court to the Offering Documents for their true and complete contents.

133.    Paragraph 133 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 133.

134.    Paragraph 134 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 134.

135.    Paragraph 135 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 135.

136.    Paragraph 136 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 136.

137.    Paragraph 137 relates solely to the Dismissed Claims and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 137.

138.    Paragraph 138 relates solely to the Dismissed Claims and no response is required. Further, to the extent the allegations in Paragraph 138 state a legal conclusion, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 138.

### G.    Post-IPO Events

139.    The third sentence of Paragraph 139 relates solely to the Dismissed Claims and no response is required.  Defendants deny the remaining allegations in Paragraph 139, except admit that, in the December 8, 2021 press release, RTR reported a net loss of $87.8 million for the third quarter of fiscal year 2021 and otherwise respectfully refer the Court to the December 8, 2021 press release for its true and complete contents.

140.    Defendants deny the allegations in Paragraph 140, except admit that RTR disclosed the specific amounts of fulfillment expenses for the periods described in Paragraph 140 and otherwise respectfully refer the Court to RTR's disclosures for the relevant periods filed with the SEC for their true and complete contents.

141.    Defendants deny the allegations in Paragraph 141, except admit that, as disclosed during the December 8, 2021 earnings call, the Company raised $357 million in capital from the

IPO and a portion of IPO proceeds was used to pay off approximately one-third of RTR's debt, and otherwise respectfully refer the Court to the December 8, 2021 earnings call transcript for its true and complete contents.

142.    Defendants deny the allegations in Paragraph 142, except admit that the specific language quoted in the second and third sentences of Paragraph 142 were included in O'Sullivan's remarks during the December 8, 2021 earnings call and otherwise respectfully refer the Court to the December 8, 2021 earnings call transcript for its true and complete contents.

143.    To the extent the allegations in Paragraph 143 purport to state a legal conclusion, no response is required.  To the extent a response is required, Defendants respectfully refer the Court to public market sources for a true and accurate record of the stock price on the relevant days.

144.    The third sentence of Paragraph 144  relates solely to the Dismissed Claims and no response is required.  Defendants deny the remaining allegations in Paragraph 144 and respectfully refer the Court to the April 13, 2022 press release for its true and complete contents.

145.    Defendants deny the allegations in Paragraph 145, except admit that RTR reported fulfillment expenses of $20.4 million for the fourth quarter of fiscal year 2021 and otherwise respectfully refer the Court to RTR's disclosures for the relevant period filed with the SEC for their true and complete contents.

146.    Paragraph 146 relates solely to the Dismissed Claims and no response is required.

147.    Paragraph 147 relates solely to the Dismissed Claims and no response is required.

148.    Paragraph 148 relates solely to the Dismissed Claims and no response is required.

149.    Defendants deny the allegations in Paragraph 149, except admit that RTR reported fulfillment expenses of $22.9 million for the first quarter of fiscal year 2022 and otherwise

respectfully refer the Court to RTR's disclosures for the relevant period filed with the SEC for their true and complete contents.

150.    Paragraph 150 relates solely to the Dismissed Claims and no response is required.

151.    To the extent the allegations in Paragraph 151 purport to state a legal conclusion, no response is required.  To the extent a response is required, Defendants respectfully refer the Court to public market sources for a true and accurate record of the stock price on the relevant days.

152.    The third sentence of Paragraph 152  relates solely to the Dismissed Claims and no response is required.  Defendants deny the remaining allegations in Paragraph 152, except admit that the specific figures and language quoted in Paragraph 152 was included in the September 12, 2022 press release and otherwise respectfully refer the Court to the September 12, 2022 press release for its true and complete contents.

153.    Defendants deny the allegations in Paragraph 153, except admit that RTR reported fulfillment expenses of $23.4 million for the second quarter of fiscal year 2022 and otherwise respectfully refer the Court to RTR's disclosures for the relevant period filed with the SEC for their true and complete contents.

154.    Defendants deny the allegations in Paragraph 154, except admit that the specific language quoted in Paragraph 154 was included in Hyman's remarks during the September 12, 2022 earnings call and otherwise respectfully refer the Court to the September 12, 2022 earnings call transcript for its true and complete contents.

155.    To the extent the allegations in Paragraph 155 purport to state a legal conclusion, no response is required.  To the extent a response is required, Defendants respectfully refer the Court to public market sources for a true and accurate record of the stock price on the relevant

days.

## V.    CLASS ALLEGATIONS

156.    To the extent the allegations in Paragraph 156 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny any allegation or suggestion in Paragraph 156 that the Offering Documents were false and misleading.  Defendants further deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Defendants and deny that this action is appropriate for class action treatment.  Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 156.

157.    To the extent the allegations in Paragraph 157 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  Defendants further deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Defendants and deny that this action is appropriate for class action treatment.  Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 157.

