**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAJAT SHARMA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> RENT THE RUNWAY, INC., JENNIFER Y. HYMAN, SCARLETT O'SULLIVAN, TIM BIXBY, JENNIFER FLEISS, SCOTT FRIEND, MELANIE HARRIS, BETH KAPLAN, DAN NOVA, GWYNETH PALTROW, CARLEY RONEY, DAN ROSENSWEIG, MIKE ROTH, GOLDMAN SACHS & CO. LLC, MORGAN STANLEY & CO. LLC, BARCLAYS CAPITAL INC., CREDIT SUISSE SECURITIES (USA) LLC, PIPER SANDLER & CO., WELLS FARGO SECURITIES, LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., and TELSEY ADVISORY GROUP LLC, <br><br> Defendants. | Case No. 22-cv-06935-OEM-SDE <br><br> Judge Orelia E. Merchant |

**UNDERWRITER DEFENDANTS' AMENDED ANSWER TO LEAD PLAINTIFFS'**
**CORRECTED AMENDED CLASS ACTION COMPLAINT**

WILLKIE FARR & GALLAGHER LLP
Todd G. Cosenza
Charles D. Cording
787 Seventh Avenue
New York, NY 10019-6099
Tel.: (212) 728-8000
Email: TCosenza@willkie.com
Email: CCording@willkie.com

*Attorneys for Defendants Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Piper Sandler & Co., Wells Fargo Securities, LLC, JMP Securities LLC (n/k/a Citizens JMP Securities), KeyBanc Capital Markets Inc., and Telsey Advisory Group LLC*

Defendants Goldman Sachs & Co. LLC ("Goldman Sachs"), Morgan Stanley & Co. LLC ("Morgan Stanley"), Barclays Capital Inc. ("Barclays"), Credit Suisse Securities (USA) LLC ("Credit Suisse"), Piper Sandler & Co. ("Piper Sandler"), Wells Fargo Securities, LLC ("Wells Fargo"), JMP Securities LLC (n/k/a Citizens JMP Securities) ("JMP"), KeyBanc Capital Markets Inc. ("KeyBanc"), and Telsey Advisory Group LLC ("Telsey") (collectively, the "Underwriter Defendants"), by and through their undersigned counsel, respectfully submit the following answer and affirmative defenses ("Answer") to the allegations contained in Lead Plaintiffs' Corrected Amended Class Action Complaint, filed on September 5, 2023 (the "Corrected Amended Complaint" or "CAC") (ECF No. 61) in the above-captioned action (the "Action").[1]

In collectively responding to the allegations of the Corrected Amended Complaint, the Underwriter Defendants: (i) incorporate into each such response a denial of all allegations in the Corrected Amended Complaint (including those outside the knowledge or information of the Underwriter Defendants) to the extent that they assert or suggest that the registration statement, as filed on October 4, 2021 and amended on October 18, 2021 and October 22, 2021 (collectively, the "Registration Statement"), and prospectus filed on October 27, 2021 (the "Prospectus," and together with the Registration Statement, the "Offering Documents") for the October 2021 initial public offering of Rent the Runway, Inc. ("Rent the Runway" or the "Company") common stock (the "Offering" or "IPO") contained material misstatements or omissions, or to the extent that they

---

[1] The titles and headings throughout the CAC do not constitute well-pleaded allegations of fact and, therefore, no response is required. To the extent any response is required, Underwriter Defendants deny the allegations and characterizations of allegations set forth in the titles and headings of the CAC. Additionally, unless otherwise indicated in this Answer, the footnotes to the CAC do not set forth a claim for relief or allege facts to which a response is required. To the extent a response is deemed required, the allegations in the footnotes are denied. Moreover, by referring to or admitting the existence of any documents quoted, described, or otherwise referenced in the CAC, Underwriter Defendants do not acknowledge or concede that (1) such documents are what they purport to be, are accurate as to their substance, constitute business records within the meaning of the rules of evidence, or are otherwise admissible on any other basis, or (2) Underwriter Defendants have any knowledge or information concerning the document quoted, described, or otherwise referenced at any particular point in time prior to the filing of the CAC, unless explicitly admitted herein.

1

assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which the Underwriter Defendants refer for a complete and accurate statement of their contents; (ii) deny that they made any untrue statement of material fact, omitted to state a material fact necessary to render statements not misleading, or failed to conduct adequate due diligence; (iii) deny any averments in the headings and subheadings of the Corrected Amended Complaint; (iv) deny the allegations contained in the unnumbered paragraph on Page 1 of the CAC to the extent they suggest that the Offering Documents contained material misstatements or omissions, and otherwise lack knowledge or information sufficient to form a belief regarding the truth of the allegations appearing in that paragraph and (v) in all events, intend to respond only to allegations directed at each of them individually, and none of the responses should be deemed to be responding to allegations that are directed solely to other defendants. Any allegation not explicitly admitted is denied. The Underwriter Defendants do not, by noting or admitting that the Corrected Amended Complaint purports to characterize or quote particular documents, admit the truth of any assertions in the referenced documents.

On September 25, 2024 (ECF No. 77) and September 12, 2025 (ECF No. 100), respectively, the Court issued its Orders granting in part Defendants' Motion to Dismiss the CAC (ECF No. 69) and Motion for Reconsideration of Order Denying in Part Defendants' Motion to Dismiss or, Alternatively, Certification Under 28 U.S.C. §1292(b) (ECF No. 83). To the extent the allegations in the CAC pertain to claims dismissed by those two Orders (the "Dismissed Claims"), the Underwriter Defendants deny all such allegations and no response is required. No response to any allegation waives any portion of the partial dismissal of Lead Plaintiffs' claims in this Court's September 25, 2024 Order and September 12, 2025 Order. The Underwriter Defendants expressly reserve the right to amend and/or supplement their answer.

2

## I.    NATURE OF THE ACTION

1.    To the extent the allegations in Paragraph 1 state a legal conclusion, no responsive pleading is required.  Underwriter Defendants further state that an analysis of whether the Class A common stock to which Lead Plaintiffs refer is traceable, as "traceable" is used by Lead Plaintiffs, is a matter for expert opinion to which no response is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 1, except admit that Lead Plaintiffs purport to describe the nature of this Action and the putative class that Lead Plaintiffs purport to represent, admit that, in connection with its IPO on or around October 27, 2021, Rent the Runway conducted an IPO of 17,000,000 shares of Class A common stock at the offering price of $21.00 per share, including the Underwriter Defendants' (as defined herein) overallotment of 2,550,000 shares.  The Underwriter Defendants respectfully refer the Court to the Offering Documents for their true and complete contents.

2.    To the extent the allegations in Paragraph 2 contain legal conclusions or Lead Plaintiffs' characterization of the Action, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 2 to the extent they purport to assert that there is a basis in fact or law for Lead Plaintiffs' claims against the Underwriter Defendants, and respectfully refer the Court to the Securities Act of 1933 for its true and complete contents.

