UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
RAJAT SHARMA, Individually and on Behalf
of All Others Similarly Situated,

                Plaintiffs,

           -against-

RENT THE RUNWAY, INC., JENNIFER Y. HYMAN, SCARLETT O'SULLIVAN, TIM BIXBY, JENNIFER FLEISS, SCOTT FRIEND, MELANIE HARRIS, BETH KAPLAN, DAN NOVA, GWYNETH PALTROW, CARLEY RONEY, DAN ROSENSWEIG, MIKE ROTH, GOLDMAN SACHS & CO. LLC, MORGAN STANLEY & CO. LLC, BARCLAYS CAPITAL INC., CREDIT SUISSE SECURITIES (USA) LLC, PIPER SANDLER & CO., WELLS FARGO SECURITIES, LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., and TELSEY ADVISORY GROUP LLC,

                Defendants.

------------------------------------------------------------ X

**ORDER**
22-CV-6935 (OEM)(SDE)

**SETH D. EICHENHOLTZ**, United States Magistrate Judge:

Plaintiffs filed a Complaint in November 2022 alleging that Defendants Rent the Runway, its officers, directors, non-employees, and various underwriters committed securities fraud in connection with Rent the Runway's 2021 initial public offering ("IPO"). (Complaint, Dkt. No. 1). In September 2024, District Judge Orelia E. Merchant granted in part and denied in part Defendants' 12(b)(6) motion to dismiss. (Dkt. No. 77). Defendants thereafter filed a motion for reconsideration of that Order. (Dkt. No. 83). While Defendants' motion for reconsideration was pending, on May 16, 2025, Magistrate Judge Taryn A. Merkl granted in part and denied in part Defendants' motion to stay discovery under the Private Securities Litigation

1

Reform Act ("PSLRA").  (Memorandum and Order, Dkt. No. 93, "Merkl Order").  The PLSRA provides that "all discovery . . . shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 78u-4(b)(3)(B).

After first finding that an automatic stay was not appropriate because Defendant's motion for reconsideration was not equivalent to a motion to dismiss, Judge Merkl found Defendants had not shown good cause for a discretionary stay of all discovery.  (Merkl Order pp. 4–5). Judge Merkl also found that extending the stay posed a risk of unfair prejudice to Plaintiffs because discoverable materials could be lost after the case had been pending for two years.  (*Id.* p. 8).  But acknowledging the burden that extensive discovery typical of a securities class action would impose on Defendants, which were under financial strain at the time, Judge Merkl adopted "a phased discovery approach" and ordered the parties to confer regarding a proposed initial discovery plan.  (*Id.* pp. 7–8, 9).

That plan, adopted on June 3, 2025, required initial disclosures to be made by June 30, 2025.  (Dkt. No. 96; Order dated 06/03/2025).  In a September 15, 2025 status letter, the parties reported this first phase of discovery was completed.  (Dkt. No. 102 p. 1).  Defendants further represent that this initial production contained "nearly 25,000 pages of 'key documents,'" which encompassed Defendants' shipping contracts with FedEx and UPS, documents regarding shipping costs, and the IPO deal file.  (Dkt. Nos. 120 p. 5; 124 p. 3).

After initial discovery was complete, on September 12, 2025, Judge Merchant granted in part and denied in part Defendants' motion for reconsideration.  (Dkt. No. 100).  As a result of that decision, Plaintiffs' only remaining claims are those regarding statements about shipping costs.  (*See* Dkt. Nos. 77 pp. 32–36; 100 pp. 6–10).  On September 18, 2025, declaring that

"continued delays of discovery are not warranted," Judge Merkl scheduled an initial conference for October 15, 2025, which, after this case was reassigned to the undersigned, was subsequently adjourned to November 4, 2025.  (Dkt. No. 103; Order dated October 7, 2025).

On October 16, 2025, pursuant to Judge Merchant's Individual Practices and Rules, the Defendants filed a letter requesting a pre-motion conference in anticipation of making a motion under Federal Rule of Civil Procedure 12(c).  (Dkt. No. 110).  On October 28, 2025, in preparation for the initial conference before the undersigned, the parties submitted their Discovery Plan and Proposed Scheduling Order.  (Dkt. No. 120).  In that filing, the parties dispute whether Defendants' initiation of motion practice under Rule 12(c) requires a stay of all discovery under the PSLRA.  (*Id.* pp. 1–5).  The parties argued their respective positions to the Court at a hearing on November 4, 2025.  (Minute Entry dated 11/06/2025; *see also* Dkt. No. 121, November 4, 2025 Hearing Transcript ("Tr.")).  The Court reserved decision and ordered supplemental briefing addressing what discovery, if any, could continue while Defendants' 12(c) motion is pending.  (Tr. 27:16–31:21).

