UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK (BROOKLYN)

| | |
|---|---|
| RAJAT SHARMA, individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-CV-06935-OEM-SDE |
| Plaintiff, | Brooklyn, New York February 3, 2026 2:11 p.m. |
| v. | |
| RENT THE RUNWAY, INC., et al, | |
| Defendants. | |

TRANSCRIPT OF STATUS CONFERENCE HEARING
BEFORE THE HONORABLE SETH D. EICHENHOLTZ
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Movant:            Jessica Goudreault, Esq.
(Delaware Public Employees'  Alfred L. Fatale, III, Esq.
Retirement System)         Labaton Keller Sucharow, LLP
                           140 Broadway
                           34th Floor
                           New York, NY 10005

For the Defendant:         Agnes Dunogue, Esq.
(Rent the Runway, Inc.)    Abhinaya Swaminathan, Esq.
                           Freshfields US, LLP
                           3 World Trade Center
                           175 Greenwich Street, 51st. Floor
                           New York, NY 10007

For the Defendant:         Charles D. Cording, Esq.
(Goldman Sachs & Co.       Willkie Farr & Gallagher LLP
LLC)                       787 7th Avenue
                           New York, NY 10019-6099

Clerk:                     DC

Court Recorder:            Electronic Sound Recording

Transcription Service:          Chris Hwang
                                Abba Reporting
                                PO Box 223282
                                Chantilly, Virginia  20153
                                (518) 302-6772

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

(Call to order at 2:11 p.m.)

THE COURT:  Good afternoon, everyone, please be seated.

Okay, Dana, I am ready whenever you are.

THE CLERK:  Today is February 3rd, 2026 at 2:11 p.m. This is the matter of Sharma v. Rent the Runway, docket number 22-CV-6935, civil cause for a status conference.

Parties, state your appearances for the record starting with the Plaintiff?

MR. FATALE:  Good morning, Your Honor, Alfred Fatale from Labaton Keller Sucharow on behalf of the lead Plaintiffs and I'm joined by my colleague.

MS. GOUDREAULT:  My name's Jessica Goudreault from Labaton as well.

THE COURT:  Good afternoon to both of you.

MS. DUNOGUE:  Good afternoon, Your Honor, Agnes Dunogue from Freshfields for the Rent the Runway Defendants. And I'm joined by my colleague.

MS. SWAMINATHAN:  Abhinaya Swaminathan, Freshfields.

THE COURT:  Okay.

MR. CORDING:  Good afternoon, Your Honor, I'm Charles Cording from Willkie Farr & Gallagher for the underwriter Defendants.

THE COURT:  Okay, good afternoon to all three of you as well.

All right, we are here in a status conference in this case.  When we last met, the Court had heard argument on the extent to which discovery will be permitted while the Defendants' 12(c) motion is pending before Judge Merchant.

Since that time, the motion's been filed.  It remains pending before Judge Merchant and the Court had ordered a number of areas in which discovery may proceed.

And that brings us to where we are.  So let me hear from Plaintiff, and then, Defendants about your view of status and next steps.

MS. GOUDREAULT:  Certainly, Your Honor.  So we have made our way through your order.  All of the parties have now amended their initial disclosures.  All parties have produced relevant retention policies for our documents.

We met and conferred related to documents to be produced for the tracing issue.

THE COURT:  Okay.

MS. GOUDREAULT:  We're still currently negotiating the schedule for that discovery, but that is in process and we expect to be able to finalize that without issue.

All parties have also sent litigation holds to relevant third-parties.  And then on January 22nd, all parties produced the relevant documents that was ordered by the Court.  We just have one small question --

THE COURT:  Sure.

MS. GOUDREAULT:  -- that we wanted to address with Your Honor.

THE COURT:  Of course.

MS. GOUDREAULT:  Paragraph 5 on page 5 of the order --

THE COURT:  Uh-huh.

MS. GOUDREAULT:  -- discusses the document the Defendants shall produce.

THE COURT:  Uh-huh.

MS. GOUDREAULT:  You mentioned in your paragraph 5 the relevant local carriers.

THE COURT:  Uh-huh.

MS. GOUDREAULT:  Based on our prior status conference, the Plaintiffs had raised communications with -- between Rent the Runway and UPS and Fedex, as well as with last mile carriers.

THE COURT:  Okay.

MS. GOUDREAULT:  And we were not sure whether you meant UPS and Fedex would be included in local carriers?

THE COURT:  I did.

MS. GOUDREAULT:  You did?

THE COURT:  Yes.