158.    To the extent the allegations in Paragraph 158 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny any allegation or suggestion in Paragraph 158 that the Offering Documents were false and misleading.  Defendants further deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Defendants and deny that this action is appropriate for

class action treatment.  Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 158.

159.    To the extent the allegations in Paragraph 159 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Defendants and deny that this action is appropriate for class action treatment.  Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 159.

160.    To the extent the allegations in Paragraph 160 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny any allegation or suggestion in Paragraph 160 that the Offering Documents were false and misleading.  Defendants further deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Defendants and deny that this action is appropriate for class action treatment.  Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 160.

161.    To the extent the allegations in Paragraph 161 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny any allegation or suggestion in Paragraph 161 that the Offering Documents were false and misleading.  Defendants further deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Defendants and deny that this action is appropriate for

class action treatment. Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in Paragraph 161.

## VI.    CAUSES OF ACTION

### COUNT I
### FOR VIOLATION OF SECTION 11 OF THE SECURITIES ACT
### Against All Defendants

162.    Defendants incorporate their answers to each and every allegation above as if fully set forth herein.

163.    To the extent the allegations in Paragraph 163 relate to the Dismissed Claims or purport to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 163, except admit that Plaintiffs purport to bring this action under the statute specified therein.

164.    To the extent the allegations in Paragraph 164 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 164.

165.    To the extent the allegations in Paragraph 165 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 165.

166.    To the extent the allegations in Paragraph 166 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 166, except admit that the Company is the registrant and issuer of the Class A common stock sold pursuant to the Registration Statement.

167.    To the extent the allegations in Paragraph 167 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 167.

30

168.     The allegations in Paragraph 168 are not directed to RTR, and no response from RTR is required.  To the extent the allegations in Paragraph 168 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 168, except admit that Defendants O'Sullivan and Hyman (on behalf of the remaining Individual Defendants) signed the Registration Statement.

169.     The allegations in Paragraph 169 are not directed to Defendants and no response is required.  To the extent the allegations in paragraph 169 purport to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 169 and respectfully refer the Court to the Offering Documents for a true and complete description of the Underwriter Defendants' roles in the IPO.

170.     To the extent the allegations in Paragraph 170 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 170.

171.     To the extent the allegations in Paragraph 171 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 171.

172.     To the extent the allegations in Paragraph 172 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 172.

173.     To the extent the allegations in Paragraph 173 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 173.

## COUNT II
### FOR VIOLATION OF SECTION 12(a)(2) OF THE SECURITIES ACT
### Against All Defendants

174. Defendants incorporate their answers to each and every allegation above as if fully set forth herein.

175. To the extent the allegations in Paragraph 175 relate to the Dismissed Claims or purport to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 175, except admit that Plaintiffs purport to bring this action under the statute specified therein.

176. To the extent the allegations in Paragraph 176 relate to the Dismissed Claims or purport to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 176.

177. To the extent the allegations in Paragraph 177 relate to the Dismissed Claims or purport to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 177.

178. To the extent the allegations in Paragraph 178 relate to the Dismissed Claims or purport to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 178.

179. To the extent the allegations in Paragraph 179 relate to the Dismissed Claims or purport to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 179.

180. To the extent the allegations in Paragraph 180 relate to the Dismissed Claims or purport to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 180.

181. To the extent the allegations in Paragraph 181 relate to the Dismissed Claims or

purport to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 181.

## COUNT III
### FOR VIOLATION OF SECTION 15 OF THE SECURITIES ACT
**Against the Individual Defendants**

182.    Defendants incorporate their answers to each and every allegation above as if fully set forth herein.

183.    The allegations in Paragraph 183 are not directed to RTR, and no response from RTR is required.  To the extent the allegations in Paragraph 183 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 183, except admit that Plaintiffs purport to bring this action under the statute specified therein.

184.    The allegations in Paragraph 184 are not directed to RTR, and no response from RTR is required.  To the extent the allegations in Paragraph 184 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 184.

185.    The allegations in Paragraph 185 are not directed to RTR, and no response from RTR is required.  To the extent the allegations in Paragraph 185 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 185.

186.    The allegations in Paragraph 186 are not directed to RTR, and no response from RTR is required.  To the extent the allegations in Paragraph 186 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 186.

187.    The allegations in Paragraph 187 are not directed to RTR, and no response from

33

RTR is required.  To the extent the allegations in Paragraph 187 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 187.

## VII.    PRAYER FOR RELIEF

Defendants deny that Plaintiffs and the putative class are entitled to any relief against Defendants, and Defendants respectfully request that the Court dismiss all the claims against them with prejudice and/or enter judgment in the Defendants' favor on all such claims and order such further relief as the Court deems just and proper.  Defendants further deny that this case is appropriate for class action treatment.