3.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, except admit that Lead Plaintiffs purport to paraphrase the Offering Documents in Paragraph 3, and respectfully refer the Court to the Offering Documents for their true and complete contents.

4.    The Underwriter Defendants deny the allegations in Paragraph 4.

5.     The Underwriter Defendants deny the allegations in Paragraph 5, except admit that the Company used net proceeds, in whole or in part, from the IPO in part to repay secured loans and respectfully refer the Court to the Offering Documents for their true and complete contents.

6.     The Underwriter Defendants deny the allegations in the first sentence of Paragraph 6.  The Underwriter Defendants deny the allegations in the second sentence of Paragraph 6 and Footnote 1, except admit that the IPO occurred in October 2021 and that the Company's fiscal year begins on February 1 and ends on January 31.  The Underwriter Defendants deny the allegations in the third and fourth sentences of Paragraph 6 and respectfully refer the Court to the Offering Documents and Hyman's cover letter included therein for their true and complete contents.

7.     The Underwriter Defendants deny the allegations in Paragraph 7.

8.     The Underwriter Defendants lack knowledge and information as to the truth of the allegations in Paragraph 8 concerning the knowledge and statements of others, and deny the remaining allegations in Paragraph 8.

9.     The Underwriter Defendants deny the allegations in Paragraph 9, except admit that, as disclosed prior to the IPO, Rent the Runway's fulfillment expenses consisted of all variable costs to receive, process and fulfill customer orders, which primarily included shipping costs to/from customers and personnel and related costs, and that, at the time of the IPO, Rent the Runway was investing in automation and other process improvements to become more efficient in fulfilling orders to offset increasing shipping and other costs and diversifying its shipping carrier network beyond FedEx and UPS.

10.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 concerning the knowledge and statements of others, except admit that Rent the Runway executed the following agreements, which are

referenced in and integral to the allegations in Paragraph 10: (i) a contract with UPS in July 2019, a true and complete copy of which is attached as an exhibit to Rent the Runway's answer and incorporated herein by reference, (ii) a contract with FedEx in August 2020, a true and complete copy of which is attached as an exhibit to Rent the Runway's answer and incorporated herein by reference, (iii) a contract with UPS in May 2021, a true and complete copy of which is attached as an exhibit to Rent the Runway's answer and incorporated herein by reference, and amendments to the same in June 2021, July 2021, and August 2021, true and complete copies of which are attached as exhibits to Rent the Runway's answer and incorporated herein by reference, and (iv) contracts with FedEx in August 2021, true and complete copies of which are attached as exhibits to Rent the Runway's answer and incorporated herein by reference.

11.    The allegations in Paragraph 11 refer solely to the Dismissed Claims, and no responsive pleading is required. To the extent a responsive pleading is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 concerning the knowledge and statements of others, and deny the remaining allegations in Paragraph 11.

12.    The allegations in Paragraph 12 refer solely to the Dismissed Claims, and no responsive pleading is required. To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 12, except admit that the Company implemented fraud prevention measures.

13.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and respectfully refer the Court to the Company's September 12, 2022 press release cited therein for a true and complete statement of its contents, and deny the remaining allegations in Paragraph 13.

14.    The Underwriter Defendants deny the allegations in Paragraph 14.

15.    To the extent that Paragraph 15 contains Lead Plaintiffs' characterization of their cause of action, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 15 to the extent they purport to assert that there is a basis in fact or law for Lead Plaintiffs' claims against the Underwriter Defendants, except admit that this action was filed on November 14, 2022, and respectfully refer the Court to public market sources for a true and complete record of Rent the Runway's common stock prices on the relevant days.

## II.    JURISDICTION AND VENUE

16.    Paragraph 16 purports to state legal conclusions, to which no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants admit that Lead Plaintiffs purport to bring this Action pursuant to the statutes cited.

17.    Paragraph 17 purports to state legal conclusions, to which no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants admit that Lead Plaintiffs purport to base jurisdiction on the statutes cited.

18.    Paragraph 18 purports to state legal conclusions, to which no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 18, except admit that Lead Plaintiffs purport to base venue on the statutes cited.

19.    To the extent the allegations in Paragraph 19 contain legal conclusions or Lead Plaintiffs' characterization of the Action, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants lack knowledge and information to

form a belief as to the truth of the allegations in Paragraph 19 involving defendants other than the Underwriter Defendants, and deny the allegations in Paragraph 19.

**III.     PARTIES**

**A.     Lead Plaintiffs**

20.     To the extent the allegations in Paragraph 20 contain legal conclusions or Lead Plaintiffs' characterization of the Action, no responsive pleading is required.  The Underwriter Defendants further state that an analysis of whether the Class A common stock to which Lead Plaintiffs refer is traceable, as "traceable" is used by Lead Plaintiffs, is a matter for expert opinion to which no response is required.  To the extent a response is required, Underwriter Defendants deny the allegations, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Lead Plaintiffs' purported acquisition of Company securities.  The Underwriter Defendants respectfully refer the Court to the referenced certification for its true and complete contents.  The Underwriter Defendants admit the allegations in the final sentence of Paragraph 20.

21.     To the extent the allegations in Paragraph 21 contain legal conclusions or Lead Plaintiffs' characterization of the Action, no responsive pleading is required.  The Underwriter Defendants further state that an analysis of whether the Class A common stock to which Lead Plaintiffs refer is traceable, as "traceable" is used by Lead Plaintiffs, is a matter for expert opinion to which no response is required.  To the extent a response is required, Underwriter Defendants deny the allegations, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Lead Plaintiffs' purported acquisition of Company securities and respectfully refer the Court to the referenced certification for its true and

7

complete contents.  The Underwriter Defendants admit the allegation in the final sentence of Paragraph 21.

### B.      Defendant Rent the Runway

22.      The Underwriter Defendants admit the allegations in Paragraph 22.

### C.      The Individual Defendants

23.      The Underwriter Defendants admit the allegations in the first two sentences of Paragraph 23.  The third sentence of Paragraph 23 states a legal conclusion, to which no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in the third sentence of Paragraph 23.  Upon information and belief, the Underwriter Defendants admit the allegations in the fourth sentence of Paragraph 23, and the Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete account of Defendant Hyman's beneficial ownership of Company stock at the time of the IPO.  The Underwriter Defendants admit the fifth sentence of Paragraph 23.

24.      The Underwriter Defendants admit the allegations in the first sentence of Paragraph 24.  Upon information and belief, the Underwriter Defendants admit the allegations in the second sentence of Paragraph 24, and the Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete account of Defendant O'Sullivan's beneficial ownership of Company stock at the time of the IPO.

25.      The Underwriter Defendants admit the allegations in the first sentence of Paragraph 25 and that the Offering Documents contained the information in the second sentence of Paragraph 25.