Plaintiffs argue that discovery into five categories of information should resume to prevent undue prejudice and to preserve evidence from Defendants and third parties who have not been notified of this litigation and thus are not subject to a litigation hold.  (*See generally* Dkt. No. 122).  These five categories cover 40 of Plaintiffs' requests for production and include, among other things, information concerning shipping costs and delays, which securities relate to the IPO, and negotiation of contracts with third-party carriers.  (*Id.* p. 3).

Defendants maintain that a stay is warranted under these circumstances and assert Plaintiffs have not met their burden to prove specific risks of undue prejudice nor loss of evidence.  (*See generally* Dkt. No. 124).  In the alternative, "to provide a reasonable resolution of

3

this dispute" and "consistent with the type of limited discovery allowed by Judge Merkl," Defendants identify a category of "Phase 2" discovery that could proceed with a limited burden. (*Id.* p. 2). This discovery includes relevant shipping contracts, document retention policies, an offer to meet and confer regarding other discovery, amendments to initial disclosures, and a request that Plaintiffs produce documents regarding their reasons for investing in Rent the Runway. (*Id.* p. 4). Having considered the parties' positions, the Court concludes that in light of the specific factual circumstances of this case, a stay of discovery in its entirety is not appropriate, and limited discovery should proceed.

A stay under the PSLRA would not serve its statutory purpose to prevent burdensome discovery in meritless litigation, as the legal sufficiency of Plaintiffs' Complaint has already been tested by adjudication of the motion to dismiss and subsequent motion for reconsideration. *See, e.g.*, *In re Salomon Analyst Litig.*, 373 F. Supp. 2d 252, 254–55 (S.D.N.Y. 2005) (quoting S. Rep. No. 104–98 at 14 (1995)). And although, in other cases, stays have been enforced when a 12(c) motion is pending even after adjudication of a 12(b)(6) motion, Defendants have not shown that their 12(c) motion advances new arguments that could not have been made in their prior motion. *See Lian v. Tuya Inc.*, No. 22-CV-06792, 2024 WL 1932623 (S.D.N.Y. May 2, 2024) (applying PLSRA stay where pending 12(c) motion "advance[d] legal arguments that the Court had not considered when ruling on the prior-filed motion to dismiss.").

Most importantly, the specific factual circumstances of this litigation—including Judge Merkl's prior Order already allowing limited discovery, the age of this case, and the risk that documents held by third parties never subject to a litigation hold may be lost—weigh in favor of opening discovery to a limited category of information appropriately cabined by the scope of Plaintiffs' remaining claims. Although Defendants assert that litigation holds have been issued

4

to relevant company personnel, as Judge Merkl observed earlier this year, there is still a risk of loss of discoverable material from third parties.  The Court remains mindful of Defendants' pending motion to dismiss and, at this time, will limit discovery pending the outcome of that motion.

Accordingly, guided by the limited categories of discovery proposed in the parties' briefing, the Court orders discovery into the following categories of information to proceed according to the schedule below:

1. By December 22, 2025, Defendants and Plaintiffs shall amend their initial disclosures to provide additional information, as relevant, concerning individuals and third parties who may potentially have discoverable information that may support the Parties' claims or defenses;

2. By December 22, 2025, Defendants shall produce all document retention policies preventing relevant discovery from being lost;

3. By January 7, 2026, the parties shall meet and confer to agree upon a schedule to produce (i) the identities of any additional potentially relevant third parties of which they are aware; and (ii) which securities are traceable to the IPO;

4. After conferring but no later than January 22, 2026, the parties shall send litigation preservation requests to the agreed-upon third parties;

5. By January 22, 2026, Defendants shall produce all contracts, and all documents and communications regarding such contracts, with relevant local carriers that were in place in 2020 and 2021 prior to the IPO (in addition to any agreements already produced);

6. By January 22, 2026, Plaintiffs shall produce documents sufficient to reflect their investment advisors' analysis, review, or study of Rent the Runway stock, including documents reflecting those advisors' rationale for investing in Rent the Runway on Plaintiffs' behalf.

The Court will hold a status conference on Tuesday, February 3, 2026 at 2:15 PM to discuss the status of the case and next steps in discovery.  Because this second phase of discovery remains relatively limited, the Court declines to address whether to bifurcate class

5

certification and merits discovery.  The parties may renew if necessary any arguments regarding

bifurcation at the February 3, 2026 status conference.


       **SO ORDERED.**

Dated:  Brooklyn, New York
         December 3, 2025

                                 /S/  *SETH D. EICHENHOLTZ*
                                 SETH D. EICHENHOLTZ
                                 United States Magistrate Judge
                                 Eastern District of New York