MS. GOUDREAULT:  Okay.  So, in that case, we may have to return to the Defendants to get additional discovery on that.

THE COURT:  Okay.  All right, and then, in terms of other than that point, you know, within the contours of the order, are there any areas of discovery based on the information that Plaintiff has received, the Plaintiff is concerned that if we don't move forward on, there's a risk of losing the potential discovery?

MS. GOUDREAULT:  Nothing on documents that we've already received.

THE COURT:  Okay.

MS. GOUDREAULT:  Of course, I think we may have questions once we receive the documents between Rent the Runway and Fedex and UPS.

THE COURT:  Yes.

MS. GOUDREAULT:  But because we haven't received those yet, we don't know.

THE COURT:  Understood.  And apologies for that.

All right, Defendants?

MS. DUNOGUE:  Thank you, Your Honor.  Just to come back to that point about the local carriers, that was very different from our understanding.

THE COURT:  Okay.

MS. DUNOGUE:  And it's actually a much more significant issue.  So I just -- if I may, just address it?

THE COURT:  Yeah, you absolutely may.  And I didn't mean to treat it in any casual way.  It was just that in my

head when the question was asked, I remember hearing that argument about this essentially boils down to disputes of, you know, contracts with Fedex and UPS amongst others.

And I don't remember a distinction being drawn between the two.  So if there's a distinction to be drawn, you will tell me why.

MS. DUNOGUE:  Yes, there's a very important distinction.  Essentially, the case is really all about at this point based on the remaining allegations because the other claims have been dismissed.  The Fedex and UPS contracts and the rates and their timing and negotiations as to that, et cetera.

THE COURT:  Right.

MS. DUNOGUE:  We had already -- the Defendants had already produced in the first phase the contracts with Fedex and UPS.

And as you know, the motion pursuant to 12(c) is now pending before Judge Merchant in which the Defense argued that based on the face of those contracts, the Plaintiffs do not have a claim.

Their allegations do not have a factual basis.  The Plaintiffs, you know, dispute that and say, well, actually, you know, on their face, maybe there is a claim.

And they also raise -- they say that the judge should not make a decision based solely on those contracts, but

subject to full discovery down the line, et cetera.

THE COURT:  Uh-huh.

MS. DUNOGUE:  So that's really the whole -- I mean, that's the main point of the case.  And so, when we talked about limited discovery, we had explained to Your Honor, you know, we have produced the Fedex and UPS contracts.  We don't -- there's, you know, weighing the different arguments in connection with the lifting of the full stay.

We don't believe a lifting of the full stay is appropriate, but we're willing to and we propose a certain number of steps to address the Plaintiff's concerns, including producing the contracts with local carriers.

THE COURT:  Okay.

MS. DUNOGUE:  Rent the Runway has repeatedly in all -- in its offering materials that are at issue here, in all of the briefs that have been submitted, and frankly in the briefs submitted by the Plaintiffs as well, the distinction has always been drawn between Fedex and UPS, which are national carriers and these additional much smaller local carriers that Rent the Runway at the time of the IPO and subsequently was expanding to try to have alternatives to Fedex and UPS.  So that's a very important distinction and --

THE COURT:  So --

MS. DUNOGUE:  -- the local carriers are sort of an extra as opposed to being the main --

THE COURT:  Understood.

MS. DUNOGUE:  -- point of the case.

THE COURT:  So I guess where I'm a little confused and want a little clarification is in terms of 5, what you're -- you've turned over the contracts.

MS. DUNOGUE:  Correct.

THE COURT:  So what you are concerned about is the documents and communications regarding those contracts?

MS. DUNOGUE:  Right.  Doing --

THE COURT:  As to Fedex and --

MS. DUNOGUE:  Right, doing documents and communication about that is a much big -- I mean, that's essentially a full merits discovery.

THE COURT:  Okay.

MS. DUNOGUE:  And we're not at that point yet.  And I think Your Honor has, you know, very carefully looked at that question before --

THE COURT:  Yes.

MS. DUNOGUE:  -- and made that clear.

And it's also, I mean respectfully, it would be a little bit undermining of the judge -- of Judge Merchant's consideration of the 12(c) insofar as what she's deciding there is partly Plaintiff's argument as to whether further discovery is needed or whether the contracts on their face speak for themselves as to the allegations.

THE COURT:  I don't think that's how Judge Merchant views it.  And I don't think Judge Merchant would view an order by me allowing additional discovery while a 12(c)'s pending before her as undermining her.

MS. DUNOGUE:  I apologize.