## VIII.   JURY DEMAND

No response is required to Plaintiffs' demand for a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants do not relieve Plaintiffs of proving under the appropriate standard of proof all elements of the claims they allege.  Without admitting any wrongful conduct on their part, and without assuming any burden of proof or persuasion or presentation or production of evidence that they would not otherwise bear, Defendants assert the following defenses.  Defendants reserve the right to amend this Answer to assert any additional defenses when, and if, in the course of their investigation, discovery, preparation for trial, or otherwise, such defenses subsequently come to light, and Defendants expressly reserve the right to rely on and/or assert any defense or affirmative defense raised by any other defendant in this Action to the extent Defendants may share in such a defense.

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the CAC fails to state any claim

34

against Defendants upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs and members of the putative class lack standing to maintain their claims under Section 11 of the Securities Act of 1933 (the "Securities Act") to the extent that they cannot demonstrate a purchase of securities traceable to the IPO, that their claims are typical of the putative class, or that they will adequately represent the putative class.

## THIRD DEFENSE

Plaintiffs and members of the putative class lack standing to maintain their claims under Section 12(a)(2) to the extent that they cannot demonstrate a purchase of securities from, or solicited by, Defendants.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants did not omit or fail to state any material facts that were necessary in order to make any statement in the Offering Documents not false or misleading.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants did not make, or cause to be made, any statements that were false or misleading when made.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because at all relevant times Defendants had no duty to disclose the allegedly omitted information or to characterize disclosed facts pejoratively.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged misrepresentation or

35

omission was not material as a matter of law.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they pertain to alleged statements which are non-actionable under the safe harbor provision of the Private Securities Litigation Reform Act of 1995 and/or the bespeaks caution doctrine.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the matters alleged in the CAC to be the subject of misrepresentations or omissions were in fact disclosed in the public disclosures of RTR and third parties, in public filings and announcements, in the Offering Documents, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community, and, as such, were available and/or known to Plaintiffs and other members of the purported class and we are at all times reflected in the price of RTR securities.  Accordingly, those who purchased or otherwise acquired RTR securities during the relevant time did not do so at artificially inflated prices and/or did so with actual knowledge of the alleged misrepresentations or omissions.

## TENTH DEFENSE

Defendants are not liable because they acted at all times with reasonable care and due diligence and had, after reasonable investigation, reasonable grounds to believe, and did believe, as the Offering Documents became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## ELEVENTH DEFENSE

Defendants are not liable to the extent that the acts or omissions alleged in the CAC

related to portions of the Offering Documents reviewed by experts retained to assist in preparing such documents, as to which Defendants had no reasonable grounds to believe, and did not believe, that any statements contained therein were misleading.

## TWELFTH DEFENSE

Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged misstatement or omission in the Offering Documents was false or misleading.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover damages in excess of those authorized by the Securities Act of 1933, including damages in excess of the price at which RTR stock was offered to the public.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the damages for which Plaintiffs' claim Defendants are responsible arise from declines in the price of RTR stock that were not caused by the disclosure of any material misrepresentation or omission or risk concealed by Defendants and were otherwise caused by (a) persons or entities for whom Defendants are not responsible and for whose conduct Defendants are not liable, or (b) factors other than any alleged misrepresentations or omissions for which Defendants may be responsible.  In particular, Plaintiffs' claims are barred by negative causation because the Company disclosed the relevant information prior to the IPO, the Company's alleged stock price decline started well before December 8, 2021, when the Company reported its results for the third quarter of fiscal year 2021, and any declines in the price of RTR stock within the Class Period are not attributable to any alleged misstatement remaining in this Action.

37

## FIFTEENTH DEFENSE

Plaintiffs voluntarily assumed the risk of injury and damages alleged in the CAC, if in fact any injury or damages have been sustained, which Defendants expressly deny.

## SIXTEENTH DEFENSE

This action is not properly maintainable as a class action under Fed. R. Civ. P. 23.

## SEVENTEENTH DEFENSE

In the event that a final judgment is rendered against any of the Defendants, each Defendant is liable solely for the portion of the judgment that corresponds to the percentage of their responsibility because Defendants did not knowingly commit a violation of the federal securities laws.

## EIGHTEENTH DEFENSE

Defendants are entitled to recover contribution and/or indemnification from others for any alleged liability.

## NINETEENTH DEFENSE

The claims are barred, in whole or in part, by laches, equitable estoppel, waiver, or other related equitable doctrines.

Dated:   New York, New York
         October 6, 2025

Respectfully submitted,

**FRESHFIELDS US LLP**

*/s/ Mary Eaton*
Mary Eaton
Meredith Kotler
Agnès Dunogué
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, New York 10007

Telephone: (212) 277-4000
mary.eaton@freshfields.com
meredith.kotler@freshfields.com
agnes.dunogue@freshfields.com

*Counsel for Defendants Rent the Runway, Inc.,
Jennifer Y. Hyman, Scarlett O'Sullivan, Tim Bixby,
Jennifer Fleiss, Scott Friend, Melanie Harris, Beth
Kaplan, Dan Nova, Gwyneth Paltrow, Carley Roney,
Dan Rosensweig, and Mike Roth*