26.      The Underwriter Defendants admit the first two sentences of Paragraph 26.  The third sentence of Paragraph 26 states a legal conclusion, to which no response is required.  To the

8

extent a response is required, the Underwriter Defendants deny the allegations in the third sentence of Paragraph 26.  The Underwriter Defendants respectfully refer the Court to the Offering Documents for a true and complete account of Individual Defendants' beneficial ownership of Company stock at the time of the IPO.

27.    The Underwriter Defendants admit the first and fifth sentences of Paragraph 27. Upon information and belief, the Underwriter Defendants admit the allegations in the second sentence of Paragraph 27.  With respect to the third and fourth sentences of Paragraph 27, the Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete account of Bain Capital Ventures' beneficial ownership of Company stock at the time of the IPO.

28.    The Underwriter Defendants admit the allegations in Paragraph 28.

29.    The Underwriter Defendants admit the allegations in the first and second sentences of Paragraph 29.  Upon information and belief, the Underwriter Defendants admit the allegations in the third sentence of Paragraph 29, and the Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete account of Defendant Kaplan's ownership of Company stock at the time of the IPO.

30.    The Underwriter Defendants admit the first and second sentences of Paragraph 30. Upon information and belief, the Underwriter Defendants admit the allegations in the third and fourth sentences of Paragraph 30, and the Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete account of Defendant Nova's and Highland Capital Partners' beneficial ownership of Company stock at the time of the IPO.

31.    The Underwriter Defendants admit the allegations in Paragraph 31.

32.    The Underwriter Defendants admit the allegations in the first sentence of Paragraph 32.  Upon information and belief, the Underwriter Defendants admit the allegations in the second

sentence of Paragraph 32, and the Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete account of Defendant Roney's beneficial ownership of Company stock at the time of the IPO.

33. The Underwriter Defendants admit the allegations in the first sentence of Paragraph 33. The Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete account of Defendant Rosensweig's beneficial ownership of Company stock.

34. The Underwriter Defendants deny the allegations in the first sentence of Paragraph 34 except admit that Defendant Roth was a director on the Company's Board and was a member of the Board's compensation committee at the time of the IPO. Upon information and belief, the Underwriter Defendants admit the allegations in the second sentence of Paragraph 34, and the Underwriter Defendants respectfully refer the Court to the Offering Documents for a complete account of Defendant Roth's beneficial ownership of Company stock at the time of the IPO.

35. No response to Paragraph 35, which contains no allegations, is required. To the extent a response is required, the Underwriter Defendants admit that Paragraph 35 purports to define the term "Individual Defendants" for purposes of the Corrected Amended Complaint.

36. The Underwriter Defendants admit that Defendant O'Sullivan signed the Registration Statement, and that Defendant Hyman signed the Registration Statement on behalf of the remaining Individual Defendants.

37. To the extent the allegations in Paragraph 37 state a legal conclusion, no responsive pleading is required. To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 37, except lack knowledge or information to form a belief as to the truth of the remaining allegations pertaining to defendants other than the Underwriter Defendants.

38.     The Underwriter Defendants lack knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 pertaining to defendants other than the Underwriter Defendants, except admit that the Underwriter Defendants underwrote the IPO and that Defendants Hyman and O'Sullivan participated in roadshow meetings with potential investors prior to the IPO, and deny the remaining allegations in Paragraph 38.

39.     The Underwriter Defendants admit the allegations in Paragraph 39, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

40.     The Underwriter Defendants lack knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 pertaining to defendants other than the Underwriter Defendants, deny the allegations in Paragraph 40, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

41.     The Underwriter Defendants admit the allegations in Paragraph 41, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

42.     The second sentence of Paragraph 42 contains a legal conclusion to which no response is required.  The Underwriter Defendants deny the remaining allegations in Paragraph 42, and respectfully refer the Court to the Offering Documents for a complete description of such matters.

43.     The Underwriter Defendants lack knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 pertaining to defendants other than the Underwriter Defendants, except admit that the Company had directors' and officers' liability insurance at the time of the IPO, and deny the remaining allegations in Paragraph 43.

**D.      The Underwriter Defendants**

11

44.    The Underwriter Defendants deny the allegations in Paragraph 44, except admit that Goldman Sachs was an underwriter of the Offering, acted as a representative of the Underwriter Defendants, and agreed to underwrite 5,254,304 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Goldman Sachs' role in the Offering.

45.    The Underwriter Defendants deny the allegations in Paragraph 45, except admit that Morgan Stanley was an underwriter of the Offering, acted as a representative of the Underwriter Defendants, and agreed to underwrite 4,904,017 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Morgan Stanley's role in the Offering.

46.    The Underwriter Defendants deny the allegations in Paragraph 46, except admit that Barclays was an underwriter of the Offering, acted as a representative of the Underwriter Defendants, and agreed to underwrite 2,276,865 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Barclays' role in the Offering.

47.    The Underwriter Defendants deny the allegations in Paragraph 47, except admit that Credit Suisse was an underwriter of the Offering and agreed to underwrite 1,259,259 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Credit Suisse's role in the Offering.

48.    The Underwriter Defendants deny the allegations in Paragraph 48, except admit that Piper Sandler was an underwriter of the Offering and agreed to underwrite 787,037 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Piper Sandler's role in the Offering.

49.     The Underwriter Defendants deny the allegations in Paragraph 49, except admit that Wells Fargo was an underwriter of the Offering and agreed to underwrite 787,037 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Wells Fargo's role in the Offering.

50.     The Underwriter Defendants deny the allegations in Paragraph 50, except admit that JMP, now known as Citizens JMP Securities, was an underwriter of the Offering and agreed to underwrite 708,333 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of JMP's role in the Offering.

51.     The Underwriter Defendants deny the allegations in Paragraph 51, except admit that KeyBanc was an underwriter of the Offering and agreed to underwrite 708,333 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of KeyBanc's role in the Offering.

52.     The Underwriter Defendants deny the allegations in Paragraph 52, except admit that Telsey was an underwriter of the Offering and agreed to underwrite 314,815 shares in the IPO, and respectfully refer the Court to the Offering Documents for a complete description of Telsey's role in the Offering.

53.     No response to Paragraph 53, which contains no allegations, is required.  The Underwriter Defendants admit that Paragraph 53 purports to define "Underwriter Defendants" for purposes of the Corrected Amended Complaint.

54.     No response to Paragraph 54, which contains no allegations, is required.  The Underwriter Defendants admit that Paragraph 54 purports to define "Defendants" for purposes of the Corrected Amended Complaint.[2]

55.     The Underwriter Defendants deny the allegations in Paragraph 55, except admit that the Underwriter Defendants underwrote the IPO and respectfully refer the Court to the Offering Documents for a complete description of the Underwriter Defendants' compensation in connection with the IPO.

56.     The Underwriter Defendants deny the allegations in Paragraph 56, except admit that the Underwriter Defendants underwrote the IPO.