THE COURT:  But I appreciate what you're saying.

MS. DUNOGUE:  I apologize, Your Honor, if I misspoke.

THE COURT:  Yeah.

MS. DUNOGUE:  What I meant by that is the Plaintiffs are trying to argue both ways and --

THE COURT:  Yeah, I understood.

MS. DUNOGUE:  -- the argument is before Judge Merchant as well.

THE COURT:  I understood your point.  I understood your point.  Okay, so let me hear from Plaintiffs on this that the documents and communications would essentially be full merits discovery, assuming that's as to Fedex and UPS, assuming that is to the -- assuming that's accurate, you know, why would it be an appropriate time for that?

If it's going to be a large volume of documents, it's going to be from what I'm hearing from Defendants so burdensome that they might -- we might as well be doing full merits discovery.  Maybe saved depositions.

MS. GOUDREAULT:  Well, I think that Plaintiffs are definitely willing to figure out a way to limit the burden

here.

THE COURT:  Okay.

MS. GOUDREAULT:  If there was some way that we could identify certain custodians, which we have already done and highlighted in our prior I believe it was the November 12th letter that was sent to the Court.  We had suggested some custodians.

We can also limit the dates for these communications.  However, as you mentioned, it is relevant to us as far as when the communications about the termination of the contract between Fedex and Rent the Runway began.

If it was helpful to the parties to also negotiate search terms on that front, we would be happy to do that.  We're not looking to fully open merits discovery.  We're open to a discussion about how we would limit that to minimize burden.

But because we weren't sure at this juncture what local carriers meant in your order, we haven't had any of those conversations yet.

THE COURT:  Okay, okay, understood.  And I think my miss -- I think where I was going when you and I first discussed it was I was focusing on the contracts.  And I distinctly remembered the Fedex contracts being something that we were all on board with, but it was thanks to Defense counsel focusing on me on the other aspects of that order as to local

carriers.

I hear what you're saying. I'm not saying yes, I'm not saying no. I'll ask you to meet and confer to see if there's a way to do a limited burden production as to communication that gives you a general overview in a way that Defendants -- I'm not suggesting that I'm in any way overruling your position that this is basically the gist of what the 12(c) motion is about.

I just want you to have that conversation. If the answer is no, there's nothing we can do -- nothing further we can do, then the answer is no and you'll say that.

And Plaintiffs will argue why they don't think the answer should be no and I'll issue an order on that point.

Other than that, it sounds to me like we have exhausted what we can do until Judge Merchant decides the 12(c) motion. I'm seeing nodding on the Plaintiff's side. And now I'm seeing nodding on the Defendant's side.

So why don't I give you some time to meet and confer? You'll submit a joint letter in a couple of weeks. And I can decide based on that letter. And then otherwise, we will be waiting for Judge Merchant's decision in the 12(c).

Defendants, something else you want to be heard on?

MS. DUNOGUE: No, sorry, we just -- my colleague is reminding me, we're also -- we're not raising a -- anything that is ripe for Your Honor, but we are also just continuing to

discuss the Plaintiff's production --

THE COURT:  Okay.

MS. DUNOGUE:  -- that was made and we're just having some continuing discussions about that.  Just for that to be on the record, we don't expect -- we don't currently expect there to be a dispute to be raised about that.

THE COURT:  Okay.  And so --

MS. DUNOGUE:  Yeah.

THE COURT:  And would it be okay if in that status letter in two weeks if there's a dispute, you will raise, you can notify me of that?

You don't need to put it -- argue the dispute in that letter, but if there's something where you feel like it's worth me putting down a status conference a couple weeks after the status letter, so we can discuss the outstanding disputes, especially if you also can't agree on a scope for these communications, just let me know that and I'll do that.  But otherwise, the only date I'll set today would be the status letter.

MS. DUNOGUE:  Understood, thank you.

THE COURT:  Okay.  Anything else from Plaintiff?

MS. GOUDREAULT:  Nothing further from Plaintiff.

THE COURT:  Anything else from Defendant?

MS. DUNOGUE:  Nothing further, Your Honor.

THE COURT:  Okay, thank you all for coming in.  We

are adjourned.  I look forward for that status letter two weeks from now.

MS. DUNOGUE:  Thank you.

MS. GOUDREAULT:  Thank you, Your Honor.

(Proceedings concluded at 2:23 p.m.)

**CERTIFICATE**


          I, Chris Hwang, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.


          /s/ *Chris Hwang*
          _____          February 11, 2026

          Chris Hwang                      Date

          Court Reporter