57.     The Underwriter Defendants deny the allegations in Paragraph 57, except admit that Rent the Runway and the Underwriter Defendants entered into an underwriting agreement in connection with the IPO, that the underwriting agreement, which speaks for itself, includes provisions regarding indemnification of the Underwriter Defendants by Rent the Runway under certain circumstances, and that Rent the Runway holds directors' and officers' liability insurance, and respectfully refer the Court to the underwriting agreement between the Underwriter Defendants and the Company and the Offering Documents for a complete description of such matters.

58.     To the extent the allegations in Paragraph 58 state legal conclusions, no responsive pleading is required.  The Underwriter Defendants deny the remaining allegations in Paragraph 58, except admit that the Underwriter Defendants underwrote the IPO and conducted due diligence in connection therewith, and that the Underwriter Defendants were provided access to certain

---

[2] For the avoidance of confusion, the Underwriter Defendants note that this Answer defines "Defendants" differently from the CAC.  "Defendants" are defined herein as Rent the Runway and the Individual Defendants.  The "Underwriter Defendants" are referred to exclusively as such in this Answer.

internal corporate information and access to certain corporate executives during the due diligence process.

59.     To the extent the allegations in Paragraph 59 state legal conclusions, no responsive pleading is required.  The Underwriter Defendants deny the remaining allegations in Paragraph 59, except admit that the Underwriter Defendants underwrote the IPO and conducted due diligence in connection therewith, and that the Underwriter Defendants were provided access to certain internal corporate information and access to certain corporate executives during the due diligence process.

60.     To the extent the allegations in Paragraph 60 state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 60.

### IV.    SUBSTANTIVE ALLEGATIONS

#### A.    Background

61.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 concerning the knowledge and statements of others, except admit the allegations asserted in the first sentence of Paragraph 61, and respectfully refer the Court to the Offering Documents for their true and complete contents.

62.     To the extent that the allegations in Paragraph 62 purport to summarize information regarding the Company's business model in the Offering Documents, the Underwriter Defendants deny that Paragraph 62 is a complete and accurate summary, except admit that the specific language quoted in the first sentence is included in the Offering Documents and admit the allegations in the second sentence of Paragraph 62, and otherwise respectfully refer the Court to the Offering Documents for their true and complete contents.

15

63.     The Underwriter Defendants admit the allegations in Paragraph 63, and respectfully refer the Court to the Offering Documents for their true and complete contents.

64.     The Underwriter Defendants admit the allegations in Paragraph 64, and respectfully refer the Court to the Offering Documents for their true and complete contents.

65.     To the extent that the allegations in Paragraph 65 purport to summarize information regarding customer subscription plans in the Offering Documents, the Underwriter Defendants deny that Paragraph 65 is a complete and accurate summary, except admit that subscribers and customers can buy the Company's products through its "Resale" offerings and respectfully refer the Court to the Offering Documents for their true and complete contents.

66.     To the extent that the allegations in Paragraph 66 purport to summarize information regarding customer subscription plans in the Offering Documents, the Underwriter Defendants deny that Paragraph 66 is a complete and accurate summary, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66.

67.     To the extent that the allegations in Paragraph 67 purport to summarize information regarding customer value proposition in the Offering Documents, the Underwriter Defendants deny that Paragraph 67 is a complete and accurate summary, except admit that the Offering Documents contained the information described in the third sentence of Paragraph 67 and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67.

68.     To the extent that the allegations in Paragraph 68 purport to summarize information in the Offering Documents, the Underwriter Defendants deny that Paragraph 68 is a complete and accurate summary, except admit that the specific language quoted in Paragraph 68 is included in the Offering Documents and respectfully refer the Court to the Offering Documents for their true and complete contents.

69.     The Underwriter Defendants deny the allegations in Paragraph 69 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, except admit that the specific language quoted in Paragraph 69 is included in Hyman's cover letter and respectfully refer the Court to the Offering Documents for their true and complete contents.

**B.      As a Result of the COVID-19 Pandemic, Rent the Runway Lost a Substantial Number of Subscribers in 2020**

70.     The allegations in Paragraph 70 refer solely to the Dismissed Claims, and no responsive pleading is required.

71.     The allegations in Paragraph 71 refer solely to the Dismissed Claims, and no responsive pleading is required.

72.     The allegations in Paragraph 72 refer solely to the Dismissed Claims, and no responsive pleading is required.

73.     The allegations in Paragraph 73 refer solely to the Dismissed Claims, and no responsive pleading is required.

74.     The allegations in Paragraph 74 refer solely to the Dismissed Claims, and no responsive pleading is required.

75.     The allegations in Paragraph 75 refer solely to the Dismissed Claims, and no responsive pleading is required.

**C.**      **The Company was Unable to Regain Subscriber Momentum in 2021**

76.      The allegations in Paragraph 76 refer solely to the Dismissed Claims, and no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 76, which are purportedly based on the statements of former Rent the Runway employees whose identities, credibility, reliability, and accuracy have not been established.  The Underwriter Defendants deny the remaining allegations in Paragraph 76.

77.      The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 77, which are purportedly based on the statements of a former Rent the Runway employee whose identity, credibility, reliability, and accuracy have not been established, and on that basis deny the remaining allegations in Paragraph 77.

78.      The allegations in Paragraph 78 refer solely to the Dismissed Claims, and no responsive pleading is required.

79.      The allegations in Paragraph 79 refer solely to the Dismissed Claims, and no responsive pleading is required.

80.      The allegations in Paragraph 80 refer solely to the Dismissed Claims, and no responsive pleading is required.

81.      The allegations in Paragraph 81 refer solely to the Dismissed Claims, and no responsive pleading is required.

82.      The allegations in Paragraph 82 refer solely to the Dismissed Claims, and no responsive pleading is required.

83.      The allegations in Paragraph 83 refer solely to the Dismissed Claims, and no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter

Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 83, which are purportedly based on the statements of a former Rent the Runway employee whose identity, credibility, reliability, and accuracy have not been established. The Underwriter Defendants deny the remaining allegations in Paragraph 83.

84.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 84, which are purportedly based on the statements of a former Rent the Runway employee whose identity, credibility, reliability, and accuracy have not been established, and on that basis deny the remaining allegations in Paragraph 84.

85.    The allegations in Paragraph 85 refer solely to the Dismissed Claims, and no responsive pleading is required.

86.    The allegations in Paragraph 86 refer solely to the Dismissed Claims, and no responsive pleading is required.

**D.    Rising Costs and Unsustainable Business Strategies Impair the Company's Ability to Reach Profitability**

87.    The Underwriter Defendants deny the allegations in Paragraph 87.

88.    The Underwriter Defendants deny the allegations in Paragraph 88 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents for a true and complete description of the nature and impact of its fulfillment expenses, including shipping costs.

**1.    *Increasing Transportation Costs***

89.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 89, which are purportedly based on the statements of a former Rent the Runway employee whose identity, credibility, reliability, and accuracy have not been established, and on that basis deny the allegations in Paragraph 89.

19

90.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 90, which are purportedly based on the statements of a former Rent the Runway employee whose identity, credibility, reliability, and accuracy have not been established, and on that basis deny the allegations in Paragraph 90.

91.     The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 91, which are purportedly based on the statements of a former Rent the Runway employee whose identity, credibility, reliability, and accuracy have not been established.  The Underwriter Defendants deny the allegations in the first sentence of Paragraph 91, except admit that Rent the Runway consistently pursued opportunities to lower costs where available.  The Underwriter Defendants deny the allegations in the second and third sentences of Paragraph 91, except admit that (i) Rent the Runway executed a contract with UPS in July 2019, a true and complete copy of which is attached as an exhibit to Rent the Runway's answer and a contract with FedEx in August 2020, a true and complete copy of which is attached as an exhibit to Rent the Runway's answer and incorporated herein by reference, and (ii) Rent the Runway diversified its carrier network beyond FedEx and UPS.

92.     The Underwriter Defendants deny the allegations in Paragraph 92 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, except admit that Rent the Runway executed a contract with UPS in May 2021, a true and complete copy of which is attached as an exhibit to Rent the Runway's answer, and amendments to the same in June 2021, July 2021, and August 2021, true and complete copies of which are attached as exhibits to Rent the Runway's answer and incorporated herein by reference, and Rent the Runway executed contracts with FedEx in August 2021, true and complete copies of which are attached as exhibits to Rent the Runway's answer and incorporated herein by reference.

93.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 93, which are purportedly based on the statements of a former Rent the Runway employee whose identity, credibility, reliability, and accuracy have not been established.  The Underwriter Defendants deny the allegations in Paragraph 93, and respectfully refer the Court to the agreements with FedEx and UPS (attached as exhibits to Rent the Runway's answer and incorporated herein by reference) for their true and complete contents.

94.    The Underwriter Defendants deny the allegations in Paragraph 94 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the Offering Documents and the agreements with FedEx and UPS (attached as exhibits to Rent the Runway's answer and incorporated herein by reference) for their true and complete contents.

95.    The Underwriter Defendants deny the allegations in Paragraph 95, except admit that, prior to the IPO, Rent the Runway expanded its network of physical drop-off points, mobile trucks, and drop-off boxes, where customers could return rented clothing.

### 2.    *Increasing Material Theft of Merchandise*

96.    The allegations in Paragraph 96 refer solely to the Dismissed Claims, and no responsive pleading is required.

97.    The allegations in Paragraph 97 refer solely to the Dismissed Claims, and no responsive pleading is required.

98.    The allegations in Paragraph 98 refer solely to the Dismissed Claims, and no responsive pleading is required.

99.    The allegations in Paragraph 99 refer solely to the Dismissed Claims, and no responsive pleading is required.

100. The allegations in Paragraph 100 refer solely to the Dismissed Claims, and no responsive pleading is required.

101. The allegations in Paragraph 101 refer solely to the Dismissed Claims, and no responsive pleading is required.

102. The allegations in Paragraph 102 refer solely to the Dismissed Claims, and no responsive pleading is required.

103. The allegations in Paragraph 103 refer solely to the Dismissed Claims, and no responsive pleading is required.

104. The allegations in Paragraph 104 refer solely to the Dismissed Claims, and no responsive pleading is required.

105. The allegations in Paragraph 105 refer solely to the Dismissed Claims, and no responsive pleading is required.

### E.    Rent the Runway's IPO

106. The Underwriter Defendants deny the allegations in Paragraph 106, except admit that on or about October 27, 2021, Rent the Runway conducted an IPO of 17,000,000 shares of Class A common stock and that the Underwriter Defendants had an overallotment of 2,550,000 shares and respectfully refer the Court to the Offering Documents for their true and complete contents.

107. To the extent the allegations in Paragraph 107 state legal conclusions, no responsive pleading is required. To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 107, except admit that the Offering Documents consisted of Rent the Runway's Registration Statement, filed with the SEC on Form S-1 on October 4, 2021, and amended on Forms S-1/A on October 18, 2021 and October 22, 2021, and Prospectus, filed with

the SEC on Form 424B4 on October 27, 2021, and respectfully refer the Court to the Offering Documents for their true and complete contents.

108.    The Underwriter Defendants admit that the specific language quoted in Paragraph 108 is included in the Prospectus, and respectfully refer the Court to the Offering Documents for their true and complete contents.

109.    The Underwriter Defendants admit that the specific language quoted in Paragraph 109 is included in the Prospectus, and respectfully refer the Court to the Offering Documents for their true and complete contents.

110.    To the extent the allegations in Paragraph 110 state legal conclusions, no responsive pleading is required.  Underwriter Defendants further state that an analysis of whether the Class A common stock to which Lead Plaintiffs refer is traceable, as "traceable" is used by Lead Plaintiffs, is a matter for expert opinion to which no response is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 110, except lack knowledge or information as to the actions of Lead Plaintiffs or members of the putative class.

**F.    The Offering Documents Contained Materially False and Misleading Statements of Fact and Omitted Material Information**

111.    To the extent the allegations in Paragraph 111 state legal conclusions, no responsive pleading is required.  The Underwriter Defendants deny the remaining allegations in Paragraph 111.

112.    To the extent the allegations in Paragraph 112 state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 112.

113.    To the extent the allegations in Paragraph 113 state legal conclusions, no responsive pleading is required, and the Underwriter Defendants respectfully refer the Court to the Offering Documents and cited regulations for their true and complete contents.

114.    The allegations in Paragraph 114 refer solely to the Dismissed Claims, and no responsive pleading is required.

115.    The allegations in Paragraph 115 refer solely to the Dismissed Claims, and no responsive pleading is required.  Further, to the extent the allegations in Paragraph 115 state a legal conclusion, no responsive pleading is required.  The Underwriter Defendants respectfully refer the Court to the cited regulations for their true and complete contents.

**1.    *The Offering Documents Contained Misstatements and Omissions About Customer Demand for Subscriptions, Failed to Disclose a Material Adverse Trend in that Demand's Purported Momentum, and Falsely Describes Certain Risks as Potential when Such Risks had Already Manifested or Would Foreseeably Occur Shortly After the IPO***

116.    The allegations in Paragraph 116 refer solely to the Dismissed Claims, and no responsive pleading is required.  To the extent any responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 116.

117.    The allegations in Paragraph 117 refer solely to the Dismissed Claims, and no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 117 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, except admit that specific subscriber numbers mentioned in the second sentence of Paragraph 117 are included in the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

118.    The allegations in Paragraph 118 refer solely to the Dismissed Claims, and no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter

Defendants deny the allegations in Paragraph 118 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, except admit that the specific information regarding number and growth of subscribers mentioned in Paragraph 118 is included in the Offering Documents and respectfully refer the Court to the Offering Documents for their true and complete contents.

119.    The allegations in Paragraph 119 refer solely to the Dismissed Claims, and no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 119 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, except admit that the specific language quoted in Paragraph 119 is included in the Offering Documents and respectfully refer the Court to the Offering Documents for their true and complete contents.

120.    The allegations in Paragraph 120 refer solely to the Dismissed Claims, and no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 120 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, except admit that the specific language quoted in Paragraph 120 is included in the Offering Documents and respectfully refer the Court to the Offering Documents for their true and complete contents.

121.    The allegations in Paragraph 121 refer solely to the Dismissed Claims, and no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 121.

122.    The allegations in Paragraph 122 refer solely to the Dismissed Claims, and no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 122.

123. The allegations in Paragraph 123 refer solely to the Dismissed Claims, and no responsive pleading is required. To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 123 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, except admit that the specific language quoted in Paragraph 123 is included in the Offering Documents and respectfully refer the Court to the Offering Documents for their true and complete contents.

124. The allegations in Paragraph 124 refer solely to the Dismissed Claims, and no responsive pleading is required. To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 124 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, except admit that the specific language quoted in Paragraph 124 is included in the Offering Documents and respectfully refer the Court to the Offering Documents for their true and complete contents.

125. The allegations in Paragraph 125 refer solely to the Dismissed Claims, and no responsive pleading is required. To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 125 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, except admit that the specific language quoted in Paragraph 125 is included in the Offering Documents and respectfully refer the Court to the Offering Documents for their true and complete contents.

126. The allegations in Paragraph 126 refer solely to the Dismissed Claims, and no responsive pleading is required. To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 126.

127. Paragraph 127 refers solely to the Dismissed Claims, and no responsive pleading is required. To the extent the allegations in Paragraph 127 state a legal conclusion, no responsive

26

pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 127.

**2.      *The Offering Documents Contained Misstatements and Omissions About The Company's Shipping Costs and Falsely Described Certain Risks as Potential when Such Risks had Already Manifested or Would Foreseeably Occur Shortly After the IPO***

128.    The Underwriter Defendants deny the allegations in Paragraph 128 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, except admit that the specific language quoted in Paragraph 128 is included in the Offering Documents and respectfully refer the Court to the Offering Documents for their true and complete contents.

129.    The Underwriter Defendants deny the allegations in Paragraph 129 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, and respectfully refer the Court to the agreements with FedEx and UPS (attached as exhibits to Rent the Runway's answer) for their true and complete terms.

130.    The Underwriter Defendants deny the allegations in Paragraph 130.

131.    The Underwriter Defendants deny the allegations in Paragraph 131 and respectfully refer the Court to the agreements with FedEx and UPS (attached as exhibits to Rent the Runway's answer and incorporated herein by reference) for their true and complete terms.

**3.      *The Offering Documents Contained Misstatements and Omissions About Thefts and Falsely Described Certain Risks as Potential when Such Risks had Already Manifested or Would Foreseeably Occur Shortly After the IPO***

132.    Paragraph 132 refers solely to the Dismissed Claims, and no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 132 on the basis that they do not accurately or completely reflect the contents of the Offering Documents, except admit that the specific language quoted in Paragraph

27

132 is included in the Offering Documents and respectfully refer the Court to the Offering Documents for their true and complete contents.

133.    Paragraph 133 refers solely to the Dismissed Claims, and no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 133.

134.    Paragraph 134 refers solely to the Dismissed Claims, and no responsive pleading is required.  To the extent a response to the allegations in Paragraph 134 is required, the Underwriter Defendants deny the allegations in Paragraph 134.

135.    Paragraph 135 refers solely to the Dismissed Claims, and no responsive pleading is required.  To the extent a response to the allegations in Paragraph 135 is required, the Underwriter Defendants deny the allegations in Paragraph 135.

136.    Paragraph 136 refers solely to the Dismissed Claims, and no responsive pleading is required.  To the extent a response to the allegations in Paragraph 136 is required, the Underwriter Defendants deny the allegations in Paragraph 136.

137.    Paragraph 137 refers solely to the Dismissed Claims, and no responsive pleading is required.  To the extent a response to the allegations in Paragraph 137 is required, the Underwriter Defendants deny the allegations in Paragraph 137.

138.    Paragraph 138 refers solely to the Dismissed Claims, and no responsive pleading is required.  To the extent the allegations in Paragraph 138 state a legal conclusion, no responsive pleading is required.  To the extent a response to the allegations in Paragraph 138 is required, the Underwriter Defendants deny the allegations in Paragraph 138.

### G.    Post-IPO Events

139.    The third sentence of Paragraph 139 refers solely to the Dismissed Claims and no response is required.  The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139, except admit in the December 8, 2021 press release, Rent the Runway reported a net loss of $87.8 million for the third quarter of fiscal year 2021 and otherwise respectfully refer the Court to the December 8, 2021 press release for its true and complete contents.

140.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, except admit that Rent the Runway disclosed the specific amounts of fulfillment expenses for the periods described in Paragraph 140 and otherwise respectfully refer the Court to Rent the Runway's disclosures for the relevant periods filed with the SEC for their true and complete contents.

141.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, except admit that, as disclosed during the December 8, 2021 earnings call, the Company raised $357 million in capital from the IPO and a portion of IPO proceeds was used to pay off approximately 1/3 of Rent the Runway's debt, and respectfully refer the Court to the transcript of the cited earnings call for a complete and accurate statement of its contents.

142.    The Underwriter Defendants lack knowledge and information as to the truth of the allegations in Paragraph 142 concerning the knowledge and statements of others, except admit that that the specific language quoted in the second and third sentences of Paragraph 142 were included in O'Sullivan's remarks during the December 8, 2021 earnings call, and respectfully refer the

29

Court to the transcript of the cited earnings call for a complete and accurate statement of its contents.

143. To the extent Paragraph 143 purports to state a legal conclusion, no response is required. To the extent a response is required, the Underwriter Defendants respectfully refer the Court to public market sources for Rent the Runway's common stock prices on relevant days.

144. The third sentence of Paragraph 144 refers solely to the Dismissed Claims and no response is required. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144, and respectfully refer the Court to the cited press release for a complete and accurate statement of its contents.

145. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, except admit that Rent the Runway reported fulfillment expenses of $20.4 million for the fourth quarter of fiscal year 2021, and respectfully refer the Court to Rent the Runway's disclosures for the relevant period filed with the SEC for their true and complete contents.

146. Paragraph 146 refers solely to the Dismissed Claims, and no responsive pleading is required.

147. Paragraph 147 refers solely to the Dismissed Claims, and no responsive pleading is required.

148. Paragraph 148 refers solely to the Dismissed Claims, and no responsive pleading is required.

149. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, except admit that Rent the Runway fulfillment expenses of $22.9 million for the first quarter of fiscal year 2022, and respectfully refer

the Court to Rent the Runway's disclosures for the relevant period filed with the SEC for their true and complete contents.

150.    Paragraph 150 refers solely to the Dismissed Claims, and no responsive pleading is required.

151.    To the extent the allegations in Paragraph 151 purport to state a legal conclusion, no response is required.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to public market sources for Rent the Runway's common stock prices on the relevant days.

152.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152, except admit that the specific figures and language quoted in Paragraph 152 was included in the September 12, 2022 press release, and respectfully refer the Court to the cited press release and announcement for a true and complete statement of their contents, and deny the remaining allegations in Paragraph 152.

153.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, except admit that Rent the Runway reported fulfillment expenses of $23.4 million for the second quarter of fiscal year 2022, and refer the Court to Rent the Runway's disclosures for the relevant period filed with the SEC for their true and complete contents.

154.    The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154, except admit that the specific language quoted in Paragraph 154 was included in Hyman's remarks during the September 12, 2022 earnings call, and respectfully refer the Court to the transcript of the cited earnings call for a complete and accurate statement of its contents.

31

155.    To the extent the allegations in Paragraph 155 purport to state a legal conclusion, no response is required.  To the extent a response is required, the Underwriter Defendants respectfully refer the Court to public market sources for Rent the Runway's common stock prices on relevant days.

## V.    CLASS ALLEGATIONS

156.    To the extent the allegations in Paragraph 156 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny any allegation or suggestion in Paragraph 156 that the Offering Documents were false and misleading.  The Underwriter Defendants further deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Underwriter Defendants and deny that this action is appropriate for class action treatment.  The Underwriter Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity as to the allegations in Paragraph 156.

157.    To the extent the allegations in Paragraph 157 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Underwriter Defendants and deny that this action is appropriate for class action treatment.  The Underwriter Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity as to the allegations in Paragraph 157.

32

158.    To the extent the allegations in Paragraph 158 relate to the Dismissed Claims or purport to state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny any allegation or suggestion in Paragraph 158 that the Offering Documents were false and misleading.  The Underwriter Defendants further deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Underwriter Defendants and deny that this action is appropriate for class action treatment. The Underwriter Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity as to the allegations in Paragraph 158.

159.    To the extent the allegations in Paragraph 159 relate to the Dismissed Claims or purport to state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Underwriter Defendants and deny that this action is appropriate for class action treatment.  The Underwriter Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity as to the allegations in Paragraph 159.

160.    To the extent the allegations in Paragraph 160 relate to the Dismissed Claims or purport to state a legal conclusion, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny any allegation or suggestion in Paragraph 160 that the Offering Documents were false and misleading.  Defendants further deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Defendants and

deny that this action is appropriate for class action treatment. The Underwriter Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity as to the allegations in Paragraph 160.

161. To the extent the allegations in Paragraph 161 relate to the Dismissed Claims or purport to state a legal conclusion, no responsive pleading is required. To the extent a responsive pleading is required, the Underwriter Defendants deny any allegation or suggestion in Paragraph 161 that the Offering Documents were false and misleading. The Underwriter Defendants further deny that Plaintiffs have standing to sue and/or to represent a putative class of purportedly similarly situated individuals or entities, in connection with some or all of the claims against the Underwriter Defendants and deny that this action is appropriate for class action treatment. The Underwriter Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth or falsity as to the allegations in Paragraph 161.

## VI.    CAUSES OF ACTION

## <u>COUNT I</u>

### FOR VIOLATION OF SECTION 11 OF THE SECURITIES ACT

#### Against All Defendants

162. The Underwriter Defendants incorporate by reference their answers to each and every allegation above as if fully set forth herein.

163. To the extent the allegations in Paragraph 163 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required. To the extent a responsive pleading is required, the Underwriter Defendants deny the remaining allegations in Paragraph 163, except admit that Plaintiffs purport to bring this action under the statute specified therein.

164.    To the extent the allegations in Paragraph 164 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the remaining allegations in Paragraph 164.

165.    To the extent the allegations in Paragraph 165 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 165.

166.    Because the allegations in Paragraph 166 are not directed at the Underwriter Defendants, no responsive pleading is required.  Moreover, to the extent the allegations in Paragraph 166 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 166, except admit that the Company is the registrant and issuer of the Class A common stock sold pursuant to the Registration Statement.

167.    To the extent the allegations in Paragraph 167 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 167.

168.    Because the allegations in Paragraph 168 are not directed at the Underwriter Defendants, no responsive pleading is required.  Moreover, to the extent the allegations in Paragraph 168 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168, except deny the allegations in Paragraph 168 to the extent that they assert or suggest that the Offering Documents contained material misstatements or omissions, and admit

that Defendants O'Sullivan and Hyman (on behalf of the remaining Individual Defendants) signed or authorized the signing of the Registration Statement.

169.    To the extent the allegations in Paragraph 169 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 169, except admit that each of the Underwriter Defendants was an underwriter of the securities offered in the IPO.

170.    To the extent the allegations in Paragraph 170 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 170.

171.    To the extent the allegations in Paragraph 171 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 171.

172.    To the extent the allegations in Paragraph 172 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 172.

173.    To the extent the allegations in Paragraph 173 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 173.

## COUNT II

### FOR VIOLATION OF SECTION 12(a)(2) OF THE SECURITIES ACT

### Against All Defendants

174. The Underwriter Defendants incorporate by reference their answers to each and every allegation above as if fully set forth herein.

175. To the extent the allegations in Paragraph 175 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required. To the extent a responsive pleading is required, the Underwriter Defendants deny the remaining allegations in Paragraph 175, except admit that Plaintiffs purport to bring this action under the statute specified therein.

176. To the extent the allegations in Paragraph 176 state legal conclusions, no responsive pleading is required. To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 176.

177. To the extent the allegations in Paragraph 177 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required. To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 177, except admit that the Underwriter Defendants underwrote the IPO.

178. To the extent the allegations in Paragraph 178 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required. To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 178.

179. To the extent the allegations in Paragraph 179 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required. To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 179.

180.    To the extent the allegations in Paragraph 180 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 180.

181.    To the extent the allegations in Paragraph 181 relate to the Dismissed Claims or purport to state legal conclusions, no responsive pleading is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraph 181.

## COUNT III

### FOR VIOLATION OF SECTION 15 OF THE SECURITIES ACT

### Against the Individual Defendants

182-187.    Because the allegations in Paragraphs 182 through 187 are not directed at the Underwriter Defendants, no responsive pleading is required.  To the extent the allegations in Paragraphs 182-187 relate to the Dismissed Claims or purport to state legal conclusions, no response is required.  To the extent a responsive pleading is required, the Underwriter Defendants deny the allegations in Paragraphs 182 through 187 to the extent that they assert or suggest that the Offering documents contained material misstatements or omissions.

### PRAYER FOR RELIEF

The Underwriter Defendants deny that Lead Plaintiffs and the putative class are entitled to any relief against the Underwriter Defendants, and the Underwriter Defendants respectfully request that the Court dismiss all the claims against them with prejudice and/or enter judgment in the Underwriter Defendants' favor on all such claims and order such further relief as the Court deems just and proper.  The Underwriter Defendants further deny that this case is appropriate for class action treatment.

## JURY DEMAND

No response is required to Lead Plaintiffs' demand for a jury trial.

## GENERAL DENIAL

The Underwriter Defendants deny each and every allegation in the Corrected Amended Complaint, except as expressly admitted or otherwise stated above.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the foregoing denials, the Underwriter Defendants assert the following defenses. By asserting these defenses, the Underwriter Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.[3] No assertion of any defense is intended or may be construed as a concession that any particular issue or subject matter is relevant to Plaintiffs' allegations. The Underwriter Defendants expressly reserve the right to rely on and/or assert any defense or affirmative defense raised by any other defendant in this Action to the extent Defendants may share in such defense.

## FIRST AFFIRMATIVE DEFENSE

The Corrected Amended Complaint fails to allege facts sufficient to state a claim under Sections 11 or 12(a)(2) of the Securities Act upon which relief may be granted against the Underwriter Defendants.

## SECOND AFFIRMATIVE DEFENSE

Lead Plaintiffs lack standing to assert the Corrected Amended Complaint's claims against any of the Underwriter Defendants under Sections 11 and 12(a)(2) of the Securities Act.

---

[3] As used in these Affirmative Defenses, "Plaintiffs" refers generally to Lead Plaintiffs and members of the putative class.

### THIRD AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs because the Offering Documents did not contain any false or misleading statement of material fact or omit any material fact, and the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any claimed misleading statement or omission of material fact not based on the Offering Documents.

### FOURTH AFFIRMATIVE DEFENSE

Lead Plaintiffs' claims against the Underwriter Defendants are barred, in whole or in part, because the Underwriter Defendants exercised due diligence and, after reasonable investigation, had reasonable ground to believe and did believe that the purported misstatements and/or omissions alleged in the Corrected Amended Complaint were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, including under 15 U.S.C. section 77k(b)(3).

### FIFTH AFFIRMATIVE DEFENSE

Lead Plaintiffs' claims against the Underwriter Defendants are barred, in whole or in part, because the Underwriter Defendants have acted at all times with reasonable care and with due diligence in carrying out their responsibilities and did not know, and in the exercise of reasonable care could not have known, of the purported misstatements and/or omissions alleged in the Corrected Amended Complaint, including under 15 U.S.C. Section 77I(a)(2).

### SIXTH AFFIRMATIVE DEFENSE

The Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

## SEVENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs and members of the putative class to the extent that the acts or omissions alleged in the Corrected Amended Complaint relate to portions of the Registration Statement or Prospectus reviewed by experts retained to assist in preparing such documents, as to which the Underwriter Defendants had reasonable ground to believe, and did believe, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## EIGHTH AFFIRMATIVE DEFENSE

Lead Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because, with respect to portions of the Offering Documents purporting to be made on the authority of financial and accounting experts retained to assist in preparing such documents (other than the Underwriter Defendants and their counsel), including, but not limited to, financial statements contained in the Offering Documents, the Underwriter Defendants had no reasonable grounds to believe, and did not believe at the time such part of the Offering Documents became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the Offering Documents did not fairly represent the statement of the expert.

## NINTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs because any alleged misstatements by the Underwriter Defendants were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

41

## TENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs because they had no duty to disclose any facts allegedly not disclosed or to characterize disclosed facts pejoratively.

## ELEVENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs because any allegedly untrue statements of material fact and/or omissions of material fact in the Offering Documents were not material.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the purported misstatements or omissions alleged in the Corrected Amended Complaint concern non-actionable matters of opinion, or puffery, rather than matters of material fact.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs because the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in the Offering Documents, Rent the Runway's own public filings and announcements, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover from the Underwriter Defendants because Plaintiffs have not suffered any cognizable injury or sustained any damages and because any damages (which Underwriter Defendants deny) are speculative.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs because the damages for which Plaintiffs claim the Underwriter Defendants are responsible arise from a decline in share price that was not caused or contributed to by the disclosure of any material misrepresentation or actionable omission by the Underwriter Defendants and were otherwise caused or contributed to by (a) persons or entities for whom the Underwriter Defendants are not responsible and for whom the Underwriter Defendants are not liable, or (b) factors other than any alleged misrepresentations or omissions for which the Underwriter Defendants may be responsible.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by negative causation because the Company's alleged stock price decline started well before the first alleged corrective disclosure and none of the disclosures reveal the falsity of the alleged prior misstatements.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs because Plaintiffs purchased Rent the Runway stock with actual or constructive knowledge of the risks involved in an investment in Rent the Runway stock, and thus assumed the risk that the value of the securities would decline if such risks materialized.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not properly maintainable as class action claims.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Underwriter Defendants are barred, in whole or in part, by laches, equitable estoppel, waiver, ratification, or other equitable doctrines.

### TWENTIETH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to the extent Plaintiffs did not purchase shares of Rent the Runway common stock in the IPO, and did not purchase shares of Rent the Runway common stock traceable to the IPO, or purchased shares not subject to a registration statement or prospectus covered by the Securities Act of 1933.

## TWENTY- FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part to the extent that the damages sought exceed those permitted under the Securities Act or any other applicable rule or regulation promulgated thereunder.

## TWENTY- SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover attorneys' fees, accountants' or experts' fees, or other costs and disbursements, or any other relief purportedly requested in the Corrected Amended Complaint.

## TWENTY- THIRD AFFIRMATIVE DEFENSE

Any recovery by Plaintiffs in this Action is barred in whole or in part to the extent recovery is had in any other lawsuit, action, proceeding, or otherwise.

## TWENTY- FOURTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable because the Offering Documents complied with the laws of the United States and the regulations of the Securities and Exchange Commission.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs suffered damages, if at all, such damages must be offset by Plaintiffs' gains.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' purported claims on behalf of a class are untimely under the applicable statute of limitations, and/or the doctrines of judicial and/or equitable estoppel, laches, and waiver, are not subject to tolling, and are not permitted under Rule 15(c) of the Federal Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

The Underwriter Defendants demand a trial by jury in this Action on all issues so triable.

## CONCLUSION

WHEREFORE, Underwriter Defendants respectfully request that the Court enter judgment in their favor against Plaintiffs, as follows:

a.  a judgment denying all relief against them on all counts;

b.  awarding them their reasonable attorneys' fees and costs; and

c.  for such other and further relief as the Court deems just and proper.


DATED: October 24, 2025                    Respectfully submitted,

                                           **WILLKIE FARR & GALLAGHER LLP**

                                           /s/         Todd G. Cosenza
                                           Todd G. Cosenza
                                           Charles D. Cording
                                           787 Seventh Avenue
                                           New York, NY 10019-6099
                                           Tel.: (212) 728-8000
                                           Email: TCosenza@willkie.com
                                           Email: CCording@willkie.com

                                           *Attorneys for Underwriter Defendants*

45